IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACKI EASLICK, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CJ EMERALD, *et al.*, <br><br> Defendants. | Civil Action No. 2:23-cv-2000 <br><br><br> **FILED UNDER SEAL** |

**[PROPOSED] 1) TEMPORARY RESTRAINING ORDER; 2) ORDER RESTRAINING ASSETS AND MERCHANT STOREFRONTS; 3) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; AND 4) ORDER AUTHORIZING EXPEDITED DISCOVERY**

This matter is before the Court upon Plaintiffs' *Ex Parte* Application for the following: 1) a temporary restraining order; 2) an order restraining assets and Merchant Storefronts (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; and 4) an order authorizing expedited discovery against the Defendants identified on **Schedule "A"** to the Complaint and attached hereto (collectively, the "Defendants"). The Court has considered the Application, the evidence in the record, and the applicable law. The legal support for this motion is contained in the accompanying Memorandum of Law.

By the instant Application, Plaintiffs Jacki Easlick, LLC, and JE Corporate LLC move *ex parte* pursuant to 35 U.S.C. § 283, Federal Rules of Civil Procedure 64 and 65, and The All Writs Act, 28 U.S.C. § 1651(a), for entry of a temporary restraining order and an order restraining assets and Merchant Storefronts, for violations of the Patent Act. Because Plaintiffs have satisfied the requirements for the issuance of a temporary restraining order, the Court grants Plaintiffs' Application.

## FACTUAL FINDINGS & CONCLUSION OF LAW

1. Plaintiffs, Jacki Easlick LLC and JE Corporate LLC are likely to prevail on their patent claims at trial.

2. Plaintiffs' founder, Jacklyn Easlick, is the sole designer and inventor of the patented TOTE HANGER® brand handbag hanger hook ("Plaintiffs' Product.") Before starting her own companies, Jacklyn Easlick was the Product Development Director for Vera Bradley and ran that company's office and design studio. After a medical emergency that landed her in the ICU, she left Vera Bradley in 2010. Jobless, she began Jacki Easlick, LLC to design and create her own products. From her experience and travels, she realized that consumers needed a way to hang and organize their handbags, so she designed and invented the TOTE HANGER® brand handbag hanger hook. Jacki Easlick is the sole inventor and developer of the patented TOTE HANGER® brand handbag hanger hook.

3. Plaintiff Jacki Easlick, LLC ("JEL") is the 100% owner of the Plaintiff JE Corporate LLC ("JEC") which owns all the intellectual property, including the trademarks and US Design Patent No.D695,526 S ("Plaintiffs' Patent"), the subject of which is the TOTE HANGER® brand handbag hanger hook.

4. Plaintiff JEC is also the owner of U.S. Trademark Registration No. No. 4408783 directed to "metal hooks."

5. Defendants, by operating Internet based e-commerce stores and fully interactive, commercial Internet websites operating under Defendants' respective seller identities set forth on Schedule "A" hereto (the "Seller IDs"), have advertised, promoted, sold, and offered for sale goods infringing Plaintiffs' Patent, without authorization. Plaintiffs have determined the products that each Defendant is offering for sale are not genuine products made and sold by Plaintiffs.

6. Through the e-commerce marketplace platform, Plaintiffs accessed all the e-commerce stores operating under Defendants' Seller IDs and captured the Defendants' listings at issue on the e-commerce stores. At the conclusion of the process, the detailed webpages and photographs were inspected by Plaintiffs' representative and Plaintiffs' expert, who separately confirmed that each Defendant is offering for sale products that infringe upon at least one claim of the Plaintiffs' Patent ("Infringing Products").

