EXHIBIT B
Mesiti Declaration
U.S. Design Patent No. D695,526
With File Wrapper History and
Cited References

US00D695526S

(12) **United States Design Patent**
Easlick

(10) Patent No.: **US D695,526 S**
(45) Date of Patent: ✱✱ **Dec. 17, 2013**

(54) **HANDBAG HANGER HOOK**

(76) Inventor: **Jacklyn S Easlick**, Rye, NY (US)

(✱✱) Term: **14 Years**

(21) Appl. No.: **29/431,801**

(22) Filed: **Sep. 11, 2012**

(51) **LOC (9) Cl.** .................................................. **03-01**

(52) **U.S. Cl.**
USPC ........................................... **D3/328**; D8/367

(58) **Field of Classification Search**
USPC ...................... D3/328; D8/367; 248/302–303
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 5,575,446 A | * | 11/1996 | Swenson et al. .............. | 248/304 |
| D475,278 S | * | 6/2003 | Williams ....................... | D8/367 |
| D493,092 S | * | 7/2004 | Kalat ............................ | D8/367 |
| D560,924 S | * | 2/2008 | Walker .......................... | D6/396 |
| D644,438 S | * | 9/2011 | Brucker ........................ | D3/328 |

* cited by examiner

*Primary Examiner* — Holly Baynham
(74) *Attorney, Agent, or Firm* — Sinorica, LLC

(57) **CLAIM**

The ornamental design for a handbag hanger hook, as shown and described.

**DESCRIPTION**

FIG. **1** is a perspective view of the handbag hanger hook;
FIG. **2** is a front elevational view thereof;
FIG. **3** is a rear elevational view thereof;
FIG. **4** is a right-side elevational view thereof;
FIG. **5** is a left-side elevational view thereof;
FIG. **6** is a bottom plan view thereof;
FIG. **7** is a top plan view thereof; and,
FIG. **8** is a reduced scale perspective view thereof wherein the top hook is hung on a rod, with a handbag hanging from the bottom hook.
The broken line showing the rod and handbag in FIG. **8** is included for the purpose of showing environmental structure and forms no part of the claimed design.

**1 Claim, 8 Drawing Sheets**





FIG. 1



FIG. 2



FIG. 3



FIG. 4



FIG. 5



FIG. 6



FIG. 7



FIG. 8

# File Wrapper

## (First Action Allowance)

# PATENT ASSIGNMENT COVER SHEET

Electronic Version v1.1
Stylesheet Version v1.2

EPAS ID: PAT7141526

| SUBMISSION TYPE: | NEW ASSIGNMENT |
| --- | --- |
| NATURE OF CONVEYANCE: | ASSIGNMENT |

## CONVEYING PARTY DATA

| Name | Execution Date |
| --- | --- |
| JACKLYN S EASLICK | 01/25/2022 |

## RECEIVING PARTY DATA

| Name: | JE CORPORATE LLC |
| --- | --- |
| Street Address: | 138A EAST PARK AVENUE |
| City: | LONG BEACH |
| State/Country: | NEW YORK |
| Postal Code: | 11561 |

## PROPERTY NUMBERS Total: 1

| Property Type | Number |
| --- | --- |
| Patent Number: | D695526 |

## CORRESPONDENCE DATA

**Fax Number:**

*Correspondence will be sent to the e-mail address first; if that is unsuccessful, it will be sent using a fax number, if provided; if that is unsuccessful, it will be sent via US Mail.*

| | |
| --- | --- |
| Email: | Rob@amazonsellerslawyer.com |
| Correspondent Name: | ROBERT SEGALL |
| Address Line 1: | 138 E PARK AVE STE A |
| Address Line 4: | LONG BEACH, NEW YORK 11561 |

| NAME OF SUBMITTER: | ROBERT SEGALL |
| --- | --- |
| SIGNATURE: | /Robert Segall/ |
| DATE SIGNED: | 01/26/2022 |
| | This document serves as an Oath/Declaration (37 CFR 1.63). |

**Total Attachments: 2**
source=Executed JE Patent Assignment#page1.tif
source=Executed JE Patent Assignment#page2.tif

## *ASSIGNMENT*

**WHEREAS**, I, Jacklyn S Easlick, a citizen residing at 222 Purchase St. #187, Rye, New York, 10580 ("INVENTOR") have invented certain new and useful improvements that are found in a nonprovisional patent application that was filed September 11, 2012 and entitled "Handbag hanger hook";

**WHEREAS**, JE Corporate LLC, a limited liability company duly organized under the laws of the State of New York, USA and having a place of business at 138A East Park Avenue, Long Beach, New York, 11561, (hereinafter "ASSIGNEE") is desirous of acquiring the entire right, title and interest in and to the aforesaid inventions and in and to any Letters Patent of the United States or any foreign country which may be granted therefor;

**NOW THEREFORE**, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, INVENTOR hereby sells, assigns and transfers to the ASSIGNEE, its successors and assigns, the entire right, title and interest for all countries in and to the invention disclosed in the aforesaid application, and in and to the said application, all divisionals, continuations, continuations-in-part, and renewals thereof, all rights to claims of and for any right of priority for said application or patent, all Letters Patent which may be granted therefrom, and all reissues or extensions of such patents, and in and to any and all applications which have been or shall be filed in any foreign countries for Letters Patent on the said invention including an assignment of all rights under the provisions of the International Convention, and all Letters Patent of foreign countries which may be granted therefrom, and INVENTOR hereby authorizes and requests the Commissioner of Patents to issue any and all United States Letters Patent for the aforesaid invention to the ASSIGNEE of the entire right, title and interest in and to the same, for the use of the ASSIGNEE, its successors and assigns.

INVENTOR hereby agrees that INVENTOR, his executors and legal representatives will make, execute and deliver (without charge but at the expense of the ASSIGNEE) any and all other instruments in writing including any and all further application papers, affidavits, assignments and other documents, and will communicate to said ASSIGNEE, its successors and representatives all facts known to INVENTOR relating to said invention and the history thereof and will testify in all legal proceedings and generally do all things which may be necessary or desirable to vest in the ASSIGNEE, its successors or assigns the entire right, title and interest in and to the said invention, applications, Letters Patent, rights, titles, benefits, privileges and advantages hereby sold, assigned and conveyed, or intended so to be.

INVENTOR represents and agrees with said ASSIGNEE its successors and assigns, that no assignment, grant, mortgage, license or other agreement affecting the rights and property herein conveyed has been or will be made to others by INVENTOR, and that full right to convey the same as herein expressed is possessed by INVENTOR.

INVENTOR hereby authorizes and requests the insertion in the following parenthetical (Application No. USD695526S, filed September 11, 2012) the application number and filing date of the above-identified patent application when such information is known if such information is not already provided herein.

I HEREBY authorize and request the Commissioner of Patents and Trademarks or any other proper officer or agency of any country to issue all said Letters Patent to ASSIGNEE;

**I HEREBY** warrant and covenant that: (a) I have full right to convey the entire interest herein assigned and that have not executed and will not execute any instrument or assignment in conflict herewith; (b) the above-identified application was made or authorized to be made by me; and (c) I believe I am the original and sole inventor of a claimed invention in the application; and

**I HEREBY** acknowledge that any willful false statement made herein is punishable under 18 U.S.C. 1001 by fine or imprisonment of not more than five (5) years, or both.;

**IN TESTIMONY WHEREOF**, I have hereunto set my hand and seal.

Date: 1-25-22          Inventor: _Jacklyn S Easlick_____
                                 Jacklyn S Easlick

*[Note: No legalization or other witness required]*

**ASSIGNMENT ACCEPTED on behalf of the ASSIGNEE:**

1-25-22   _Jacklyn S Easlick_____
Date      Signature

Jacklyn Easlick
Printed Name

Member
Title or Position



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | ISSUE DATE | PATENT NO. | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 29/431,801 | 12/17/2013 | D695526 | TP-EASJ-HIA2 | 3337 |

62439          7590          11/26/2013

SINORICA, LLC
19785 Crystal Rock Drive
Suite 207
Germantown, MD 20874

## ISSUE NOTIFICATION

The projected patent number and issue date are specified above.

### Determination of Patent Term Extension or Adjustment under 35 U.S.C. 154 (b)

Design patents have a term measured from the issue date of the patent and the term remains the same length regardless of the time that the application for the design patent was pending. Since the above-identified application is an application for a design patent, the patent is not eligible for Patent Term Extension or Adjustment under 35 U.S.C. 154(b).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Application Assistance Unit (AAU) of the Office of Data Management (ODM) at (571)-272-4200.

APPLICANT(s) (Please see PAIR WEB site http://pair.uspto.gov for additional applicants):

Jacklyn S. EASLICK, Rye, NY;

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation, and commercialization of new technologies. The USA offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to encourage and facilitate business investment. To learn more about why the USA is the best country in the world to develop technology, manufacture products, and grow your business, visit SelectUSA.gov.

**PART B - FEE(S) TRANSMITTAL**

Complete and send this form, together with applicable fee(s), to: **Mail**

**Mail Stop ISSUE FEE**
**Commissioner for Patents**
**P.O. Box 1450**
**Alexandria, Virginia 22313-1450**
or **Fax** **(571)-273-2885**

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

| CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address) | Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission. |
|---|---|
| Sinorica, LLC<br>19785 Crystal Rock Drive<br>Suite 207<br>Germantown, MD 20874 | **Certificate of Mailing or Transmission**<br>I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below. |
| | _____ (Depositor's name) |
| | _____ (Signature) |
| | _____ (Date) |

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 29/431,801 | 09-11-2012 | Jacklyn S. EASLICK | TP-EASJ-HIA2 | 3337 |

TITLE OF INVENTION:

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | MICRO | $255 | $0 | $0 | $255 | 01/13/2014 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| | | |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).
☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.
☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list
(1) the names of up to 3 registered patent attorneys or agents OR, alternatively,
(2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1  Sinorica, LLC _____
2  _____
3  _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE

(B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent): ☐ Individual ☐ Corporation or other private group entity ☐ Government

4a. The following fee(s) are submitted:
☑ Issue Fee
☐ Publication Fee (No small entity discount permitted)
☐ Advance Order - # of Copies _____

4b. Payment of Fee(s): (**Please first reapply any previously paid issue fee shown above**)
☐ A check is enclosed.
☐ Payment by credit card. Form PTO-2038 is attached.
☐ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

5. **Change in Entity Status** (from status indicated above)
☐ a. Applicant claims SMALL ENTITY status. See 37 CFR 1.27.
☐ b. Applicant is no longer claiming SMALL ENTITY status. See 37 CFR 1.27(g)(2).

