IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACKI EASLICK, LLC, et al., | ) |
| Plaintiff, | ) ) ) Case No. 2:23-cv-02000 |
| v. | ) ) |
| CJ EMERALD, *et al.*, | ) ) ) |
| Defendants. | ) |

**Defendants' Motion to Unseal Case**

**NOW COME** certain Defendants[1] ("Defendants"), by and through its undersigned counsel, and hereby respectfully move this Honorable Court to unseal the case or, at a minimum, unseal all but perhaps certain documents.

1. At a time unknown to Defendants, Plaintiff filed its complaint and an *ex parte* motion for entry of a temporary restraining order, which was granted.

2. At a time unknown to Defendants, Plaintiff filed a motion for leave to file under seal, which was granted. As of December 6, 2023, the entire case is filed under seal and cannot be accessed through PACER.

3. "The creditability of our system of justice is predicated on the openness of its processes and proceedings," and the Third Circuit "has affirmed that there exists a common law right of public access to judicial proceedings and records." Pugliano v. Grace Holmes, Inc., 2012 WL 1866380 at *1 (W.D. Pa. May 22, 2012). "[T]he common law presumes that the public has a right of access to judicial materials," which "includes the right to…inspect and copy public records and documents, including judicial records and documents." In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig., 924 F.3d 662, 672 (3d Cir. 2019). Defendants have a particular interest in the

---

[1] Maybeller, Nishuna, Qikita, ThinkCreators, Feperig, M.Meteorite, Robiteno, Herlloy, Jagogh Yson, Patrick Yao, Limicounts, Colored Flag, BESTOYARD, Full of stars.min

evidence and record upon which the Court granted Plaintiff its extraordinary relief and moreover, the public has a legitimate interest in this legal proceeding's record that outweighs the benefit of sealing the entire proceeding. In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig., 924 F.3d 662, 666 (3d Cir. 2019) ("concern about a company's public image, embarrassment, or reputational injury, without more, is insufficient to rebut the presumption of public access."); Pepsico, Inc. v. Redmond, 46 F.3d 29 (7th Cir. 1995) (finding that sealing the entire proceedings was "such an extraordinary request [that] requires an extraordinary justification," and that "holding trade secrets in confidence is one thing, *holding entire judicial proceedings in confidence quite another*.") (emphasis added); Brown & Williamson Tobacco Corp. v. F.T.C., 710 F.2d 1165, 1179 (6th Cir. 1983) (The "natural desire of parties to shield prejudicial information contained in judicial records from competitors and the public" is insufficient to justify seal where public access would not reveal legitimate trade secrets).

4. Defendants, if not other parties to the case or the public, have a substantive interest in viewing the case's docket in its entirety. The TRO has already been effected against Defendants and their accounts have been restrained, and there is no justification or good cause for maintaining the *entire record* under seal at this point in the case. At a minimum, the case should be unsealed except for matters for which good cause still exists to remain sealed.

**WHEREFORE**, for the foregoing reasons, Defendants respectfully request that this Honorable Court enter an Order.

A. Unsealing the case, or at least those portions for which good cause to remain sealed has not been shown; and

B. For any other relief as the Court deems just and proper.

Dated this December 6, 2023

                                        Respectfully Submitted,

                                        /s/ Adam E. Urbanczyk

Adam E. Urbanczyk
AU LLC
444 W. Lake St. 17th Floor
Chicago, IL 60606
(312) 715-7312
adamu@au-llc.com
*Counsel for Defendants*