IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACKI EASLICK, LLC, et al., | |
| Plaintiffs, | Civil Action No. 23-cv-2000 |
| v. | (Judge Stickman) |
| CJ EMERALD, *et al.*, | |
| Defendants. | |

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION [ECF NO. 38]**

Plaintiffs, through undersigned counsel, file their reply to the Maybeller Group defendants' response to motion for preliminary injunction [ECF No. 38]:[1]

## I. INTRODUCTION

Thirty-seven defendants, controlled by one entity (the "Maybeller Group") in violation of Amazon rules, have retained Chicago-based counsel to challenge the entry of a preliminary injunction in this case to increase their leverage in settlement discussions. In his home district (Northern District of Illinois), however, counsel for the Maybeller Group defendants files these types of lawsuits. (*Ference Dec.,*[2] ¶¶ 1-2) Indeed, the most recently filed case filed by counsel for the Maybeller Group defendants was filed four days after the present case. *Trademark Rights Holder Identified in Exhibit 1 v. The Individuals, Partnerships, and Unincorporated Associates Identified on Schedule A*, NO. 23-cv-16216 (N.D. Ill. Nov., 241, 2023), and a temporary

---

[1] The defendants that filed the response to the Plaintiff's motion for preliminary injunction are: abel tang, ATriss, BESTOYARD, Bonnie Child, Colored Flag, Entertainment First, Facing the Ocean, Feperig, Full of stars.min, Gardeish, hemphill hen, Herlloy, Jagogh yson, Jonercey, Karin Yang, Limicounts, LIPU Hooker, Lmposing, M.Meteorite, Maybeller, Nishuna, Patrick Yao, PBFZ, Qikita, Robiteno, Shannon Wenha, Si Peihong, sinuoxiang, Somirow, Surmounty, ThinkCreators, Thomas Zack Yang, tracy Zhong, Travelna, Vitong, zara lei, ZHONG ROY. Counsel for these defendants have identified the defendants as part of the "Maybeller Group."

[2] Refers to December 18, 2023 Declaration of Stanley D. Ference III, filed herewith.

1

restraining order was entered on November 30, 2023. [DE 11] A preliminary injunction has not yet been entered.

Outside of his home district, however, counsel for the Maybeller Group defendants takes a different position – the only case properly brought is one which he brings. Counsel has appeared in several cases in this District in which declarations from his clients have been submitted and have been found to have issues. *Pawsome Pet Products LLC v. Colorflowers*, No. 22-cv-629 [ECF No. 153] (W.D. Pa. June 22, 2023) (Chief Judge Hornak) at 6 (Contrary to statement in declaration that various emails went to spam folder, "Defendant must have marked the message as spam … approximately seven (7) months after the relevant email messages were delivered and approximately two (2) months after Defendant filed the instant motion."). Indeed, after his client's motion was denied, defense counsel did not further appear and the Court entered a default judgment (including against defense counsel's client); and *Aquapaw Brands LLC v. Yan-Peng*, No. 21-cv-1784 [ECF No. 88] (W.D. Pa. May 18, 2023) (Judge Weigand) at 6 (Contrary to statements in declaration, "upon conducting jurisdictional discovery, Aquapaw uncovered evidence that KingwaraUS received eight emails about this litigation and deliberately moved them to its spam folder.").

In the instant case, U.S. small businesses Jacki Easlick LLC and JE Corporate LLC ("Plaintiffs"), owned and operated by Jaquelyn Easlick, were attacked by China-based defendants named in Schedule A to the Complaint. [ECF No. 2] Jacquelyn invented a handbag hanger hook that did not exist in the marketplace until she introduced it. She obtained a design patent to protect her intellectual property. It sold well until the defendants entered the online marketplace and then sales plummeted. The defendants named in this case, including the responding defendants ("Maybeller Group"), were all selling a patent infringing version of

Plaintiffs' handbag hanger hook at the time of the pre-filing investigation. As set forth in the Complaint, these defendants cooperated, coordinated, and communicated in order to divert Plaintiffs sales. A group of more than half of the defendants, the Maybeller Group defendants now oppose the Plaintiffs' motion for preliminary injunction, which if granted, would continue the restraints already ordered in the Court's temporary restraining order [ECF No. 22].