7. Plaintiffs as well as consumers are likely to suffer immediate and irreparable losses, damages and injuries before Defendants can be heard in opposition, unless Plaintiffs' Application for *ex parte* relief is granted. There is good cause to believe that the unauthorized and unlicensed use of Plaintiffs' Patent will continue in the marketplace; that consumers are likely to be misled, confused, and disappointed by the quality of the products so advertised; and that Plaintiffs may suffer loss of sales for their genuine products and an unnatural erosion of the legitimate marketplace in which they operate. There is also good cause to believe that if Plaintiffs proceed on notice to Defendants of this Application, Defendants can easily and quickly change the ownership or modify e-commerce store account data and content, change payment accounts, redirect consumer traffic to other seller identification names, and transfer assets and

ownership of Seller IDs, thereby thwarting Plaintiffs' ability to obtain meaningful relief. As other courts have recognized, proceedings against those who deliberately traffic in infringing merchandise are often useless if notice is given to the adverse party.

8. The balance of potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiffs, their reputation, and their goodwill as a manufacturer and distributor of quality products, if such relief is not issued.

9. The public interest favors issuance of the temporary restraining order in order to protect Plaintiffs' interests and protect the public from being deceived and defrauded by the passing off of Defendants substandard goods as Plaintiffs' genuine goods.

10. Under Pennsylvania law this Court may issue a prejudgment asset restraint where Plaintiff's complaint asserts a claim for money damages.[1] Therefore, this Court has the authority to grant Plaintiffs' request for a prejudgment asset freeze to preserve the relief sought by Plaintiffs and preserve the Defendants' ability to at least partially satisfy a judgment.

11. Similarly, if Defendants are given notice of the Application, they are likely to destroy, move, hide or otherwise make inaccessible to Plaintiffs the records and documents

---

[1] Under Pennsylvania law, pre-judgment restraints are permitted as against all defendants. *Walter v. Stacey*, 837 A.2d 1205 (Pa. Super. 2003) (injunction entered restraining assets in action seeking damages for a wrongful death); *Hoxworth v. Blinder, Robinson & Co., Inc.*, 903 F.2d 186 (3d Cir. 1990) (affirming injunction entered restraining assets in class action lawsuit). See also, *Doggie Dental Inc. et al. v. AvantDigital et al., 21-cv-565-MRH* (W.D. Pa., filed April 29, 2021) and *Doggie Dental Inc. et al. v. CDOffice et al., 21-cv-271-MRH* (W.D. Pa., filed February 25, 2021).*Doggie Dental Inc. v. Go Well,* No. 19-cv-1282 (W.D. Pa. Oct. 11, 2019) (Hornak, J.) (sellers on amazon.com); *Doggie Dental Inc. v. Worthbuyer,* No. 19-cv-1283 (W.D. Pa. Oct. 11, 2019) (Hornak, J.) (sellers on ebay.com); *Doggie Dental Inc. v. Max_Buy,* No. 19-cv-746 (W.D. Pa. June 27, 2019) (Hornak, J.) (sellers on ebay.com); *Doggie Dental Inc. v. Anywill,* No. 19-cv-682 (W.D. Pa. June 13, 2019) (Hornak, J.) (sellers on amazon.com); *Airigan Solutions, LLC v. Abagail*, No. 19-cv-503 (May 28, 2019) (Fischer, J.) (sellers on amazon.com); *Airigan Solutions, LLC v. Babymove*, No. 19-cv-166 (W.D. Pa. Feb. 14, 2019) (Fischer, J.) (sellers on amazon.com); *Airigan Solutions, LLC v. Artifacts_Selling*, No. 18-cv-1462 (W.D. Pa. Oct. 31, 2018) (Fischer, J.) (sellers on ebay.com and aliexpress.com).

relating to Defendants' illegal and infringing activities.  Therefore, Plaintiffs have good cause to be granted expedited discovery.

**ORDER**

Based on the foregoing findings of fact and conclusions of law, Plaintiffs' Application is hereby **GRANTED** as follows (the "Order"):

**I. Temporary Restraining Order**

A. IT IS HEREBY ORDERED, as sufficient cause has been shown, that each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby restrained as follows:

(1) from (a) their unauthorized and unlicensed use of Plaintiffs' Patent in connection with the distribution, marketing, advertising, offering for sale, or sale of any Infringing Products; and (b) shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner products which infringe on Plaintiffs' Patent;

(2) from secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to their User Accounts,[2] Merchant Storefronts[3] or

---

[2] As defined in the Application, a "User Account" is, as defined in the Complaint, any and all accounts with online marketplace platform(s) Amazon.com, ebay.com, Alibaba.com, Aliexpress.com, Walmart.com, and wish.com, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all other persons in active concert with any of them.