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

Authorized Signature  /Ming Chow/ _____  Date  10-23-2013 _____

Typed or printed name  Ming Chow _____  Registration No.  58531 _____

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450.
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

PTOL-85 (Rev. 02/11) Approved for use through 08/31/2013.        OMB 0651-0033        U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

## Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

Doc Code: MES.GIB
Document Description: Certification of Micro Entity Status (Gross Income Basis)

PTO/SB/15A (03-13)

# CERTIFICATION OF MICRO ENTITY STATUS
## (GROSS INCOME BASIS)

| Application Number or Control Number (if applicable): 29431801 | Patent Number (if applicable): |
|---|---|
| First Named Inventor: Jacklyn S. Easlick | Title of Invention: HANDBAG HANGER HOOK |

The applicant hereby certifies the following—

(1) **SMALL ENTITY REQUIREMENT -** The applicant qualifies as a small entity as defined in 37 CFR 1.27.

(2) **APPLICATION FILING LIMIT -** Neither the applicant nor the inventor nor a joint inventor has been named as the inventor or a joint inventor on more than four previously filed U.S. patent applications, excluding provisional applications and international applications under the Patent Cooperation Treaty (PCT) for which the basic national fee under 37 CFR 1.492(a) was not paid, and also excluding patent applications for which the applicant has assigned all ownership rights or is obligated to assign all ownership rights as a result of the applicant's previous employment.

(3) **GROSS INCOME LIMIT ON APPLICANTS AND INVENTORS -** Neither the applicant nor the inventor nor a joint inventor, in the calendar year preceding the calendar year in which the applicable fee is being paid, had a gross income, as defined in section 61(a) of the Internal Revenue Code of 1986 (26 U.S.C. 61(a)), exceeding the "Maximum Qualifying Gross Income" reported on the USPTO website at http://www.uspto.gov/patents/law/micro_entity.jsp which is equal to three times the median household income for that preceding calendar year, as most recently reported by the Bureau of the Census.

(4) **GROSS INCOME LIMIT ON PARTIES WITH AN "OWNERSHIP INTEREST" -** Neither the applicant nor the inventor nor a joint inventor has assigned, granted, or conveyed, nor is under an obligation by contract or law to assign, grant, or convey, a license or other ownership interest in the application concerned to an entity that, in the calendar year preceding the calendar year in which the applicable fee is being paid, had a gross income, as defined in section 61(a) of the Internal Revenue Code of 1986, exceeding the "Maximum Qualifying Gross Income" reported on the USPTO website at http://www.uspto.gov/patents/law/micro_entity.jsp which is equal to three times the median household income for that preceding calendar year, as most recently reported by the Bureau of the Census.

| SIGNATURE by a party set forth in 37 CFR 1.33(b) | | | |
|---|---|---|---|
| Signature | / Jacklyn S. Easlick / | | |
| Name | Jacklyn S Easlick | | |
| Date | 10/23/2013 | Telephone | 9176990071 | Registration No. | |

| ☐ | There is more than one inventor and I am one of the inventors who are jointly identified as the applicant. Additional certification form(s) signed by the other joint inventor(s) are included with this form. |
|---|---|

## Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 29431801 |
| **Filing Date:** | 11-Sep-2012 |
| **Title of Invention:** | HANDBAG HANGER HOOK |
| **First Named Inventor/Applicant Name:** | Jacklyn S. EASLICK |
| **Filer:** | Ming Chow/Vicky Cheng |
| **Attorney Docket Number:** | TP-EASJ-HIA2 |
| Filed as Micro Entity | |

**Design        Filing Fees**

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| Design Issue Fee | 3502 | 1 | 255 | 255 |
| **Extension-of-Time:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Miscellaneous:** | | | | |
| | | | **Total in USD ($)** | **255** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 17208312 |
| **Application Number:** | 29431801 |
| **International Application Number:** | |
| **Confirmation Number:** | 3337 |
| **Title of Invention:** | HANDBAG HANGER HOOK |
| **First Named Inventor/Applicant Name:** | Jacklyn S. EASLICK |
| **Customer Number:** | 62439 |
| **Filer:** | Ming Chow/Vicky Cheng |
| **Filer Authorized By:** | Ming Chow |
| **Attorney Docket Number:** | TP-EASJ-HIA2 |
| **Receipt Date:** | 23-OCT-2013 |
| **Filing Date:** | 11-SEP-2012 |
| **Time Stamp:** | 15:50:58 |
| **Application Type:** | Design |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Credit Card |
| Payment was successfully received in RAM | $255 |
| RAM confirmation Number | 2674 |
| Deposit Account | |
| Authorized User | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|

| 1 | Issue Fee Payment (PTO-85B) | PTO85b_29431801.pdf | 72333<br><br>086103493ec67860139e8a5e348699b73b96d3ad | no | 2 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 2 | Certification of Micro Entity (Gross Income Basis) | PTO15_29431801.pdf | 117334<br><br>3050fd69ad8d39396671c283160Sed460a44b719 | no | 1 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 3 | Fee Worksheet (SB06) | fee-info.pdf | 30006<br><br>e4eb67b0ad6a5b873879c42904228064d062d087 | no | 2 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| | | **Total Files Size (in bytes):** | 219673 |
|---|---|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

<u>New Applications Under 35 U.S.C. 111</u>
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

<u>National Stage of an International Application under 35 U.S.C. 371</u>
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

<u>New International Application Filed with the USPTO as a Receiving Office</u>
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

## PART B - FEE(S) TRANSMITTAL

Complete and send this form, together with applicable fee(s), to: **Mail**    **Mail Stop ISSUE FEE**
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450
or **Fax**    (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

Sinorica, LLC
19785 Crystal Rock Drive
Suite 207
Germantown, MD 20874

10/24/2013 INTEFSW 00002674 29431801
D1 FC:3502          255.00 OP



Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

_____ (Depositor's name)
_____ (Signature)
_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 29/431,801 | 09-11-2012 | Jacklyn S. EASLICK | TP-EASJ-HIA2 | 3337 |

TITLE OF INVENTION:

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | MICRO | $255 | $0 | $0 | $255 | 01/13/2014 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| | | |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. Use of a Customer Number is required.

2. For printing on the patent front page, list

(1) the names of up to 3 registered patent attorneys or agents OR, alternatively,

(2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1    Sinorica, LLC
2 _____
3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                         (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) :    ☐ Individual   ☐ Corporation or other private group entity   ☐ Government

4a. The following fee(s) are submitted:
☑ Issue Fee
☐ Publication Fee (No small entity discount permitted)
☐ Advance Order - # of Copies _____

4b. Payment of Fee(s): (Please first reapply any previously paid issue fee shown above)
☐ A check is enclosed.
☐ Payment by credit card. Form PTO-2038 is attached.
☐ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

5. Change in Entity Status (from status indicated above)
☐ a. Applicant claims SMALL ENTITY status. See 37 CFR 1.27.    ☐ b. Applicant is no longer claiming SMALL ENTITY status. See 37 CFR 1.27(g)(2).

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

Authorized Signature /Ming Chow/                    Date 10-23-2013

Typed or printed name Ming Chow                    Registration No. 58531

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.



# Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

UNITED STATES PATENT AND TRADEMARK OFFICE
COMMISSIONER FOR PATENTS
P.O.BOX 1450
ALEXANDRIA VA 22313-1451

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE PAID
POSTEDIGITAL
NNNNN

SINORICA, LLC
19785 Crystal Rock Drive
Suite 207
Germantown, MD 20874



## Courtesy Reminder for
## Application Serial No: 29/431,801

Attorney Docket No: TP-EASJ-HIA2
Customer Number: 62439
Date of Electronic Notification: 10/11/2013

This is a courtesy reminder that new correspondence is available for this application. If you have not done so already, please review the correspondence. The official date of notification of the outgoing correspondence will be indicated on the form PTOL-90 accompanying the correspondence.

An email notification regarding the correspondence was sent to the following email address(es) associated with your customer number:
MCHOW@SINORICA.COM
DOMINS@COMCAST.NET
SINORICA@GMAIL.COM

To view your correspondence online or update your email addresses, please visit us anytime at **https://sportal.uspto.gov/secure/myportal/privatepair.** If you have any questions, please email the Electronic Business Center (EBC) at EBC@uspto.gov or call 1-866-217-9197.



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

| 62439 | 7590 | 10/11/2013 |
|---|---|---|

SINORICA, LLC
19785 Crystal Rock Drive
Suite 207
Germantown, MD 20874

| EXAMINER |
|---|
| BAYNHAM, HOLLY H |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2915 | |

DATE MAILED: 10/11/2013

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 29/431,801 | 09/11/2012 | Jacklyn S. EASLICK | TP-EASJ-HIA2 | 3337 |

TITLE OF INVENTION: HANDBAG HANGER HOOK

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | SMALL | $510 | $0 | $0 | $510 | 01/13/2014 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. <u>PROSECUTION ON THE MERITS IS CLOSED.</u> THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.**

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN <u>THREE MONTHS</u> FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. <u>THIS STATUTORY PERIOD CANNOT BE EXTENDED.</u> SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.**

**HOW TO REPLY TO THIS NOTICE:**

I. Review the ENTITY STATUS shown above. If the ENTITY STATUS is shown as SMALL or MICRO, verify whether entitlement to that entity status still applies.

If the ENTITY STATUS is the same as shown above, pay the TOTAL FEE(S) DUE shown above.

If the ENTITY STATUS is changed from that shown above, on PART B - FEE(S) TRANSMITTAL, complete section number 5 titled "Change in Entity Status (from status indicated above)".

For purposes of this notice, small entity fees are 1/2 the amount of undiscounted fees, and micro entity fees are 1/2 the amount of small entity fees.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**

PTOL-85 (Rev. 02/11)

**PART B - FEE(S) TRANSMITTAL**

**Complete and send this form, together with applicable fee(s), to:** <u>Mail</u>    Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450
or <u>Fax</u>    (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

| 62439 | 7590 | 10/11/2013 |
|---|---|---|

SINORICA, LLC
19785 Crystal Rock Drive
Suite 207
Germantown, MD 20874

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

_____ (Depositor's name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 29/431,801 | 09/11/2012 | Jacklyn S. EASLICK | TP-EASJ-HIA2 | 3337 |

TITLE OF INVENTION: HANDBAG HANGER HOOK

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | SMALL | $510 | $0 | $0 | $510 | 01/13/2014 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| BAYNHAM, HOLLY H | 2915 | D08-367000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list

(1) the names of up to 3 registered patent attorneys or agents OR, alternatively,

(2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____

2 _____

3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE    (B) RESIDENCE: (CITY and STATE or COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) :    ☐ Individual    ☐ Corporation or other private group entity    ☐ Government

4a. The following fee(s) are submitted:

☐ Issue Fee
☐ Publication Fee (No small entity discount permitted)
☐ Advance Order - # of Copies _____

4b. Payment of Fee(s): **(Please first reapply any previously paid issue fee shown above)**

☐ A check is enclosed.
☐ Payment by credit card. Form PTO-2038 is attached.
☐ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

PTOL-85 (Rev. 02/11)

5. **Change in Entity Status** (from status indicated above)

☐ Applicant certifying micro entity status. See 37 CFR 1.29

☐ Applicant asserting small entity status. See 37 CFR 1.27

☐ Applicant changing to regular undiscounted fee status.