In support of the temporary restraining order and the preliminary injunction, the Plaintiffs submitted to the court, the expert declaration of Nicholas Mesiti, Esquire, who opined that the Plaintiffs' patent was both valid and was infringed by the products offered by all the defendants in the lawsuit, including the responding defendants. [ECF No. 11] Responding defendants, relying upon legal argument alone, submit that Plaintiffs cannot show likelihood of success on the merits as to the patent infringement claim. Finally, these defendants, based upon a single self-serving declaration, argue that the amounts in the restrained accounts should be reduced to what they claim are the profits they took from Plaintiffs. Since legal argument does not overcome the expert opinion offered by the Plaintiffs and there has been no discovery at all to determine what Plaintiffs damages are, the Court should grant the Plaintiffs' motion for preliminary injunction and deny these defendants requests to reduce the amount restrained.

## II.  BACKGROUND

This lawsuit was brought against sixty-seven defendants, thirty-seven of whom are opposing the entry of a preliminary injunction. These sixty-seven defendants sold nearly 110,000 units of infringing product. (*Ference Dec.*, ¶ 3) Defense counsel has represented the thirty-seven defendants opposing the preliminary injunction are owned by the same entity, the Maybeller Group, notwithstanding that the information provided by Amazon shows these sellers

are separate and unrelated. Below is a list of the information provided by Amazon for each seller.

| No. | Seller ID | Store Name | Merchant Name | Declarant |
|---|---|---|---|---|
| 2 | A3MTCP3IQLZNRV | ABEL TANG | shenzhenshi putiantongqing kejiyouxiangongsi | Xiaowen Li |
| 4 | A10OALJ1RBHQF0 | ATRISS | shenzhenshi atelisi maoyi youxiangongsi | Xiaowen Li |
| 6 | ABULJIGL0O21W | BESTOYARD | shenzhenjiudubianhongmaoyiyouxiangongsi | Xiaowen Li |
| 8 | A1OQ5NNQCW35O8 | BONNIE CHILD | si chuan yi yang wei la ke ji you xian gong si | Xiaowen Li |
| 11 | A3NWH1DUS5URSC | COLORED FLAG | shenzhen fengying keji youxiangongsi | Xiaowen Li |
| 13 | A2OLICMJ2QKQ00 | ENTERTAINMENT FIRST | guangzhou zehuanyu keji youxiangongsi | Xiaowen Li |
| 14 | A103CZTCYOW16D | FACING THE OCEAN | shenzhenshi hufankeji youxiangongsi | Xiaowen Li |
| 15 | A20VQ8XEWNU4LL | FEPERIG | shenzhenshimaimeidianzishangwuyouxiangongsi | Xiaowen Li |
| 17 | AUGSIV2BX89DB | FULL OF STARS.MIN | shenzhen zhaoyiqi kejiyouxiangongsi | Xiaowen Li |
| 18 | A1OQFKSB2W8HKQ | GARDESIH | shenzhenshishengchengyikejiyouxiangongsi | Xiaowen Li |
| 20 | A352XCDI8JP28N | HEMPHILL HEN | shenzhenshi tianyuan dianzishangwu youxiangongsi | Xiaowen Li |
| 21 | A3VPP7J0858G9G | HERLLOY | shenzhenshi yongzhishun maoyiyouxiangongsi | Xiaowen Li |
| 24 | A1OAE621SUHTP8 | JAGOGH YSON | SHENZHEN JIA GAO YONG XIN MAO YI YOU XIAN GONG SI | Xiaowen Li |
| 26 | AM28U4LJBMGBV | JONERCEY | shenzhenshi jingguanweiting kejiyouxiangongsi | Xiaowen Li |