[3] As defined in the Application, a "Merchant Storefront" is any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any

any money, securities or other property or assets of Defendants (hereinafter collectively referred to as "Defendants' Assets");

(3) effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, and/or display for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

(4) each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately cease offering for sale the Infringing Products within metatags or other markers within website source code, from use on any web page (including as the title of any product listing), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use such terms or works which is visible to a computer user or serves to direct computer searches to Internet based e-commerce stores owned, or operated by each Defendant, including the Merchant Storefronts operating under the Seller IDs;

(5) each Defendant shall not transfer ownership of the User Accounts or Merchant Storefronts associated with the Seller IDs;

(6) each Defendant shall preserve copies of all computer files relating to the use of any User Accounts and/or Merchant Storefronts under the Seller IDs and shall take steps necessary

---

of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in products which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them.

to retrieve computer files relating to the use of the User Accounts and/or Merchant Storefronts under their Seller IDs that may been deleted before the entry of this Order;

(7) upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to Alibaba.com US LLC (Alibaba.com) d/b/a Aliexpress.com ("Aliexpress"), Amazon.com, Inc. and its affiliate, Amazon Services LLC d/b/a Amazon.com ("Amazon"), eBay, Inc. d/b/a eBay.com ("eBay"), Joybuy Marketplace operated by Jingdong E-Commerce (Trade) Hong Kong Co. , Ltd and JD E-Commerce America (collectively, "Joybuy"), Whaleco Inc., a Delaware Corporation, which is a wholly owned subsidiary of Pinduoduo Inc. which is owned by PDD Holdings (collectively, "Temu"), Walmart.com USA LLC and Walmart, Inc. ("Walmart"), and Context Logic, Inc d/b/a wish.com ("Wish") ("Third Party Service Provider(s)"), and Zhejiang Ant Small and Micro Financial Services Group Co., Ltd. AliPay (China) Internet Technology Co. Ltd., and Alipay.com Co., Ltd. (collectively referred to as "AliPay")[4], Amazon Payments, Inc. d/b/a pay.amazon.com, and PayPal, Inc. d/b/a paypal.com ("PayPal"), Walmart d/b/a Walmart Pay ("Financial Institution(s)"), and their related companies and affiliates, shall immediately identify and restrain all funds, as opposed to ongoing account activity, in or which are hereafter transmitted into the accounts related to the Defendants as identified on Schedule "A" hereto, as well as all funds in or which are transmitted into (i) any other accounts of the same customer(s); (ii) any other accounts which transfer funds into the same financial institution account(s),

---

[4] WorldPay US, Inc. ("WorldPay") processes transactions on behalf of Alibaba and Alipay, which may appear as "Aliexpress" on a cardholder's credit card statement.

and/or any of the other accounts subject to this Order; and (iii) any other accounts tied to or used by any of the Seller IDs identified on Schedule "A" hereto;[5]

(8) upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third-Party Service Provider(s) and the Financial Institution(s), shall immediately divert to a holding account for the trust of the Court all funds in or which are hereafter transmitted into all accounts related to Defendants identified in Schedule "A" hereto, and associated payment accounts, and any other accounts for the same customer(s) as well as any other accounts which transfer funds into the same financial institution account(s) as any other accounts subject to this Order;

(9) The Third-Party Service Provider(s) and Financial Institution(s) shall further, within five (5) business days of receiving this Order, provide Plaintiffs' counsel with all data that details (i) an accounting of the total funds restrained and identifies the financial account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into financial account(s) which have been restrained. Such restraining of the funds and the disclosure of the related financial institution account information shall be made without notice to the account holders, until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by any Third-Party Service Provider or Financial Institution for any purpose (other than pursuant to a chargeback made pursuant to that Third Party Service Provider