NOTE: Absent a valid certification of Micro Entity Status (see form PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.

NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.

NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

---

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

---

Authorized Signature _____     Date _____

Typed or printed name _____     Registration No. _____

---

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

PTOL-85 (Rev. 02/11) Approved for use through 08/31/2013.          OMB 0651-0033          U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 29/431,801 | 09/11/2012 | Jacklyn S. EASLICK | TP-EASJ-HIA2 | 3337 |

62439    7590    10/11/2013

SINORICA, LLC
19785 Crystal Rock Drive
Suite 207
Germantown, MD 20874

| EXAMINER |
|---|
| BAYNHAM, HOLLY H |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2915 | |

DATE MAILED: 10/11/2013

### Determination of Patent Term Extension or Adjustment under 35 U.S.C. 154 (b)

Design patents have a term measured from the issue date of the patent and the term remains the same length regardless of the time that the application for the design patent was pending. Since the above-identified application is an application for a design patent, the patent is not eligible for Patent Term Extension or Adjustment under 35 U.S.C. 154(b).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

PTOL-85 (Rev. 02/11)

## Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

**Notices of Allowance and Fee(s) Due mailed between October 1, 2013 and December 31, 2013**

(Addendum to PTOL-85)

If the "Notice of Allowance and Fee(s) Due" has a mailing date on or after October 1, 2013 and before January 1, 2014, the following information is applicable to this application.

If the issue fee is being timely paid on or after January 1, 2014, the amount due is the issue fee and publication fee in effect January 1, 2014. On January 1, 2014, the issue fees set forth in 37 CFR 1.18 decrease significantly and the publication fee set forth in 37 CFR 1.18(d)(1) decreases to $0.

If an issue fee or publication fee has been previously paid in this application, applicant is not entitled to a refund of the difference between the amount paid and the amount in effect on January 1, 2014.

| *Notice of Allowability* *For* *A Design Application* | Application No. 29/431,801 | Applicant(s) EASLICK, JACKLYN  S. | |
|---|---|---|---|
| | Examiner HOLLY BAYNHAM | Art Unit 2915 | AIA (First Inventor to File) Status No |

**-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--**

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application.  If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.**  This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant.  See 37 CFR 1.313 and MPEP 1308.

1. ☐ This communication is responsive to _____.
    ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

3. ☒ The claim is allowed.

4. ☒ Acceptable drawings:

    (a) ☒ The drawings filed on *11 September 2012* are accepted by the Examiner.

    (b) ☐ Drawing Figures  filed on _____ and drawing Figures  filed on _____ are accepted by the Examiner.

5. ☐ The claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f) is acknowledged.

    **Certified copies:**

    a) ☐ All  b) ☐ Some  *c) ☐ None  of the:

        1. ☐ Certified copies of the priority documents have been received.

        2. ☐ Certified copies of the priority documents have been received in Application No. _____.

        3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

        * Certified copies not received: _____.

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below.  Failure to timely comply will result in ABANDONMENT of this application.
**THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

6. ☐ CORRECTED DRAWINGS (as "replacement sheets") must be submitted.

    ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of

    Paper No./Mail Date _____.

    **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

Attachment(s)

1. ☒ Notice of References Cited (PTO-892)
2. ☐ Information Disclosure Statements (PTO/SB/08), Paper No./Receipt Date _____
3. ☐ Interview Summary (PTO-413), Paper No./Mail Date _____ .

4. ☒ Examiner's Amendment/Comment
5. ☐ Examiner's Statement of Reasons for Allowance
6. ☐ Other _____.

| NOTE: | |
|---|---|

Application/Control Number: 29/431,801                                    Page 2
Art Unit: 2915

The present application is being examined under the pre-AIA first to invent

provisions.

## Examiner's Amendment

1.      An examiner's amendment to the record appears below. Should the changes

and/or additions be unacceptable to applicant, an amendment may be filed as provided

by 37 CFR 1.312. To ensure consideration of such an amendment, it MUST be

submitted no later than the payment of the issue fee.

## Specification

**Figure description**- For accuracy, "reduced scale" has been inserted in the

figure description of Fig. 8 before "perspective".

## Contact Information

To inquire about this communication or earlier communications, contact Holly H.

Baynham by phone at (571) 272-2597.  The examiner can normally be reached on

Mondays through Fridays from 7:30am to 4:00pm.  If attempts to reach the examiner by

phone are unsuccessful, the applicant can reach  the examiner's supervisor, Rob

Spear, by phone at (571) 272-2645.  The official fax number is 571-273-8300.  To ask a

question of a general nature or about the status of this application, contact 2900

Customer Service by phone at 703-306-5648.

Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

Application/Control Number: 29/431,801                                      Page 3
Art Unit: 2915

     For more information about the PAIR system, see http://pair-direct.uspto.gov.

Should you have questions on access to the Private PAIR system, contact the

Electronic Business Center (EBC) at 866-217-9197 (toll-free).

/Holly H. Baynham/
Primary Examiner, Art Unit 2915

| | | | |
|---|---|---|---|
| ***Notice of References Cited*** | Application/Control No.<br>29/431,801 | Applicant(s)/Patent Under Reexamination<br>EASLICK, JACKLYN S. | |
| | Examiner<br>HOLLY BAYNHAM | Art Unit<br>2915 | Page 1 of 1 |

### U.S. PATENT DOCUMENTS

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| * | A | US-5,575,446 A | 11-1996 | Swenson et al. | 248/304 |
| * | B | US-D475,278 S | 06-2003 | Williams, Arnold H. | D8/367 |
| * | C | US-D493,092 S | 07-2004 | Kalat, Edward W. | D8/367 |
| * | D | US-D560,924 S | 02-2008 | Walker, David Lamont | D6/396 |
| * | E | US-D644,438 S | 09-2011 | Brucker, Lester A. | D3/328 |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

### FOREIGN PATENT DOCUMENTS

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

### NON-PATENT DOCUMENTS

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

| *Search Notes*  | Application/Control No. 29431801 | Applicant(s)/Patent Under Reexamination EASLICK, JACKLYN S. |
|---|---|---|
| | Examiner HOLLY BAYNHAM | Art Unit 2915 |

| CPC- SEARCHED | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| | | |

| CPC COMBINATION SETS  - SEARCHED | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| | | |

| US CLASSIFICATION SEARCHED | | | |
|---|---|---|---|
| **Class** | **Subclass** | **Date** | **Examiner** |
| d3 | 328 | 10/2/2013 | hb |
| d8 | 367 | | |
| 248 | 302-303 | | |

| SEARCH NOTES | | |
|---|---|---|
| **Search Notes** | **Date** | **Examiner** |
| inventor name search | 10/2/2013 | hb |
| EAST search | | |

| INTERFERENCE SEARCH | | | |
|---|---|---|---|
| **US Class/ CPC Symbol** | **US Subclass / CPC Group** | **Date** | **Examiner** |
| d3 | 328 | 10/2/2013 | hb |
| d8 | 367 | | |

| | /HOLLY BAYNHAM/ Primary Examiner.Art Unit 2915 |
|---|---|

| *Issue Classification* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 29431801 | EASLICK, JACKLYN S. |
| | Examiner | Art Unit |
| | HOLLY BAYNHAM | 2915 |

**CPC**

| Symbol | | | | Type | Version |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**CPC Combination Sets**

| Symbol | | | Type | Set | Ranking | Version |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |

| NONE | | | Total Claims Allowed: |
|---|---|---|---|
| | ◈ Use images from artifact folder | | 1 |
| (Assistant Examiner)          (Date) | ◈ Do not use images from artifact folder | | |

| /HOLLY BAYNHAM/ Primary Examiner.Art Unit 2915 | | 10/2/13 | O.G. Print Claim(s) | O.G. Print Figure |
|---|---|---|---|---|
| (Primary Examiner)          (Date) | | | 1 | 1 |

U.S. Patent and Trademark Office

Part of Paper No. 20131002

| *Issue Classification* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 29431801 | EASLICK, JACKLYN S. |
| | Examiner | Art Unit |
| | HOLLY BAYNHAM | 2915 |

| US ORIGINAL CLASSIFICATION | | INTERNATIONAL CLASSIFICATION | |
|---|---|---|---|
| CLASS | SUBCLASS | CLAIMED | NON-CLAIMED |
| D3 | 328 | | 03 / 01 | |

| CROSS REFERENCE(S) | |
|---|---|
| CLASS | SUBCLASS (ONE SUBCLASS PER BLOCK) |
| D8 | 367 |

| | NONE | | | |
|---|---|---|---|---|
| (Assistant Examiner) | (Date) | ✍ Use images from artifact folder<br>✍ Do not use images from artifact folder | **Total Claims Allowed:** 1 | |
| /HOLLY BAYNHAM/<br>Primary Examiner.Art Unit 2915 | | 10/2/13 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | | (Date) | 1 | 1 |

U.S. Patent and Trademark Office

Part of Paper No. 20131002

| *Issue Classification* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 29431801 | EASLICK, JACKLYN S. |
| | **Examiner** | **Art Unit** |
| | HOLLY BAYNHAM | 2915 |

☒ Claims renumbered in the same order as presented by applicant     ☐ CPA     ☐ T.D.     ☐ R.1.47

| Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |

| NONE | | | | | | |
|---|---|---|---|---|---|---|
| | ◈ Use images from artifact folder | | | **Total Claims Allowed:** | | |
| | ◈ Do not use images from artifact folder | | | 1 | | |
| (Assistant Examiner) | (Date) | | | | | |
| /HOLLY BAYNHAM/ Primary Examiner.Art Unit 2915 | | | | O.G. Print Claim(s) | O.G. Print Figure | |
| | 10/2/13 | | | | | |
| (Primary Examiner) | (Date) | | | 1 | 1 | |

U.S. Patent and Trademark Office

Part of Paper No. 20131002



# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

## BIB DATA SHEET

**CONFIRMATION NO. 3337**

| SERIAL NUMBER | FILING or 371(c) DATE | CLASS | GROUP ART UNIT | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 29/431,801 | 09/11/2012 **RULE** | D08 | 2915 | TP-EASJ-HIA2 |

**APPLICANTS**
Jacklyn S. EASLICK, Rye, NY;

**\*\* CONTINUING DATA** \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**\*\* FOREIGN APPLICATIONS** \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**\*\* IF REQUIRED, FOREIGN FILING LICENSE GRANTED \*\* \*\* SMALL ENTITY \*\***
09/18/2012

| Foreign Priority claimed ☐ Yes ☑ No | ☐ Met after Allowance | STATE OR COUNTRY | SHEETS DRAWINGS | TOTAL CLAIMS | INDEPENDENT CLAIMS |
|---|---|---|---|---|---|
| 35 USC 119(a-d) conditions met ☐ Yes ☐ No | | NY | 8 | 1 | 1 |
| Verified and Acknowledged /HOLLY H BAYNHAM/ Examiner's Signature Initials | | | | | |

**ADDRESS**
SINORICA, LLC
19785 Crystal Rock Drive
Suite 207
Germantown, MD 20874
UNITED STATES

**TITLE**
Handbag Hanger Hook

| FILING FEE RECEIVED 265 | FEES: Authority has been given in Paper No._____ to charge/credit DEPOSIT ACCOUNT No._____ for following: | ☐ All Fees |
|---|---|---|
| | | ☐ 1.16 Fees (Filing) |
| | | ☐ 1.17 Fees (Processing Ext. of time) |
| | | ☐ 1.18 Fees (Issue) |
| | | ☐ Other _____ |
| | | ☐ Credit |

BIB (Rev. 05/07).



# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING or 371(c) DATE | GRP ART UNIT | FIL FEE REC'D | ATTY.DOCKET.NO | TOT CLAIMS | IND CLAIMS |
|---|---|---|---|---|---|---|
| 29/431,801 | 09/11/2012 | 2913 | 265 | TP-EASJ-HIA2 | 1 | 1 |

**CONFIRMATION NO. 3337**

62439
SINORICA, LLC
19785 Crystal Rock Drive
Suite 207
Germantown, MD 20874

**FILING RECEIPT**

*OC000000056613834*

Date Mailed: 09/21/2012

Receipt is acknowledged of this non-provisional patent application. The application will be taken up for examination in due course. Applicant will be notified as to the results of the examination. Any correspondence concerning the application must include the following identification information: the U.S. APPLICATION NUMBER, FILING DATE, NAME OF APPLICANT, and TITLE OF INVENTION. Fees transmitted by check or draft are subject to collection. Please verify the accuracy of the data presented on this receipt. **If an error is noted on this Filing Receipt, please submit a written request for a Filing Receipt Correction. Please provide a copy of this Filing Receipt with the changes noted thereon. If you received a "Notice to File Missing Parts" for this application, please submit any corrections to this Filing Receipt with your reply to the Notice. When the USPTO processes the reply to the Notice, the USPTO will generate another Filing Receipt incorporating the requested corrections**

**Inventor(s)**

Jacklyn S. EASLICK, Rye, NY;

**Applicant(s)**

Jacklyn S. EASLICK, Rye, NY;

**Power of Attorney:** The patent practitioners associated with Customer Number 062439

**Domestic Priority data as claimed by applicant**

**Foreign Applications** (You may be eligible to benefit from the **Patent Prosecution Highway** program at the USPTO. Please see http://www.uspto.gov for more information.)

**If Required, Foreign Filing License Granted:** 09/18/2012

The country code and number of your priority application, to be used for filing abroad under the Paris Convention, is **US 29/431,801**

**Projected Publication Date:** None, application is not eligible for pre-grant publication

**Non-Publication Request:** No

**Early Publication Request:** No
**\*\* SMALL ENTITY \*\***

**Title**

Handbag Hanger Hook

**Preliminary Class**

D08

# PROTECTING YOUR INVENTION OUTSIDE THE UNITED STATES

Since the rights granted by a U.S. patent extend only throughout the territory of the United States and have no effect in a foreign country, an inventor who wishes patent protection in another country must apply for a patent in a specific country or in regional patent offices. Applicants may wish to consider the filing of an international application under the Patent Cooperation Treaty (PCT). An international (PCT) application generally has the same effect as a regular national patent application in each PCT-member country. The PCT process **simplifies** the filing of patent applications on the same invention in member countries, but **does not result** in a grant of "an international patent" and does not eliminate the need of applicants to file additional documents and fees in countries where patent protection is desired.

Almost every country has its own patent law, and a person desiring a patent in a particular country must make an application for patent in that country in accordance with its particular laws. Since the laws of many countries differ in various respects from the patent law of the United States, applicants are advised to seek guidance from specific foreign countries to ensure that patent rights are not lost prematurely.

Applicants also are advised that in the case of inventions made in the United States, the Director of the USPTO must issue a license before applicants can apply for a patent in a foreign country. The filing of a U.S. patent application serves as a request for a foreign filing license. The application's filing receipt contains further information and guidance as to the status of applicant's license for foreign filing.

Applicants may wish to consult the USPTO booklet, "General Information Concerning Patents" (specifically, the section entitled "Treaties and Foreign Patents") for more information on timeframes and deadlines for filing foreign patent applications. The guide is available either by contacting the USPTO Contact Center at 800-786-9199, or it can be viewed on the USPTO website at http://www.uspto.gov/web/offices/pac/doc/general/index.html.

For information on preventing theft of your intellectual property (patents, trademarks and copyrights), you may wish to consult the U.S. Government website, http://www.stopfakes.gov. Part of a Department of Commerce initiative, this website includes self-help "toolkits" giving innovators guidance on how to protect intellectual property in specific countries such as China, Korea and Mexico. For questions regarding patent enforcement issues, applicants may call the U.S. Government hotline at 1-866-999-HALT (1-866-999-4158).

# LICENSE FOR FOREIGN FILING UNDER

## Title 35, United States Code, Section 184

## Title 37, Code of Federal Regulations, 5.11 & 5.15

**GRANTED**

The applicant has been granted a license under 35 U.S.C. 184, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" followed by a date appears on this form. Such licenses are issued in all applications where the conditions for issuance of a license have been met, regardless of whether or not a license may be required as

set forth in 37 CFR 5.15. The scope and limitations of this license are set forth in 37 CFR 5.15(a) unless an earlier license has been issued under 37 CFR 5.15(b). The license is subject to revocation upon written notification. The date indicated is the effective date of the license, unless an earlier license of similar scope has been granted under 37 CFR 5.13 or 5.14.

This license is to be retained by the licensee and may be used at any time on or after the effective date thereof unless it is revoked. This license is automatically transferred to any related applications(s) filed under 37 CFR 1.53(d). This license is not retroactive.

The grant of a license does not in any way lessen the responsibility of a licensee for the security of the subject matter as imposed by any Government contract or the provisions of existing laws relating to espionage and the national security or the export of technical data. Licensees should apprise themselves of current regulations especially with respect to certain countries, of other agencies, particularly the Office of Defense Trade Controls, Department of State (with respect to Arms, Munitions and Implements of War (22 CFR 121-128)); the Bureau of Industry and Security, Department of Commerce (15 CFR parts 730-774); the Office of Foreign AssetsControl, Department of Treasury (31 CFR Parts 500+) and the Department of Energy.

**NOT GRANTED**

No license under 35 U.S.C. 184 has been granted at this time, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" DOES NOT appear on this form. Applicant may still petition for a license under 37 CFR 5.12, if a license is desired before the expiration of 6 months from the filing date of the application. If 6 months has lapsed from the filing date of this application and the licensee has not received any indication of a secrecy order under 35 U.S.C. 181, the licensee may foreign file the application pursuant to 37 CFR 5.15(b).

---

## *SelectUSA*

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation and commercialization of new technologies. The USA offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to encourage, facilitate, and accelerate business investment. To learn more about why the USA is the best country in the world to develop technology, manufacture products, and grow your business, visit SelectUSA.gov.



### United States Patent and Trademark Office

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 29/431,801 | 09/11/2012 | Jacklyn S. EASLICK | TP-EASJ-HIA2 |

62439
SINORICA, LLC
19785 Crystal Rock Drive
Suite 207
Germantown, MD 20874

**CONFIRMATION NO. 3337**
**POA ACCEPTANCE LETTER**

*OC000000056613875*

Date Mailed: 09/21/2012

## NOTICE OF ACCEPTANCE OF POWER OF ATTORNEY

This is in response to the Power of Attorney filed 09/11/2012.

The Power of Attorney in this application is accepted. Correspondence in this application will be mailed to the above address as provided by 37 CFR 1.33.

/ttu/

Office of Data Management, Application Assistance Unit (571) 272-4000, or (571) 272-4200, or 1-888-786-0101

page 1 of 1

PTO/SB/81A (12-08)
Approved for use through 11/30/2011. OMB 0651-0035
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT - POWER OF ATTORNEY OR REVOCATION OF POWER OF ATTORNEY WITH A NEW POWER OF ATTORNEY AND CHANGE OF CORRESPONDENCE ADDRESS | Patent Number | |
|---|---|---|
| | Issue Date | |
| | First Named Inventor | Jacklyn S Easlick |
| | Title | Handbag Hanger Hook |
| | Attorney Docket Number | TP-EASJ-HIA2 |

I hereby revoke all previous powers of attorney given in the above-identified patent.

☐ A Power of Attorney is submitted herewith.

**OR**

☒ I hereby appoint Practitioner(s) associated with the following Customer Number as my/our attorney(s) or agent(s) with respect to the patent identified above, and to transact all business in the United States Patent and Trademark Office connected therewith:   | 062439 |

**OR**

☐ I hereby appoint Practitioner(s) named below as my/our attorney(s) or agent(s) with respect to the patent identified above, and to transact all business in the United States Patent and Trademark Office connected therewith:

| Practitioner(s) Name | Registration Number |
|---|---|
| | |
| | |
| | |
| | |

Please recognize or change the correspondence address for the above-identified patent to:

☒ The address associated with the above-mentioned Customer Number.

**OR**

☐ The address associated with Customer Number: | |

**OR**

| Firm or Individual Name | |
|---|---|
| Address | |
| City | State | Zip |
| Country | |
| Telephone | Email |

I am the:

☒ Inventor, having ownership of the patent.

**OR**

☐ Patent owner.
*Statement under 37 CFR 3.73(b) (Form PTO/SB/96) submitted herewith or filed on _____.*

| SIGNATURE of Inventor or Patent Owner | | | |
|---|---|---|---|
| Signature | /Jacklyn S. Easlick/ | Date | 7/25/2012 |
| Name | Jacklyn S Easlick | Telephone | |
| Title and Company | | | |

**NOTE:** Signatures of all the inventors or patent owners of the entire interest or their representative(s) are required. Submit multiple forms if more than one signature is required, see below*.

☒ *Total of 1 forms are submitted.