| No. | Seller ID | Store Name | Merchant Name | Declarant |
|---|---|---|---|---|
| 28 | A309RHGROK6DKQ | KARIN YANG | guangzhou tahuiru keji youxiangongsi | Xiaowen Li |
| 31 | A368RSCGNM9U8G | LIMICOUNTS | shenzhen jiatuo kuajing baozhuang keji Co.,Ltd | Xiaowen Li |
| 32 | A22X4DJTQ1LUSP | LIPU HOOKER | shenzhen simaokai maoyi youxiangongsi | Xiaowen Li |
| 34 | AXGP09LN8AQBX | LMPOSING | shenzhenshi yukouxing keji youxiangongsi | Xiaowen Li |
| 36 | A2URDN5CO5XHU3 | M.METEORITE | guangzhou yunxing keji youxiangongsi | Xiaowen Li |
| 37 | A3SFYBY0BJ0FKL | MAYELLER | shenzhenshi mabeier maoyi youxiangongsi | Xiaowen Li |
| 42 | A3FLQ4V9O6ROV3 | NISHUNA | shenzhenshi naixiuna maoyi youxiangongsi | Xiaowen Li |
| 43 | A3L41A09LHW44R | PATRICK YAO | guangzhou mulibo maoyi youxiangongsi | Xiaowen Li |
| 44 | A270EHDBEPJFXT | PBFZ | yuzhoushi tiaoli maoyiyouxiangongsi | Xiaowen Li |
| 46 | A16OOCACS0L1H5 | QIKITA | shenzhenshi qijita maoyi youxiangongsi | Xiaowen Li |
| 47 | A2VSX5O6IUX7B1 | ROBITENO | shenzhenshiyuxuxiangkejiyouxiangongsi | Xiaowen Li |
| 48 | AVMGE4APEA1IU | SHANNIN WENHA | shenzhen xiangnongwenha keji youxiangongsi | Xiaowen Li |
| 49 | A3KJ02X2DGWZJK | SI PEIHONG | guangzhou sipeihong keji youxiangongsi | Xiaowen Li |
| 50 | A12BYDUYOSU6VI | SINUOXIANG | shenzhenshi nuoxiangsi keji youxiangongsi | Xiaowen Li |
| 51 | A2JX0XCNBXIC4 | SOMIROW | Shenzhenshi FuHengTongDa Translation Co.,Ltd. | Xiaowen Li |
| 52 | A1A2IFMUH5Y33S | SURMOUNTY | ShenZhenShi HengChengYou Technology Co.,Ltd | Xiaowen Li |

| No. | Seller ID | Store Name | Merchant Name | Declarant |
|---|---|---|---|---|
| 53 | A249NIEGQOAWEI | THINKCREATORS | shenzhen chuangkechuangxiang keji Co.,Ltd | Xiaowen Li |
| 54 | A38SSFCRCBKLEZ | THOMAS ZACK YANG | shenzhenshiruiqianshengkejiyouxiangongsi | Xiaowen Li |
| 55 | A26RSV9N9NW3ZX | TRACY ZHONG | shenzhenshi menglingxuan kejiyouxiangongsi | Xiaowen Li |
| 56 | ASFCE8Q7QGH3O | TRAVELNA | qingdaopixingdaiyue wangluokejiyouxiangongsi | Xiaowen Li |
| 59 | A1V5IGNQ5W58RK | VITONG | guangzhou zhengweitong dianzishangwu youxiangongsi | Xiaowen Li |
| 63 | A2D47Z3REZKALD | ZARA LEI | shenzhenshi songmiaozan maoyiyouxiangongsi | Xiaowen Li |
| 67 | A2M32LDHISYHL6 | ZHONG ROY | shenzhenshiruiqianshengkejiyouxiangongsi | Xiaowen Li |

There is no explanation set forth in the single declaration submitted that covers each store included in the Maybeller Group of defendants as to how the person is authorized by the store to submit the declaration. Nor do the purportedly restrained amounts agree with the information provided by Amazon. (*Ference Dec.,* ¶¶ 4 - 5) Such inconsistencies are far too common in the declarations submitted by the clients of counsel for the Maybeller Group.

The two largest sellers of product according to Amazon are LiteViso, which has sold over 45,000 units of infringing product and Home Deputy, which has sold nearly 16,000 units of infringing product. (*Ference Dec.*, ¶ 6) Neither of these stores, however, are part of the Maybeller Group. Moreover, neither of these stores has much money in its Amazon account and certainly not enough for an equitable disgorgement of their total profits for the sales on Amazon. (*Id.* at 7) As most sellers sell on more than one platform, a seller's sales on Amazon represent

only a portion of the seller's total sales of infringing product.  No discovery has yet occurred as to the total sales on all platforms by any defendant.  The amount of funds restrained for the Maybeller Group defendants would not cover an equitable disgorgement of the other defendants' profits, for which the Maybeller Group defendants are jointly and severally liable.