---

[5] This Order contemplates that discovery may reveal that Defendants may have other user accounts operated by other Third-Party Service Providers and Financial Institutions and that the additionally discovery Third Party Service Providers and Financial Institutions, once identified and provided with notice, shall also be subject to the discovery, restraints and injunctions set forth in this Order.

or Financial Institution's security interest in the funds) without express authorization of this Court;

(10) Upon Plaintiffs' request, any Internet marketplace that is provided with notice of this Order, including but not limited to the Third-Party Service Provider(s) and Financial Institution(s), shall immediately cease fulfillment of and sequester Defendants' inventory assets corresponding to the Seller IDs identified on Schedule "A" hereto in its inventory, possession, custody, or control, and hold such goods in trust for the Court during pendency of this action;

(11) this Order shall apply to the Seller IDs, associated Accounts and Merchant Storefronts, and any other seller identification names, Accounts or Merchant Storefronts, Third Party Service Provider or Financial Institution accounts which are being used by Defendants for the purpose of infringing this Order shall apply to the Seller IDs, associated Accounts and Merchant Storefronts, and any other seller identification names, Accounts or Merchant Storefronts, Third Party Service Provider or Financial Institution accounts which are being used by Defendants for offering, advertising, shipping and/or selling the Infringing Products at issue in this action and/or unfairly competing with Plaintiff;

(12) Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third-Party Service Provider(s) and the Financial Institution(s), subject to this Order may petition the Court to modify the asset restraint set out in this Order; and

(13) this Order shall remain in effect until the date for the hearing to show cause why a preliminary injunction should not be issued as set forth below, or until such further dates as set by the Court or stipulated by the parties.

B. IT IS HEREBY ORDERED, as sufficient cause has been shown, that upon Plaintiffs' request, any Internet marketplace that is provided with notice of this Order, including but not limited to the Third-Party Service Providers and Financial Institutions, is hereby restrained and enjoined from engaging in any of the following acts or omissions pending the hearing and determination of Plaintiffs' Application for a preliminary injunction, or until further order of the Court:

(1) secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to financial accounts associated with or utilized by any Defendant or any Defendant's User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) ("Defendants' Financial Accounts") until further ordered by this Court; and

(2) within five (5) days after receiving notice of this Order, providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts, and any other listings linked to the same sellers or linked to any other alias seller identification names being used and/or controlled by Defendants.

C. IT IS FURTHER ORDERED, as sufficient cause has been shown, that, upon Plaintiffs' request, within no later than five (5) calendar days of Plaintiffs' request:

(1) Amazon is ordered to remove any seller identified by Plaintiff from the following Amazon Standard Identification Numbers (ASIN): B07GJ1FVGC.[6];

---

[6] This is the current ASIN assigned to the Plaintiffs' Product by Amazon. (Declaration of Jacklyn Easlick, ¶ 11).

(2) Amazon is ordered to suspend any ASIN that was associated with a product already identified by prior Order of this Court in the present lawsuit to be Counterfeit, Infringing, or unfairly competing, as designated in the Schedule A third column under "**Amazon ASIN Number(s)**" (i.e., any seller is prevented from listing for sale under the identified ASIN); and

(3) Upon Plaintiffs' request, any Third Parties are ordered to suspend any listing of a product that Plaintiffs assert infringes at least one claim of the Plaintiffs' Patent and is identified as originating outside of the United States and unfairly competing with Plaintiffs' Product.

## II. Order to Show Cause Why a Preliminary Injunction Should Not Issue and Service of Order

A. Defendants are hereby ORDERED to show cause before this Court in the United States District Court for the Western District of Pennsylvania, via ZoomGov videoconference , on the ___ day of _____, 2023, at _____ __.m. or at such other time that this Court deems appropriate, why a preliminary injunction, pursuant to FRCP 65(a), should not issue. **Defendants are on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them.**

B. Opposing papers, if any, shall be filed electronically with the Court and served on Plaintiffs' counsel by delivering copies thereof to the office of Ference & Associates LLC at 409 Broad Street, Pittsburgh, Pennsylvania 15143 before _____, 2023. Plaintiffs shall file any Reply papers on or before _____, 2023.