This collection of information is required by 37 CFR 1.31, 1.32 and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

## Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | |
| **Filing Date:** | |
| **Title of Invention:** | Handbag Hanger Hook |
| **First Named Inventor/Applicant Name:** | Jacklyn S. EASLICK |
| **Filer:** | Ming Chow/Megan Huan |
| **Attorney Docket Number:** | TP-EASJ-HIA2 |

Filed as Small Entity

**Design    Filing Fees**

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| Design application filing | 2012 | 1 | 125 | 125 |
| Design Search Fee | 2112 | 1 | 60 | 60 |
| Design Examination Fee | 2312 | 1 | 80 | 80 |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |
| **Miscellaneous:** | | | | |
| **Total in USD ($)** | | | | **265** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 13712195 |
| **Application Number:** | 29431801 |
| **International Application Number:** | |
| **Confirmation Number:** | 3337 |
| **Title of Invention:** | Handbag Hanger Hook |
| **First Named Inventor/Applicant Name:** | Jacklyn S. EASLICK |
| **Customer Number:** | 62439 |
| **Filer:** | Ming Chow/Megan Huan |
| **Filer Authorized By:** | Ming Chow |
| **Attorney Docket Number:** | TP-EASJ-HIA2 |
| **Receipt Date:** | 11-SEP-2012 |
| **Filing Date:** | |
| **Time Stamp:** | 15:20:34 |
| **Application Type:** | Design |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Credit Card |
| Payment was successfully received in RAM | $265 |
| RAM confirmation Number | 1944 |
| Deposit Account | |
| Authorized User | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|

| 1 | Specification | specs_TP-EASJ-HIA2.pdf | 13022<br><br>1b25753e74b7dd7bf6be5acbfbcc529d322da42f | no | 1 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 2 | Drawings-only black and white line drawings | Figures_TP-EASJ-HIA2.pdf | 160539<br><br>1d34942b3f851c852babed96e2cc9a3eb43bccde | no | 8 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 3 | Oath or Declaration filed | Declaration_TP-EASJ-HIA2.pdf | 97892<br><br>20beb646caefed860ae09376cfd4e06e07752cab | no | 3 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 4 | Power of Attorney | POA_TP-EASJ-HIA2.pdf | 64632<br><br>ddbb04fc17e880fff66de2be5a4334ba51eb9590 | no | 1 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 5 | Fee Worksheet (SB06) | fee-info.pdf | 32591<br><br>c5189657c54dcfcc41bde5f637fd9d7f8979f036 | no | 2 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| | | **Total Files Size (in bytes):** | 368676 | | |
|---|---|---|---|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

## Handbag Hanger Hook

I, Jacklyn S Easlick, have invented a new design for a handbag hanger hook, as set forth
5    in the following specification. The invention generally comprises two hooks or circular
curved portions vertically connected to each other by a slanted curved middle portion and
oriented at a 90 degree angle to each other. The top hook comprises approximately three
quarters of a circle and hangs on a closet rod or clothing rack, and the bottom hook
resembles a U-shape on which the straps of a handbag are hung. The top hook is
10    positioned approximately vertically above the lowest point of the bottom hook.

**DESCRIPTION:**

FIG. 1 is a perspective view of the handbag hanger hook;

FIG. 2 is a front elevational view thereof;

15    FIG. 3 is a rear elevational view thereof;

FIG. 4 is a right-side elevational view thereof;

FIG. 5 is a left-side elevational view thereof;

FIG. 6 is a bottom plan view thereof;

FIG. 7 is a top plan view thereof; and,

20    FIG. 8 is a perspective view thereof wherein the top hook is hung on a rod, with a
handbag hanging from the bottom hook.

The broken line showing the rod and handbag in FIG. 8 is included for the purpose of
showing environmental structure and forms no part of the claimed design.

25

**CLAIM:**

The ornamental design for a handbag hanger hook, as shown and described.



FIG. 1



FIG. 2



FIG. 3



FIG. 4



FIG. 5



FIG. 6



FIG. 7



FIG. 8

PTO/SB/01 (04-09)
Approved for use through 06/30/2010. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

## DECLARATION FOR UTILITY OR DESIGN PATENT APPLICATION (37 CFR 1.63)

[X] Declaration Submitted With Initial Filing

OR

[ ] Declaration Submitted After Initial Filing (surcharge (37 CFR 1.16(f)) required)

| | |
|---|---|
| Attorney Docket Number | TP-EASJ-HIA2 |
| First Named Inventor | Jacklyn S Easlick |
| *COMPLETE IF KNOWN* | |
| Application Number | |
| Filing Date | |
| Art Unit | |
| Examiner Name | |

I hereby declare that: (1) Each inventor's residence, mailing address, and citizenship are as stated below next to their name; and (2) I believe the inventor(s) named below to be the original and first inventor(s) of the subject matter which is claimed and for which a patent is sought on the invention titled:

Handbag Hanger Hook

*(Title of the Invention)*

the application of which

[X] is attached hereto

OR

[ ] was filed on (MM/DD/YYYY) _____ as United States Application Number or PCT International

Application Number _____ and was amended on (MM/DD/YYYY) _____ (if applicable).

I hereby state that I have reviewed and understand the contents of the above identified application, including the claims, as amended by any amendment specifically referred to above.

I acknowledge the duty to disclose information which is material to patentability as defined in 37 CFR 1.56, including for continuation-in-part applications, material information which became available between the filing date of the prior application and the national or PCT international filing date of the continuation-in-part application.

## Authorization To Permit Access To Application by Participating Offices

[ ] If checked, the undersigned hereby grants the USPTO authority to provide the European Patent Office (EPO), the Japan Patent Office (JPO), the Korean Intellectual Property Office (KIPO), the World Intellectual Property Office (WIPO), and any other intellectual property offices in which a foreign application claiming priority to the above-identified patent application is filed access to the above-identified patent application. See 37 CFR 1.14(c) and (h). This box should not be checked if the applicant does not wish the EPO, JPO, KIPO, WIPO, or other intellectual property office in which a foreign application claiming priority to the above-identified patent application is filed to have access to the above-identified patent application.

In accordance with 37 CFR 1.14(h)(3), access will be provided to a copy of the above-identified patent application with respect to: 1) the above-identified patent application-as-filed; 2) any foreign application to which the above-identified patent application claims priority under 35 U.S.C. 119(a)-(d) if a copy of the foreign application that satisfies the certified copy requirement of 37 CFR 1.55 has been filed in the above-identified patent application; and 3) any U.S. application-as-filed from which benefit is sought in the above-identified patent application.

In accordance with 37 CFR 1.14(c), access may be provided to information concerning the date of filing the Authorization to Permit Access to Application by Participating Offices.

[Page 1 of 3]

This collection of information is required by 35 U.S.C. 115 and 37 CFR 1.63. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 21 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

PTO/SB/01 (04-09)
Approved for use through 06/30/2010.  OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

## DECLARATION — Utility or Design Patent Application

**Claim of Foreign Priority Benefits**

I hereby claim foreign priority benefits under 35 U.S.C. 119(a)-(d) or (f), or 365(b) of any foreign application(s) for patent, inventor's or plant breeder's rights certificate(s), or 365(a) of any PCT international application which designated at least one country other than the United States of America, listed below and have also identified below, by checking the box, any foreign application for patent, inventor's or plant breeder's rights certificate(s), or any PCT international application having a filing date before that of the application on which priority is claimed.

| Prior Foreign Application Number(s) | Country | Foreign Filing Date (MM/DD/YYYY) | Priority Not Claimed | Certified Copy Attached? YES | NO |
|---|---|---|---|---|---|
| | | | ☐ | ☐ | ☐ |
| | | | ☐ | ☐ | ☐ |
| | | | ☐ | ☐ | ☐ |
| | | | ☐ | ☐ | ☐ |

☐    Additional foreign application number(s) are listed on a supplemental priority data sheet PTO/SB/02B attached hereto.

[Page 2 of 3]

PTO/SB/01 (04-09)
Approved for use through 06/30/2010.  OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

## DECLARATION — Utility or Design Patent Application

| Direct all correspondence to: | ☒ | The address associated with Customer Number: | 062439 | **OR** | ☐ | Correspondence address below |

| Name | |
| Address | |

| City | State | Zip |

| Country | Telephone | Email |

### WARNING:

Petitioner/applicant is cautioned to avoid submitting personal information in documents filed in a patent application that may contribute to identity theft.  Personal information such as social security numbers, bank account numbers, or credit card numbers (other than a check or credit card authorization form PTO-2038 submitted for payment purposes) is never required by the USPTO to support a petition or an application.  If this type of personal information is included in documents submitted to the USPTO, petitioners/applicants should consider redacting such personal information from the documents before submitting them to the USPTO.  Petitioner/applicant is advised that the record of a patent application is available to the public after publication of the application (unless a non-publication request in compliance with 37 CFR 1.213(a) is made in the application) or issuance of a patent.  Furthermore, the record from an abandoned application may also be available to the public if the application is referenced in a published application or an issued patent (see 37 CFR 1.14).  Checks and credit card authorization forms PTO-2038 submitted for payment purposes are not retained in the application file and therefore are not publicly available.  Petitioner/applicant is advised that documents which form the record of a patent application (such as the PTO/SB/01) are placed into the Privacy Act system of records DEPARTMENT OF COMMERCE, COMMERCE-PAT-7, System name: *Patent Application Files.*  Documents not retained in an application file (such as the PTO-2038) are placed into the Privacy Act system of COMMERCE/PAT-TM-10, System name: *Deposit Accounts and Electronic Funds Transfer Profiles.*

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. 1001 and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

| **NAME OF SOLE OR FIRST INVENTOR:** | ☐ A petition has been filed for this unsigned inventor |
| Given Name (first and middle [if any])<br>Jacklyn S | Family Name or Surname<br>Easlick |

| Inventor's Signature<br>/Jacklyn S. Easlick/ | Date<br>7/25/2012 |

| Residence: City<br>Rye | State<br>NY | Country<br>US | Citizenship<br>US |

| Mailing Address<br>222 Purchase St. #187 |

| City<br>Rye | State<br>NY | Zip<br>10580 | Country<br>US |

| ☐ Additional inventors or a legal representative are being named on the | supplemental sheet(s) PTO/SB/02A or 02LR attached hereto |

[Page 3 of 3]

DocCode – SCORE

# SCORE Placeholder Sheet for IFW Content

Application Number: 29431801          Document Date: 09/11/2012

The presence of this form in the IFW record indicates that the following document type was received in electronic format on the date identified above. This content is stored in the SCORE database.

- Drawing

Since this was an electronic submission, there is no physical artifact folder, no artifact folder is recorded in PALM, and no paper documents or physical media exist. The TIFF images in the IFW record were created from the original documents that are stored in SCORE.

To access the documents in the SCORE database, refer to instructions developed by SIRA.

At the time of document entry (noted above):
- Examiners may access SCORE content via the eDAN interface.
- Other USPTO employees can bookmark the current SCORE URL (http://es/ScoreAccessWeb/).
- External customers may access SCORE content via the Public and Private PAIR interfaces.