## II.  ARGUMENT

The Maybeller Group defendants have not presented any evidence, just legal argument, that their product does not infringe on the Plaintiffs' patent, but that is not sufficient to overcome the expert evidence presented by the Plaintiffs in their application for injunctive relief in this case.  Moreover, the amount of the asset restraint should not be reduced, particularly in view of the Maybeller Group defendants' joint and several liability with all defendants.  This Court has the authority to issue the assets restraint.

**A. Based upon the Expert Declaration of Nicholas Mesiti, Esq, the Plaintiffs have established a likelihood of success on the merits.  Legal argument is not sufficient to overcome that showing and this Court should grant the Plaintiffs' motion for preliminary injunction.**

The decision to grant a preliminary injunction is within the discretion of the district court.  *See* 35 U.S.C. § 283; *Purdue Pharma L.P. v. Boehringer Ingelheim GMBH*, 237 F.3d 1359, 1363 (Fed. Cir. 2001).  Relying solely on their own attorney's legal argument, these Defendants contend that their products do not infringe on the Plaintiffs' patent.  Determination of design patent infringement involves a two-step analysis.  First, the claim must be properly construed to determine its meaning and scope.  Second, the properly construed claim must be compared to the accused design to determine whether there has been infringement.  *Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1577 (Fed.Cir.1995).  Here, the defendants improperly focus on details and individual elements of the design, rather then the overall impression, as required in *Amini Innov. Corp v. Anthony Calif., Inc.* 439 F. 3d 1365, 1371 (Fed. Cir. 2006).

Turning to the Plaintiffs evidence before the Court, in his 18-page declaration with 20 exhibits comprising a thorough analysis of the Plaintiffs' design patent, the file wrapper history, the claims, and the accused products, Attorney Mesiti concludes that the Plaintiffs' patent is valid and that each of the defendants' accused products infringe on the Plaintiffs' patent. (ECF No. 11). This evidence cannot be overcome by mere attorney argument, especially when that argument makes no mention of a review of the file wrapper history nor the first office action allowance leading up to the grant of the Plaintiffs' patent. In view of this overwhelming countervailing evidence of record, Defendants' legal argument does not raise a "substantial question" of infringement necessary to defeat a preliminary injunction motion. *See Purdue Pharma L.P. v. Boehringer Ingelheim GMBH*, 237 F.3d 1359, 1363 (Fed. Cir. 2001) (citation omitted). Thus, the evidence that the Plaintiffs submitted to the Court in obtaining the temporary restraining order equally supports the grant of the motion for the preliminary injunction in this case.

> **B. This court should not reduce the restrained amounts because defendants are merely minimizing the harm caused to plaintiffs and that does not reflect the true measure of recoverable damages.**

Plaintiffs disagree with the Defendants' methods for calculating damages in this case. The Patent Act, 35 U.S.C. § 270(a), provides whomever "makes, uses, offers to sell, or sells any patented invention, within the United States" has committed patent infringement. 35 U. S. C. § 284 provides that "[u]pon finding for the claimant the court shall award the claimant damages ***adequate to compensate for the infringement,*** but in no event less than a reasonable royalty for the use made of the invention by the infringer together with interests and costs as fixed by the court." (emphasis added). As is typical in these patent cases, the Defendant seeks to minimize the damages to some small fraction ("royalty") of the total it has collected through its infringement

(i.e., reasonable royalty). Clearly, Defendant is pressing for the floor for damages. Defendant ignores the other damages caused by its illegal activity (i.e, price erosion, loss of goodwill, damage to reputation, and loss of business opportunities). Moreover, the defendants are seeking a reduction based upon the one self-serving declaration claiming to present the sales and profits of all the defendants. At this early stage of the litigation, without any discovery, it is too early to quantify the damages that Plaintiffs suffered at the hands of the defendants' patent infringement. Further, reducing the restraints as requested by these defendants, whose only U.S. based funds are currently held by Amazon, will deplete the only available funds against which Plaintiffs may eventually recover a damage award. Thus, without a proper accounting, Defendants' protestations that less should be restrained are not well-supported and should be rejected.