C. After Plaintiffs' counsel has received confirmation from the Third Party Service Providers and Financial Institutions or otherwise, regarding the restraint of funds directed herein, Plaintiffs shall serve copies of the Complaint, the Application, this Order, and any Discovery on

each Defendant via their corresponding email/online contact form provided on the Internet based e-commerce stores operating under the respective Seller IDs, or by providing a copy of this order by e-mail to the marketplace platform, which in turn notifies each Defendant of the Order, or by other means reasonably calculated to give notice which is permitted by the Court.  In addition, Plaintiffs shall post copies of the Complaint, Application, this Order, any Discovery, and all other pleadings and documents filed in this action on a website designated by Plaintiffs,[7] and shall provide the website address to Defendants via e-mail/online contact form, and such notice so given shall be deemed good and sufficient service thereof.  Plaintiffs shall continue to provide notice of these proceedings and copies of the documents on file in this matter to Defendants by regularly updating the website designated by Plaintiffs or by other means reasonably calculated to give notice which is permitted by the Court.

### III. Order Authorizing Expedited Discovery

A.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

(1) Plaintiffs may propound interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiffs' counsel.

(2) Plaintiffs may serve requests for the production of documents pursuant to FRCP 26 and 34, and Defendants, their respective officers, employees, agents, servants and attorneys,

---

[7] Rule 65 has been interpreted to require that a party have notice of the motion and hearing; perfecting service on a defendant is not a prerequisite to the entry of a preliminary injunction order.  *Pate v. Gov't of the Virgin Islands*, 2015 WL 1937701 n.9 (VI Sup. Ct. April 17, 2015); *Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 569 F.2d 300, 302 (5th Cir. 1978).

and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiffs' counsel.

(3) Plaintiffs may serve requests for admissions pursuant to FRCP 26 and 36, and Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall provide written responses under oath to such requests within fourteen (14) days of service to Plaintiffs' counsel.

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within fourteen (14) days of receiving actual notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third Party Service Provider(s) and the Financial Institution(s), shall provide to Plaintiffs' counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

(1) any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the respective Third-Party Service Provider;

(2) the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided;

(3) the Defendants' methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

(4) Defendants' unauthorized and unlicensed use of Plaintiffs' Patent in connection with the distribution, marketing, advertising, offering for sale, or sale of any Infringing Products.

## V. Security Bond

IT IS FURTHER ORDERED that Plaintiffs shall place security (corporate surety bond, cash, certified check, or attorney's check) in the amount of $_____ Dollars (_____) with the Court, which amount is determined adequate for the payment of any damages any person may be entitled to recover as a result of an improper or wrongful restraint ordered hereunder.

## VI. Summons

IT IS FURTHER ORDERED that the Clerk of the Court shall issue a single original summons in the name of "CJ Emerald and all other Defendants identified in the Complaint" that will apply to all Defendants.