Form Revision Date: February 8, 2006

1

# **Cited References**

US00D475278S

## (12) United States Design Patent

Williams

(10) Patent No.: **US D475,278 S**

(45) Date of Patent: ✱✱ **Jun. 3, 2003**

(54) **SOCK HOOK**

(75) Inventor: **Arnold H. Williams**, Boxborough, MA (US)

(73) Assignee: **Christmas Cove Designs, Inc.**, Richmond, ME (US)

(✱✱) Term: **14 Years**

(21) Appl. No.: **29/161,139**

(22) Filed: **May 23, 2002**

(51) LOC (7) Cl. .................................................... **08-05**
(52) U.S. Cl. .......................................... **D8/367**; D3/328
(58) **Field of Search** ......................... D8/373, 367, 368; 211/113, 86.01, 106.01, 13.1; D11/42, 126, 130; 248/214, 215, 302–308, 309.1, 339, 341, 914, 497; D3/328, 304; D6/315, 317

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 2,473,086 | A | * | 6/1949 | Montero ..................... 248/308 |
| 2,521,037 | A | * | 9/1950 | Brinton ..................... 211/85.3 |
| D244,883 | S | * | 6/1977 | Rohrmuller ................. D3/328 |
| D295,267 | S | * | 4/1988 | Saraga ....................... D11/42 |
| 5,816,558 | A | * | 10/1998 | Sommer et al. ........... 248/544 |
| D401,840 | S | * | 12/1998 | Goodman et al. ........... D8/367 |

* cited by examiner

*Primary Examiner*—Pamela Burgess
(74) *Attorney, Agent, or Firm*—Pandiscio & Pandiscio

(57) **CLAIM**

The ornamental design for a sock hook, as shown and described.

**DESCRIPTION**

FIG. 1 is a perspective view of a sock hook showing my new design, the broken lines shown are for illustrative purposes only and form no part of the claimed design;

FIG. 2 is an enlarged perspective view of the sock hook shown in FIG. 1;

FIG. 3 is a right side elevational view of the sock hook shown in FIG. 1;

FIG. 4 is a left side elevational view of the sock hook shown in FIG. 1;

FIG. 5 is a top plan view of the sock hook shown in FIG. 1;

FIG. 6 is a bottom plan view of the sock hook shown in FIG. 1;

FIG. 7 is a front elevational view of the sock hook shown in FIG. 1;

FIG. 8 is a rear elevational view of the sock hook shown in FIG. 1;

FIG. 9 is a perspective view of a second embodiment of the sock hook showing my new design, the broken lines shown are for illustrative purposes only and form no part of the claimed design;

FIG. 10 is an enlarged perspective view of the sock hook shown in FIG. 9;

FIG. 11 is a right side elevational view of the sock hook shown in FIG. 9;

FIG. 12 is a left side elevational view of the sock hook shown in FIG. 9;

FIG. 13 is a top plan view of the sock hook shown in FIG. 9;

FIG. 14 is a bottom plan view of the sock hook shown in FIG. 9;

FIG. 15 is a front elevational view of the sock hook shown in FIG. 9; and,

FIG. 16 is a rear elevational view of the sock hook shown in FIG. 9.

**1 Claim, 8 Drawing Sheets**





FIG. 1

Case 2:23-cv-02000-WSS    Document 11-2    Filed 11/20/23    Page 66 of 93



FIG. 2



FIG. 3



FIG.4



FIG. 5



FIG. 6



FIG. 7



FIG. 8



FIG. 9



FIG. 10



FIG. 11

FIG.12



FIG. 13



FIG. 14



FIG. 15



FIG. 16

# United States Patent [19]

**Swenson et al.**

| | |
|---|---|
| [11] | **Patent Number:** 5,575,446 |
| [45] | **Date of Patent:** Nov. 19, 1996 |

[54] **CLAMPING DEVICE FOR SECURING CHRISTMAS TREE LIGHT WIRES AND/OR DECORATIONS TO CHRISTMAS TREES**

[75] Inventors: **Barbara Swenson**, P.O. Box 680096, Park City, Utah 84068; **D. Scott Beckham**, Summit County, Utah

[73] Assignee: **Barbara Swenson**, Sandy, Utah

[21] Appl. No.: **371,266**

[22] Filed: **Dec. 23, 1994**

[51] Int. Cl.⁶ ............................................... **F16B 45/00**
[52] U.S. Cl. ............................. **248/304**; 248/306; 248/340
[58] Field of Search .................................. 248/304, 303, 248/306, 340

[56] **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 3,277,291 | 10/1966 | Holbrook | 240/10 |
| 3,488,025 | 1/1970 | Rowland | 248/304 |
| 3,582,641 | 6/1971 | Choquette | 240/10 |
| 3,870,206 | 3/1975 | Feinberg | 248/340 |
| 3,977,050 | 8/1976 | Perez | 24/150 |
| 4,209,945 | 7/1980 | Dent et al. | 47/84 |
| 4,285,072 | 8/1981 | Morcher et al. | 3/13 |
| 4,775,310 | 10/1988 | Fischer | 425/308 |
| 4,887,785 | 12/1989 | Blaich | 248/304 |
| 4,966,344 | 10/1990 | Gary | 248/317 |
| 4,979,714 | 12/1990 | Russell et al. | 248/303 |
| 5,103,380 | 4/1992 | Lindner et al. | 362/32 |

OTHER PUBLICATIONS

Instructions from package back for Lites Up Gutter Hook made by Gary Products Group, Lubbock, Texas. (no date supplied).
Instructions from package back for Lites Up Ornament Hanger made by Gary Products Group, Lubbock, Texas (no date supplied).

*Primary Examiner*—Ramon O. Ramirez
*Assistant Examiner*—Michael J. Turgeon
*Attorney, Agent, or Firm*—Mallinckrodt & Mallinckrodt

[57] **ABSTRACT**

A device for clamping the wires of a string of decorative lights to Christmas tree branches is formed of a wholly integral length of flexible, but normally shape-retaining material doubled back on itself from opposite ends thereof at opposite sides of a diagonally oriented, substantially central part of the length of material to provide oppositely directed, open loop clamping portions whose openings are at respective opposite sides of but at the central part of the length of material. The flexible material is such that an opening to an open loop can expand to accept branches to be received and held in a clamping loop along with light string wires and can be rotated to open the opening when release of a branch is desired. A loop of the device is selected for clamping to a branch leaving the other loop to serve as a handle for manipulating the device and thereafter free for receiving a Christmas tree decoration.

15 Claims, 2 Drawing Sheets





FIG. 1

FIG. 2



FIG. 3

FIG. 4

FIG. 5

5,575,446

1

# CLAMPING DEVICE FOR SECURING CHRISTMAS TREE LIGHT WIRES AND/OR DECORATIONS TO CHRISTMAS TREES

## BACKGROUND OF THE INVENTION

### 1. Field

The invention is in the field of securing Christmas tree lights, garlands, and ornaments to a Christmas tree.

### 2. State of the Art

Current practice in decorating Christmas trees is generally to drape the wires which connect Christmas tree light sockets with light bulbs therein from branch to branch of the tree to spread the lights around the tree. Generally the wires are not secured to the tree branches. In many instances this means that the wires can slip from the branches, and in some instances, it is difficult to extend the lights in a desired fashion between relatively widely spaced branches. With some light sets, loops in the wire at each light socket are provided with a slide bead over the wires so the loop can be placed about the end of a branch and the slide bead moved to close the loop around the branch to secure the light sockets to desired branches. Other light sockets are provided with clips of some type to enable the light socket to be clipped to a Christmas tree branch. However, the loops and clips generally are provided with relatively large light sockets, and the miniature light sets which have become popular generally do not include any means for securing a light socket to a branch. For some currently available light sets where an upright orientation of the light is important, such as lights which simulate candles, the light socket has a hand-operated spring clip on the bottom of the light socket so the light socket can be clipped to a branch in an upright position.

Similarly to strings of lights, tinsel garlands are generally draped from branch to branch with no means of securing the garland to a branch to hold it from sliding off.

## SUMMARY OF THE INVENTION

According to the invention, a device for clamping the wires of a string of decorative lights to Christmas tree branches is formed of a wholly integral length of flexible, but normally shape-retaining material, that is doubled back on itself from opposite ends thereof at opposite sides of a diagonally oriented, substantially central part of the length of material to provide oppositely directed, open loop clamping portions whose openings are at respective opposite sides of but at the central part of the length of material. The clamping loops are generally of different sizes and either of the clamping loops may be selected for clamping a wire of a string of Christmas tree lights to a limb or branch of a Christmas tree. Selection is generally based on the size of the branch to which the device is applied. The other loop provides a handle for manipulating the device and, when in place on a branch, is free for receiving a Christmas tree ornament or other decoration, if desired. Such other loop could, if desired, receive the wire of the decorative light set or could receive a loop of a second device of the invention if additional length is required. The flexible material from which the device is made allows entry of a tree branch into a clamping loop and allows the device to be twisted so that, when desired, a loop thereof can be easily twisted and removed from a branch.

The diagonally oriented, substantially central part of the length of material forms a substantially straight central portion from the ends of which extend the open loop

2

clamping portions. These open loop clamping portions include arcuate portions which extend through at least approximately 270° from the ends of the central portion to double back on the central portion and the arcuate portions flow into relatively short straight portions which extend, preferably substantially parallel to the straight central portion and preferably spaced somewhat from the central portion, to provide openings leading into substantially circular areas formed by the arcuate portions. The relatively short straight portions terminate in end portions which extend at angles outwardly from the central portion to act as guides to the openings between the relatively short portions and the central portion. The transitions between the relatively short straight portion and the end portion are preferably of a relatively large radius compared to the radius of the transitions between the arcuate portions and the relatively short straight portions. This makes it easier to slide the device onto a branch than to slide it off of a branch.

## THE DRAWINGS

The best mode presently contemplated for carrying out the invention is illustrated in the accompanying drawings, in which:

FIG. 1 is a side elevation of a device of the invention;

FIG. 2, a perspective view of the device being applied to a Christmas tree branch and decorative light set wire to hold the wire in position on the branch;

FIG. 3, a perspective view similar to that of FIG. 2, showing the device installed on the branch;

FIG. 4, a perspective view similar to that of FIG. 2, but showing the device twisted as it is prepared for removal from the branch; and

FIG. 5, a perspective view similar to that of FIG. 2, but show the device as removed from the branch.

## DETAILED DESCRIPTION OF THE ILLUSTRATED EMBODIMENTS

Referring to FIG. 1, the clip or clamping device of the invention is formed of a length of flexible, but normally shape-retaining material that is doubled back on itself from opposite ends thereof at opposite sides of a diagonally oriented, substantially central part or portion 10 of the length to provide oppositely directed, open loop clamping portions 11 and 12, which open at passage 13 and 14, respectively, at respective opposite sides of central portion 10. Both open loop clamping portions 11 and 12 open along central portion 10.

The central portion 10 is elongate and substantially straight. At each end of the straight central portion 10 is an arcuate portion wherein the clip doubles back on itself to form the open loop elements at each end extending from the central portion 10 in opposite directions. Thus, arcuate portion 15 extends from one end of straight central portion 10, through at least approximately 270° to a relatively short straight portion 16, which preferably is substantially parallel to straight central portion 10, which extends from arcuate portion 15 toward the opposite end of central portion 10. The relatively short straight portion 16 smoothly joins an end portion 17 which extends at an angle outwardly away from the central portion 10. Arcuate portion 18 extends from the opposite end of straight central portion 10, through at least approximately 270° to a relatively short straight portion 19, again which is preferably substantially parallel to straight central portion 10, which extends toward the one end of

5,575,446

3

central portion 10. Relatively short straight portion 19 smoothly joins an end portion 20 which extends at an angle outwardly away from the central portion 10. Arcuate portions 15 and 18 extend from central portion 10 in opposite directions as do end portions 17 and 20. While the relatively short straight portions 16 and 19 could be immediately adjacent central portion 10, it is preferred that they be spaced a short distance from central portion 10 to form the openings or passages 13 between central portion 10 and relatively short straight portion 16, and passage 14 between central portion 10 and relatively short straight portion 19. Passage 13 leads to a substantially circular area 21 formed by arcuate portion 15 and passage 14 leads to substantially circular area 22 formed by arcuate portion 18.