Defendants' argument also ignores that they may be jointly and severally liable for damages in this case. The Complaint in this case alleges, among other things, that "Defendants are actively participating in a conspiracy to distribute and sell Infringing Products." Complaint, ¶ 9. And that "Defendants, on information and belief, are working together to manufacture, arrange the manufacture of and/or sell and otherwise distribute the Infringing Products." (*Id.*)

In such circumstances, Plaintiffs may show that defendants are jointly and severally liable for damages. *See Metallica v. The Partnerships and Unincorporated Associates Identified on Schedule "A,"* No. 19-cv-6791 [DE No. 31] (N.D. Ill. Dec. 2, 2019) (defendants jointly and severally liable for damages); *Hangzhou Aoshuange E-Commerce Co., Ltd. v. 008fashion*, No. 19-cv-4565 [DE No. 178] (N.D. Ill.) (Maybeller Group Defendants' counsel advocating for joint and several liability in copyright case); *Ideadvillage Products Corp. v. Liuzhou Weimao Mobile Accessory Co., Ltd.*, 2021 WL 3621788 (S.D.N.Y. Aug. 16, 2021) at *7 (damages awarded

jointly and severally); and *Lacoste Alligator S.A. v. 6666 Store*, No. 17-cv-60046 [DE No. 49] (S.D. Fla. June 28, 2017) (damages awarded jointly and severally).

The Maybeller Group Defendants do not address the asset restraint in view of joint and several liability for the harm their conduct has occasioned. The asset restraint is proper both as to the damages incurred by Plaintiffs by the actions taken by the Maybeller Group Defendants and the joint and several liability of the Maybeller Group Defendants. The asset restraint should not be reduced.

### C. This Court Has the Authority to Issue a Preliminary Injunction for Pre-Judgment Asset Restraint.

Plaintiffs previously addressed this issue in their *Memorandum of Law in Support of Ex Parte Application* [ECF No. 4] at 5. The Maybeller Group Defendants have not shown the Court's prior decision was incorrect.

> At the commencement of and throughout any action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment.

Fed. R. Civ. P. 64(a). These remedies include, arrest, attachment, garnishment, replevin, sequestration and corresponding or equivalent remedies. *See* Fed. R. Civ. P. 64 (b). In Pennsylvania, a pre-judgment restraint of existing assets is appropriate where a plaintiff asserts a claim for money damages.[3] *Walter v. Stacey*, 837 A.2d 1205 (Pa. Super. 2003) (injunction entered restraining assets in action seeking damages for a wrongful death); *Hoxworth v. Blinder, Robinson & Co., Inc.*, 903 F.2d 186 (3d Cir. 1990) (affirming injunction entered restraining assets in class action lawsuit).

---

[3] Fed. R. Civ. P. 64 provides "every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment."

Defendants point to *Grupo Mexicana de Desarrollo v Aliance Bond Fund*, 527 U. S. 308 (1990) as support for their position but that case is distinguishable from the present case. As discussed above, the pre-judgment restraint is authorized by Pennsylvania law. A pre-judgment restraint authorized by state law was not at issue in the *Grupo Mexicana* case. 527 U.S. at 318 n.3 ("Petitioners argue for the first time before this Court that … the availability of this injunction under Rule 65 should be determined by the law of the forum state (in this case New York). Because this argument was neither raised nor considered below, we decline to consider it.").

Furthermore, *Grupo Mexicana* deals with *money damages only* and does not involve an equitable interest. In the instant case, Plaintiffs do claim an equitable interest in the restrained accounts. The ill-gotten gains obtained by selling their infringing products ***directly flow*** into each restrained account and Plaintiffs are seeking the equitable remedy of an accounting, jointly and severally for all defendants. There was no such fact pattern in *Grupo,* or the other cases cited by these Defendants and thus it does not speak to this situation.