- 15 -

**SO ORDERED.**

SIGNED this _____ day of _____, 2023, at _____ __.m.
Pittsburgh, Pennsylvania

                                                           _____
                                                           UNITED STATES DISTRICT JUDGE

# Schedule "A"
# Defendants With Store Name and Seller ID

| Defendant Number | Store/Seller Name | Seller ID |
|---|---|---|
| 1 | CJ Emerald | A3ND0MZAU13880 |
| 2 | abel tang | A3MTCP3IQLZNRV |
| 3 | AccEncyc US | A1K8NIP221R7C9 |
| 4 | ATriss | A10OALJ1RBHQF0 |
| 5 | Autrow | A25AZTSBUU7TNH |
| 6 | BESTOYARD | ABULJIGL0O21W |
| 7 | Bokwin | A1JNDRE3T906B0 |
| 8 | Bonnie Child | A1OQ5NNQCW35O8 |
| 9 | CBtone | AYWNK3AGQEBS7 |
| 10 | Coco's house | A16K77N2PMV1YI |
| 11 | Colored Flag | A3NWH1DUS5URSC |
| 12 | DSVENROLY DIRECT | A1MKZS00BWKPO |
| 13 | Entertainment First | A2OLICMJ2QKQ00 |
| 14 | Facing the Ocean | A103CZTCYOW16D |
| 15 | Feperig | A20VQ8XEWNU4LL |
| 16 | Fitnice Official | A2U392CCK26QTI |
| 17 | Full of stars.min | AUGSIV2BX89DB |
| 18 | Gardeish | A1OQFKSB2W8HKQ |
| 19 | Gutapo | A2M36ARRPOO61M |
| 20 | hemphill hen | A352XCDI8JP28N |
| 21 | Herlloy | A3VPP7J0858G9G |
| 22 | HOME DEPUTY | AN9VX73I787LY |
| 23 | IdusHome | AS8P89EQ3R0N3 |
| 24 | Jagogh Yson | A1OAE621SUHTP8 |
| 25 | JINGWEI-US | AOFXV6S5AFDMK |
| 26 | Jonercey | AM28U4LJBMGBV |
| 27 | JRUIA | A16CIVDC3LL5Y1 |
| 28 | Karin Yang | A309RHGROK6DKQ |
| 29 | Keyboo Inc | A2XJAFKGCRBSOI |
| 30 | lasenersm | A3BW00NRHIPXNZ |
| 31 | Limicounts | A368RSCGNM9U8G |

| Defendant Number | Store/Seller Name | Seller ID |
|---|---|---|
| 32 | LIPU Hooker | A22X4DJTQ1LUSP |
| 33 | LiteViso | A25R1GJO6WZP2S |
| 34 | Lmposing | AXGP09LN8AQBX |
| 35 | Lukinm | AB4VO041YPXDP |
| 36 | M.Meteorite | A2URDN5CO5XHU3 |
| 37 | Maybeller | A3SFYBY0BJ0FKL |
| 38 | Muyush | A9QXELJ959BX8 |
| 39 | Myfolrena Official | A3AEIIDC5M2QMJ |
| 40 | Mzekgxm | AVALXF5M6J0G4 |
| 41 | NEZA-US | AUCU6AGMO0LYX |
| 42 | Nishuna | A3FLQ4V9O6ROV3 |
| 43 | Patrick Yao | A3L41A09LHW44R |
| 44 | PBFZ | A270EHDBEPJFXT |
| 45 | pengWH shop | A16M05AMS065YX |
| 46 | Qikita | A16OOCACS0L1H5 |
| 47 | Robiteno | A2VSX5O6IUX7B1 |
| 48 | Shannon Wenha | AVMGE4APEA1IU |
| 49 | Si Peihong | A3KJ02X2DGWZJK |
| 50 | sinuoxiang | A12BYDUYOSU6VI |
| 51 | Somirow | A2JX0XCNBXIC4 |
| 52 | Surmounty | A1A2IFMUH5Y33S |
| 53 | ThinkCreators | A249NIEGQOAWEI |
| 54 | Thomas Zack Yang | A38SSFCRCBKLEZ |
| 55 | tracy Zhong | A26RSV9N9NW3ZX |
| 56 | Travelna | ASFCE8Q7QGH3O |
| 57 | UFURMATE US | A23XDYARXDLA9 |
| 58 | Ume Sports | A3COCG58X0E4FG |
| 59 | Vitong | A1V5IGNQ5W58RK |
| 60 | Waitkey Direct | AC7TDTEH0EMEW |
| 61 | WEKIWGOT-US | A36V2NQA6W6DYE |
| 62 | yanhuslsne | A16DHMH6HPZMHO |
| 63 | zara lei | A2D47Z3REZKALD |
| 64 | ZEDODIER | A2VIECA561DKBZ |
| 65 | ZGCZZ | AR1LDLTQUIZJM |
| 66 | zhangheting | A82D1OYLA4V0R |
| 67 | ZHONG ROY | A2M32LDHISYHL6 |