It is important for operation of the device that it be made of a flexible material which is normally shape-retaining which will allow flexing of the open loop portions 11 or 12 to accept and receive branches of a Christmas tree therein. Thus, the arcuate portions 15 or 18 will flex so that the relatively short straight portions 16 or 19 move outwardly whereby the passages 13 or 14 leading to the circular areas 21 or 22 can be enlarged to the normal diameter of the circular areas 21 or 22. This allows passage of a Christmas tree branch into the circular area 21 or 22. The material must also be such that it will return to its original configuration after such flexing so that the arcuate portions 15 or 18 will surround more than one-half of a received branch through the extent of the arc and hold the device on the branch. Polyolefins such as polypropylene and polyethylene have been found to be satisfactory materials. Himont 1050 polypropylene works well.

Each of the open loop portion 11 and 12 will preferably be of different size, i.e., the radius of each of the arcuate portions 15 and 18 will be different, whereby a larger loop can be used for a larger branch and a smaller loop can be used for a smaller branch. However, the loops could be of substantially equal size if desired for particular applications.

As can be seen in FIG. 1, the transition 23 along passage 13 from end portion 17 to relatively short straight portion 16 is smoothly radiused as is the transition 24 from arcuate portion 15 to relatively short straight portion 16. The radius of curvature for transition 23 is relatively large compared to the radius of curvature for transition 24. It is presently preferred that the radius of transition 23 be about double the radius of transition 24. The result of this difference is that it is easier for a branch to cam passage 13 open so the branch can move into circular area 21 than it is for a branch in circular area 21 to cam passage 13 open so that it can move out of circular 21. This is desirable so that it is easy to pull the device over a branch to thereby secure the device to a branch, but so that it is difficult, when once secured, for the branch to come out of the device. This tends to prevent unwanted release of the device from the branch. It is preferred that a tangent be drawn to the midpoint of the transition, that for transition 23, it intersects the central portion 10 at an angle of between 30° and 45° and that for transition 24 it intersect the central portion 10 at an angle of between 60° and 80°. The transitions for the smaller open loop portion 12 will preferably be substantially the same as for the larger open loop portion 11.

For general indoor Christmas tree use, it is preferred that the clamping device of the invention be as unobtrusive or unnoticeable as possible. It is therefore preferred that the device be sized so that it fits within and does not extend beyond the needles extending from an average fir tree branch. It has been determined that generally an overall device length of about one and one-quarter inch meets this

4

requirement. With such length, the width of the device will be about five-eighths inch. The arcuate portion 15 of the larger open loop portion 11 has a radius of about 0.187 inch and the arcuate portion 18 of the smaller open loop portion 12 has a radius of about 0.125 inch. The radius of the transition 23 from the end portion 17 to the relatively short straight portion 16 is about 0.125 inch while the radius of the transition 24 from the arcuate portion 15 to the relatively short straight portion 16 is about 0.063 inch. The device is made of a length of polypropylene of rectangular cross section with a thickness of about 0.09 inch and a width of about 0.125 inch. Larger passage 13 is about 0.09 inch in width, about the same size as the thickness of the material from which the device is made, and the smaller passage 14 is about two-thirds the size of the larger passage at about 0.06 inch. The lengths of the two relatively short straight portions 16 and 19 are equal and are about 0.09 inches, equal to the width of the larger passage 13. End portions 17 and 20 extend outwardly at an angle of about 60° from the central portion 10.

The above measurements are currently preferred for indoor Christmas tree use, however, it should be realized that the device of the invention could be made in various sizes and, particularly, could be made in a larger size for use with large outdoor trees whose branches are generally larger than indoor Christmas trees.

In use, a user selects the particular open loop portion 11 or 12 to be used with and receive a particular branch, such as loop 11 in FIGS. 2–5, and holds the other open loop portion, 12 in FIGS. 2–5, as a handle to manipulate the device. The entrance to open loop portion 11, formed by end portion 17 leading to passage 13 is positioned adjacent a selected branch 25. If the device is being used to secure a wire 26 of a decorative light set in one of the securement arrangements of the invention, the wire 26 is placed over the branch as shown in FIG. 2 and the entrance to open loop portion 11 is positioned at the intersection of the branch and wire. The device is pulled against the branch in the direction of arrow 27. The loop will flex to enlarge passage 13 so that branch 25 will pass through passage 13 as the device is moved in the direction of the arrow 27 and pass into circular area 21. Open loop portion 11 will close around branch 25 to secure the device to the branch as shown in FIG. 3. Wire 26 is then held in place on branch 25 as shown in FIG. 3. With the current arrangement of the end portion 17 and transition 23 therefrom to relatively short straight portion 16, the device slips easily onto branch 25. With the described arrangement of the transition 24 from the arcuate portion 15 to relative short straight portion 16, it is difficult to slide the device from branch 25. A branch 25 does not have to completely fill circular area 21 for the device to be secured thereto. The branch 25 merely need be larger than passage 13 so that it does not easily pass back through the passage to release the device. Thus, the device will clamp a wire to the branch and hold it in position and will stay on the branch even when loose about the branch.

With the device of the invention secured to branch 25 as shown in FIG. 3, open loop portion 12 is available to receive and hang an ornament 28. Alternately, light string wire 26, rather than being held in place over branch 25 by open loop portion 11 around branch 25, could be positioned in and held in place by open loop portion 12. Tinsel and other garlands could be secured and held to branch 25 in the same manner as wire 26. Further, if a light wire, garland, ornament, or other item is to be supported in position at a greater distance below branch 25, one or more additional devices could be used, one hung from the other end-to-end, to support such item at any desired distance from the branch.

5,575,446

5

When it is desired to remove the device from the branch 25, a user could, using the entrance to passage 13 formed by end portion 17, flex open loop portion 11 to open passage 13 to allow the device to be removed from branch 25. A preferred method of removal, because it is easier, is to grasp the device and twist it as shown by arrow 30 in FIG. 4 to flex open loop portion 11 and straight central portion 10 so that the end of the loop formed by relatively short straight portion 16 and end portion 17 are rotated approximately 90° from their original positions to thereby open passage 13 as shown in FIG. 4, and while in that position, the device is moved upwardly in the direction of arrow 31 and removed from the branch 25. After removal, the material returns to its original configuration and the removed device is shown in FIG. 5.

While it is preferred that relatively short straight portions 16 and 19 extend parallel to central portion 10, this is not necessary and in some instances, particularly with the smaller loop, warpage during cooling of the device after molding may result in portion 19 extending at an angle to central relatively short straight portion 10.

While it is preferred that the branch on which the device is secured fits within the space normally formed by the arcuate portion, with the materials used and the configuration of the device as shown, even if the branch is somewhat bigger than the opening normally formed by the arcuate portion, the device will flex and effectively clamp and hold the branch.

Whereas this invention is here illustrated and described with reference an embodiment thereof presently contemplated as the best mode of carrying out such invention in actual practice, it is to be understood that various changes may be made in adapting the invention to different embodiments without departing from the broader inventive concepts disclosed herein and comprehended by the claims that follow.

We claim:

1. A device for clamping the wires of a string of Christmas tree lights to Christmas tree branches and at the same time providing for attachment of a tree decoration, comprising a wholly integral length of flexible but normally shape-retaining material that is doubled back on itself from opposite ends thereof at opposite sides of a diagonally oriented, substantially central part of said length to provide oppositely directed, open loop clamping portions whose openings are at respective opposite sides of but at said central part of said length, said openings formed by relatively short straight portions substantially parallel to the central part of said length, whereby either of said clamping loops may be selected for clamping of a wire of a string of Christmas tree lights to a branch of the Christmas tree, leaving the other free for receiving a Christmas tree decoration.

2. A device according to claim 1, wherein the flexible, normally shape-retaining material is a polyolefin.

3. A device according to claim 2, wherein the polyolefin is polypropylene.

4. A device according to claim 1, wherein the clamping loops are of different sizes so that selection of the clamping loop is based upon the size of the branch to which the wire is to be clamped.

5. A device for securing the wire of a decorative light string or an ornament to a Christmas tree comprising:

6

an elongate, substantially straight central portion having opposite ends;

a first arcuate portion extending in a direction from one end of the central portion through an arc of at least approximately 270° to a first arcuate portion end;

a first relatively short straight portion extending from the first arcuate portion end toward the opposite end of the substantially straight central portion, said first relatively short straight portion being substantially parallel with said substantially straight central portion and having a first relatively short portion end toward said opposite end;

a first end portion extending from the first relatively short portion end at an angle outwardly away from the central portion;

a second arcuate portion extending from the opposite end of the central portion in a direction opposite to the direction of the first arcuate portion through an arc of at least approximately 270° to a second arcuate portion end;

a second relatively short straight portion extending from the second arcuate portion end toward the one end of the substantially straight central portion, said second relatively short straight portion being substantially parallel with said substantially straight central portion and having a second relatively short portion end toward said one end; and

a second end portion extending from the second relatively short portion end at an angle outwardly away from the central portion;

all portions of said device being unitarily formed of a flexible, normally shape-retaining material to allow said first arcuate portion to bend to allow a tree branch to pass between the central portion and first relatively short straight portion to be received within a space within the first arcuate portion and to allow said first arcuate portion to be twisted sufficiently when desired to allow escape of a received tree branch from the space within the first arcuate portion.

6. A device according to claim 5, wherein the first and second relatively short straight portions are spaced from the central portion to provide an opening therebetween.

7. A device according to claim 5, wherein the flexible material allows the second arcuate portion to bend to allow a tree branch to pass between the central portion and the second relatively short straight portion to be received within a space within the second arcuate portion and to allow the second arcuate portion to be twisted sufficiently when desired to allow escape of a received tree branch from the space within the second arcuate portion.

8. A device according to claim 5, wherein each arcuate portion extends at a constant radius along its length.

9. A device according to claim 8, wherein the first arcuate portion has a first radius and the second arcuate portion has a second radius, and wherein the first and second radii are different, whereby the space within one arcuate portion is larger than the space within the other arcuate portion so that larger branches may be received within the larger space.