In countless cases in the Western District involving Schedule A defendants, this Court and its brethren have ruled it appropriate to place defendants' assets in to trust pending a final judgment.[4] Likewise, in district courts where mass online counterfeiting cases are filed, namely,

---

[4] *See, e.g., Pawesome Pet Products LLC v. Colorflowers*, No. 22-629 (May 10, 2022)(Hornak, CJ); *Broadway Pine Brands LLC v Cococity*, No. 22-510 (W.D. Pa., April 1, 2022), *Pike Brands LLC v. Teegem*, No. 22-cv-171 (February 1, 2022)(Colville, J.), *Aquapaw Brands LLC v. Yang-Peng*, No. 21-1784 (December 10, 2021)(Wiegand, J), *Aquapaw Brands LLC v. Flo Pet*, No. 21-988 (July 28, 2021)(Wiegand, J.), *Aquapaw Brands LLC v. TikToks*, No. 21-cv-696 (May 26, 2021)(Wiegand, J), *Airigan Solutions, LLC v. Belvia*, No. 20-cv-284 (April 21, 2020)(Schwab, J)(sellers on amazon.com), *Airigan Solutions, LLC v. Abagail*, No. 19-cv-503 (May 28, 2019) (Fischer, J.) (sellers on amazon.com), *Airigan Solutions, LLC v. Babymove*, No. 19-cv-166 (W.D. Pa. Feb. 14, 2019) (Fischer, J.) (sellers on amazon.com); *Airigan Solutions, LLC v. Artifacts_Selling*, No. 18-cv-1462 (W.D. Pa. Oct. 31, 2018) (Fischer, J.), *Doggie Dental, Inc. v. Ahui*, No. 19-cv-1627 (W.D. Pa. Dec. 12, 2019)(Hornak, J.)(sellers on amazon.com), *Gorge Designs v Accessmall*, et al., No 19-1454 (W.D. Pa.)(Stickman, J)(sellers on Aliexpress.com and eBay.com), *Doggie Dental Inc. v. Go Well*, No. 19-cv-1282 (W.D. Pa. Oct. 11, 2019) (Hornak, J.) (sellers on amazon.com); *Doggie Dental Inc. v. Worthbuyer*, No. 19-cv-1283 (W.D. Pa. Oct. 11, 2019) (Hornak, J.) (sellers on ebay.com), *Doggie Dental Inc. v. Max_Buy*, No. 19-cv-746 (W.D. Pa. June 27, 2019) (Hornak, J.) (sellers on ebay.com), *Doggie Dental Inc. v. Anywill*, No. 19-cv-682 (W.D. Pa. June 13, 2019) (Hornak, J.)

the Northern District of Illinois, Southern District of Florida, Southern District of New York, Northern District of Georgia, and the Western District of Pennsylvania, the combined number of cases filed between January 1, 2019 and December 18, 2023, where temporary restraining orders and preliminary injunctions restraining financial accounts were granted is 3,765. (*Ference Dec.,* ¶ 8 - 10).  In essence in this motion, Defendants ask this Court to undo years of precedent, both here and in other jurisdictions and allow Defendants to simply walk away from the Court's orders and the Court should not do that.

### III. CONCLUSION

The damages that Plaintiffs have sustained at the hands of the Defendants are existential. Plaintiffs submit that, this Court has already reviewed the evidence in support of the Preliminary Injunction and found that the Plaintiffs demonstrated likelihood of success on the merits, and should not accept mere attorney argument as a defense to the patent infringement claims made by the Plaintiffs. Further, since the Defendants are China-based, and have thus far presented only self-serving testimony about the profits they have taken from Plaintiffs, without the benefit of discovery, this Court should not reduce the asset restraints in place.

Respectfully submitted,

Dated:  December 18, 2023

/s/ Stanley D. Ference III
Stanley D. Ference III
Pa. ID No. 59899
courts@ferencelaw.com
Brian Samuel Malkin
Pa. ID No. 70448
bmalkin@ferencelaw.com

FERENCE & ASSOCIATES LLC
409 Broad Street
Pittsburgh, Pennsylvania 15143
(412) 741-8400 – Telephone
(412) 741-9292 – Facsimile
Attorneys for Plaintiff