10. A device according to claim 5, including a smooth arcuate transition of substantially constant radius from the first end portion to the first relatively short portion and a smooth arcuate transition of substantially constant radius from the first arcuate portion to the first relatively short portion, wherein the radius of the transition from the first

5,575,446

7

end portion to the first relatively short portion is larger than the radius of the transition from the first arcuate portion to the first relatively short portion, whereby it is easier to slide the device onto a branch than it is to slide the device off of a branch.

11. A device according to claim **10**, wherein the larger radius is about twice the smaller radius.

12. A device according to claim **10**, including a smooth arcuate transition of substantially constant radius from the second end portion to the second relatively short portion and a smooth arcuate transition of substantially constant radius from the second arcuate portion to the second relatively short portion, wherein the radius of the transition from the

8

second end portion to the second relatively short portion is larger than the radius of the transition from the second arcuate portion to the second relatively short portion, whereby it is easier to slide the device onto a branch than it is to slide the device off of a branch.

13. A device according to claim **12**, wherein the larger radius is about twice the smaller radius.

14. A device according to claim **5**, wherein the flexible, normally shape-retaining material is a polyolefin.

15. device according to claim **14**, wherein the polyolefin is polypropylene.

* * * * *

(12) **United States Design Patent**

Kalat

(10) Patent No.: **US D493,092 S**

(45) **Date of Patent:** ** **Jul. 20, 2004**

(54) **SNAP-TYPE UTILITY HOOK**

(75) Inventor: **Edward W. Kalat,** Southington, CT (US)

(73) Assignee: **Southington Tool & Manufacturing Corporation,** Plantsville, CT (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/187,188**

(22) Filed: **Jul. 29, 2003**

(51) LOC (7) Cl. ..................................................... **08-05**

(52) U.S. Cl. ......................................... **D8/367;** D8/370

(58) Field of Search .......... D8/367, 370; 248/302–303;
24/601.4, 298, 599.8, 599.9, 600.9, 265 R, 265 H

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 25,082 | A | * | 8/1859 | Pollack ...................... 24/600.9 |
| 437,380 | A | * | 9/1890 | Lundborg .................. 24/600.9 |
| 721,071 | A | * | 2/1903 | McGill ...................... 248/302 |
| 804,273 | A | * | 11/1905 | Smith ....................... 24/600.9 |
| 5,913,479 | A | * | 6/1999 | Westwood, III ............. 24/298 |
| 6,230,375 | B1 | * | 5/2001 | Catlett ...................... 24/599.8 |
| 6,427,296 | B1 | * | 8/2002 | Chang ....................... 24/601.4 |

OTHER PUBLICATIONS

I–FUJII Enterprise, Co. Ltd., p. 55, Aug. 15, 1995, hook located in middle of page.*

* cited by examiner

*Primary Examiner*—Holly Baynham

(74) *Attorney, Agent, or Firm*—Alix, Yale & Ristas, LLP

(57) **CLAIM**

The snap-type utility hook, as shown and described.

**DESCRIPTION**

FIG. 1 is a front view of a first embodiment snap-type utility hook showing my new design;

FIG. 2 is a left side view of the snap-type utility hook of FIG. 1;

FIG. 3 is a right side view of the snap-type utility hook of FIG. 1;

FIG. 4 is a rear view of the snap-type utility hook of FIG. 1;

FIG. 5 is a top plan view of the snap-type utility hook of FIG. 1;

FIG. 6 is a bottom plan view of the snap-type utility hook of FIG. 1;

FIG. 7 is a front view of a second embodiment of a snap-type utility hook showing the new design;

FIG. 8 is a left side view of the snap-type utility hook of FIG. 7;

FIG. 9 is a right side view of the snap-type utility hook of FIG. 7;

FIG. 10 is a rear view of the snap-type utility hook of FIG. 7;

FIG. 11 is a top plan view of the snap-type utility hook of FIG. 7;

FIG. 12 is a bottom plan view of the snap-type utility hook of FIG. 7;

FIG. 13 is a frontal perspective view of the snap-type utility hook of FIG. 7; and,

FIG. 14 is a rear perspective view of the snap-type utility hook of FIG. 1.

**1 Claim, 3 Drawing Sheets**



**U.S. Patent**    Jul. 20, 2004    Sheet 1 of 3    US D493,092 S



FIG. 4



FIG. 3

FIG. 5



FIG. 1

FIG. 6



FIG. 2



*FIG. 10*



*FIG. 9*

*FIG. 11*



*FIG. 7*

*FIG. 12*



*FIG. 8*

**U.S. Patent**        Jul. 20, 2004        Sheet 3 of 3        US D493,092 S



_FIG. 13_



_FIG. 14_

US00D560924S

(12) **United States Design Patent**      (10) Patent No.:      **US D560,924 S**

Walker      (45) Date of Patent:      **      **Feb. 5, 2008**

(54) **COMBINATION SHOWER CURTAIN HOOK AND PICTURE FRAME**

(75) Inventor: **David Lamont Walker**, Chester, PA (US)

(73) Assignee: **Zenith Products Corp.**, New Castle, DE (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/247,257**

(22) Filed: **Jun. 8, 2006**

(51) LOC (8) Cl. .................................................. **06-04**

(52) U.S. Cl. ........................... **D6/396**; D6/300; D8/367

(58) **Field of Classification Search** ......... D6/300–314, D6/315, 323, 328, 580, 370, 397; D8/367, D8/349; 211/13.1, 85.3, 86.01, 183; 160/39, 160/330; 248/339, 301, 304, 214–215; D3/210; 16/87.2; 40/700, 725, 717

See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 267,938 A | 11/1882 | Rings | |
| 396,604 A | 1/1889 | Rings | |
| 397,419 A | 2/1889 | Day | |
| 400,348 A | 3/1889 | Lawrence | |
| 460,793 A | 10/1891 | Rings | |
| 578,424 A | 3/1897 | Rings | |
| 659,534 A | 10/1900 | Kroder | |
| 686,124 A | 11/1901 | Parker | |
| 699,507 A | 5/1902 | Erich | |
| 805,919 A | 11/1905 | Kroder | |
| 913,261 A | 2/1909 | Clark | |
| 1,020,776 A | 3/1912 | Parry | |
| 1,224,624 A | 5/1917 | Fjellman | |
| 1,857,293 A | 5/1932 | Vroom | |
| 2,320,003 A | 5/1943 | Madan | |
| 3,223,373 A * | 12/1965 | Molinaro | ..................... 248/339 |
| 3,315,297 A | 4/1967 | Bender | |
| 4,887,785 A * | 12/1989 | Blaich | ........................ 248/339 |
| 4,979,712 A | 12/1990 | Rios | |

| | | | |
|---|---|---|---|
| D350,279 S | 9/1994 | Tate | |
| 5,575,446 A * | 11/1996 | Swenson et al. | ........... 248/304 |
| D398,516 S * | 9/1998 | Brown et al. | ............... D8/370 |
| D400,425 S * | 11/1998 | Goodman et al. | ......... D8/367 |
| D428,802 S * | 8/2000 | Villano et al. | ............... D8/367 |
| D439,144 S | 3/2001 | Ho | |
| D441,584 S | 5/2001 | Ho | |
| D456,696 S | 5/2002 | Samelson | |
| D459,201 S | 6/2002 | Michaelson | |
| D469,682 S * | 2/2003 | Gary et al. | .................. D8/367 |
| 6,530,120 B2 | 3/2003 | Samelson | |
| D485,431 S * | 1/2004 | Hsu | ............................ D3/210 |
| D489,249 S * | 5/2004 | Moore | ......................... D8/367 |
| D495,242 S * | 8/2004 | Kucera et al. | .............. D8/367 |
| D496,849 S * | 10/2004 | Abdi et al. | ................. D8/367 |
| D505,315 S * | 5/2005 | Snell | .......................... D8/367 |
| D505,614 S * | 5/2005 | Barrese | ...................... D8/367 |
| D515,912 S * | 2/2006 | Snell | .......................... D8/367 |
| D535,110 S * | 1/2007 | Hoernig | ...................... D6/323 |

* cited by examiner

*Primary Examiner*—Caron D. Veynar

*Assistant Examiner*—Sydney R Buffalow

(74) *Attorney, Agent, or Firm*—Akin Gump Strauss Hauer & Feld LLP

(57) **CLAIM**

The ornamental design for a combination shower curtain hook and picture frame, as shown and described.

**DESCRIPTION**

FIG. **1** is a front perspective view of a combination shower curtain hook and picture frame in accordance with my new design;

FIG. **2** is a front elevational view thereof;

FIG. **3** is a rear elevational view thereof;

FIG. **4** is a left side elevational view thereof;

FIG. **5** is a right side elevational view thereof;

FIG. **6** is a top plan view thereof; and,

FIG. **7** is a bottom plan view thereof.

**1 Claim, 4 Drawing Sheets**





**FIG. 1**



*FIG. 2*



*FIG. 3*



*FIG. 4*

*FIG. 5*



**FIG. 6**



**FIG. 7**

US00D644438S

(12) **United States Design Patent**

Brucker

(10) Patent No.: **US D644,438 S**

(45) Date of Patent: ** **Sep. 6, 2011**

(54) **HANGER FOR A PURSE OR THE LIKE**

(76) Inventor: **Lester A. Brucker**, Chokoloskee, FL (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/364,377**

(22) Filed: **Jun. 23, 2010**

(51) LOC (9) Cl. .................................................. **03-01**

(52) U.S. Cl. ...................................................... **D3/328**

(58) **Field of Classification Search** .................. D3/328; D8/367, 370; D6/323; 248/215, 302–303
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D229,870 | S | * | 1/1974 | Czarny ........................... D3/328 |
| D384,505 | S | * | 10/1997 | Stewart .......................... D3/328 |
| D400,425 | S | * | 11/1998 | Goodman et al. ............. D8/367 |
| D408,723 | S | * | 4/1999 | Goodman et al. ............. D8/367 |
| D429,899 | S | * | 8/2000 | Schwartz ....................... D6/327 |
| D435,733 | S | * | 1/2001 | Osterholt ....................... D3/328 |
| D465,653 | S | * | 11/2002 | Fuschillo ...................... D3/328 |
| D514,319 | S | * | 2/2006 | King et al. ..................... D3/328 |
| 7,322,554 | B2 | * | 1/2008 | Caroselli et al. ............. 248/304 |
| D596,859 | S | * | 7/2009 | Castaline et al. ............. D3/328 |
| D599,188 | S | * | 9/2009 | Ingalsbe et al. ............... D8/328 |
| D611,330 | S | * | 3/2010 | Barrese ......................... D8/367 |

* cited by examiner

*Primary Examiner* — Holly Baynham

(57) **CLAIM**

For the ornamental design of a hanger for a purse or the like, as shown and described.

**DESCRIPTION**

FIG. **1** is a perspective view of the hanger
FIG. **2** is a front elevation view
FIG. **3** is a left side elevation view, the right side being a mirror image;
FIG. **4** is a rear elevation view.

1 Claim, 4 Drawing Sheets



Fig 1



**Fig 2**



**Fig 3**



# Fig 4