IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACKI EASLICK, LLC, et al., | |
| Plaintiffs, | Civil Action No. 23-2000 |
| v. | Judge Stickman |
| CJ EMERALD, *et al.*, | |
| Defendants. | |

**[PROPOSED] PRELIMINARY INJUNCTION ORDER**

WHEREAS, Plaintiff filed an *Ex Parte* Application for the following: 1) a temporary restraining order; 2) an order restraining assets and Merchant Storefronts (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; and 4) an order authorizing expedited discovery against the Defendants identified on **Schedule "A"** to the Complaint and attached hereto (collectively, the "Defendants")[1]. The Court has considered the Application, the evidence in the record, and the applicable law.

WHEREAS, Plaintiff filed an Ex Parte Motion for An Order Authorizing Alternative Service on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3);

WHEREAS, On November 20, 2023, the Court entered the following Orders:

(A) (1) a temporary restraining order; (2) an order restraining assets and Merchant Storefronts, (3) an order to show cause why a preliminary injunction should not issue; and (4) an

---

[1] As alleged in the Complaint, are Defendants are all infringing on the Plaintiffs' Patent U.S. Patent No. D695,526 ("Plaintiffs' Patent"), using at least one of the Amazon.com, eBay.com, Joybuy, Temu, Wish.com, Walmart.com, and Aliexpress.com online marketplaces ("Internet Marketplaces") operating under the seller identities as set forth on **Schedule "A"** hereto (the "Seller IDs")("Infringing Products")

order authorizing expedited discovery against all of the Defendants identified on the attached Schedule "A", and the Third-Party Service Providers and Financial Institutions, in light of Defendants' intentional and willful offerings for sale and/or sales of Infringing Products ("Application"); and

(B) Order Authorizing Alternative Service on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) ("the Alternative Service Order");

WHEREAS, on November 29, 2023, upon Plaintiffs' motion the TRO and show cause hearing was extended;

WHEREAS, pursuant to the terms of the Alternative Service Order, the Defendants have been served with notice of this Show Cause Hearing; and

WHEREAS, on December 11, 2023, a group of 37 Defendants[2] filed a response to the Plaintiff's Motion for a Preliminary Injunction [ECF No. 38];

WHEREAS, on December 18, Plaintiffs file a reply to the Maybeller Group Defendants' response; and

WHEREAS, on December 19, 2023 Plaintiffs and the Maybeller Group Defendants, through counsel, appeared for the Order to Show Cause Hearing. None of the other Defendants

---

[2] ABEL TANG, ACCENCYC US, ATRISS, AUTROW, BESTOYARD, BOKWIN, BONNIE CHILD, CBTONE, CJ EMERALD, COCO'S HOUSE, COLORED FLAG, DSVENROLY DIRECT, ENTERTAINMENT FIRST, FACING THE OCEAN, FEPERIG, FITNICE OFFICIAL, FULL OF STARS.MIN, GARDEISH, GUTAPO, HEMPHILL HEN, HERLLOY, HOME DEPUTY, IDUSHOME, JACKI EASLICK, LLC, JAGOGH YSON, JE CORPORATE LLC, JINGWEI-US, JONERCEY, JRUIA, KARIN YANG, KEYBOO INC, LASENERSM, LIMICOUNTS, LIPU HOOKER, LITEVISO, LMPOSING, LUKINM, M.METEORITE, MAYBELLER, MUYUSH, MYFOLRENA OFFICIAL, MZEKGXM, NEZA-US, NISHUNA, PATRICK YAO, PBFZ, PENGWH SHOP, QIKITA, ROBITENO, SHANNON WENHA, SI PEIHONG, SINUOXIANG, SOMIROW, SURMOUNTY, THINKCREATORS, THOMAS ZACK YANG, TRACY ZHONG, TRAVELNA, UFURMATE US, UME SPORTS, VITONG, WAITKEY DIRECT, WEKIWGOT-US, YANHUSLSNE, ZARA LEI, ZEDODIER, ZGCZZ, ZHANGHETING, ZHONG ROY (Identified as "the Maybeller Group" Defendants in Plaintiffs Reply). For consistency, the Court will hereto refer to these defendants as "Maybeller Group") Defendants as well.

filed responses or contested the preliminary injunction order. Further, none of the Third-Party Service Provider(s) or Financial Institution(s) appeared. The Court having considered all of the arguments and evidence set forth in the respective parties filings, and as discussed in Court, having found good and sufficient cause to grant the injunctive relief as set forth below, and, for the reasons set forth on the record, it is hereby ORDERED:

## **ORDER**

Based on the foregoing findings of fact and conclusions of law, Plaintiffs' Application is hereby **GRANTED** as follows (the "Order"):

### **I. Restraining Order**

A. IT IS HEREBY ORDERED, as sufficient cause has been shown, the injunctive relief previously granted on November 20, 2023, and extended by further Order, shall remain in place through the pendency of this litigation, and issuing this Preliminary Injunction (hereafter "PI Order") is warranted under 15 U.S.C. § 1116, 17 U.S.C. § 502, and Federal Rule of Civil Procedure 65.

   (1) from (a) their unauthorized and unlicensed use of Plaintiffs' Patent in connection with the distribution, marketing, advertising, offering for sale, or sale of any Infringing Products; and (b) shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner products which infringe on Plaintiffs' Patent;

   (2) from secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or

any other records or evidence relating to their User Accounts,[3] Merchant Storefronts[4] or any money, securities or other property or assets of Defendants (hereinafter collectively referred to as "Defendants' Assets");

(3) effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, and/or display for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

(4) each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately cease offering for sale the Infringing Products within metatags or other markers within website source code, from use on any web page (including as the title of any product listing), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use such terms or works which is visible to a computer user or serves to direct computer searches to Internet based e-commerce stores owned, or operated by each Defendant, including the Merchant Storefronts operating under the Seller IDs;

---

[3] As defined in the Application, a "User Account" is, as defined in the Complaint, any and all accounts with online marketplace platform(s) Amazon.com, ebay.com, Alibaba.com, Aliexpress.com, Walmart.com, and wish.com, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all other persons in active concert with any of them.

[4] As defined in the Application, a "Merchant Storefront" is any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in products which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them.

(5) each Defendant shall not transfer ownership of the User Accounts or Merchant Storefronts associated with the Seller IDs;

(6) each Defendant shall preserve copies of all computer files relating to the use of any User Accounts and/or Merchant Storefronts under the Seller IDs and shall take steps necessary to retrieve computer files relating to the use of the User Accounts and/or Merchant Storefronts under their Seller IDs that may been deleted before the entry of this Order;

(7) upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to Alibaba.com US LLC (Alibaba.com) d/b/a Aliexpress.com ("Aliexpress"), Amazon.com, Inc. and its affiliate, Amazon Services LLC d/b/a Amazon.com ("Amazon"), eBay, Inc. d/b/a eBay.com ("eBay"), Joybuy Marketplace operated by Jingdong E-Commerce (Trade) Hong Kong Co. , Ltd and JD E-Commerce America (collectively, "Joybuy"), Whaleco Inc., a Delaware Corporation, which is a wholly owned subsidiary of Pinduoduo Inc. which is owned by PDD Holdings (collectively, "Temu"), Walmart.com USA LLC and Walmart, Inc. ("Walmart"), and Context Logic, Inc d/b/a wish.com ("Wish") ("Third Party Service Provider(s)"), and Zhejiang Ant Small and Micro Financial Services Group Co., Ltd. AliPay (China) Internet Technology Co. Ltd., and Alipay.com Co., Ltd. (collectively referred to as "AliPay")[5], Amazon Payments, Inc. d/b/a pay.amazon.com, and PayPal, Inc. d/b/a paypal.com ("PayPal"), Walmart d/b/a Walmart Pay ("Financial Institution(s)"), and their related companies and affiliates, shall immediately identify and restrain all funds, as

---

[5]  WorldPay US, Inc. ("WorldPay") processes transactions on behalf of Alibaba and Alipay, which may appear as "Aliexpress" on a cardholder's credit card statement.

opposed to ongoing account activity, in or which are hereafter transmitted into the accounts related to the Defendants as identified on Schedule "A" hereto, as well as all funds in or which are transmitted into (i) any other accounts of the same customer(s); (ii) any other accounts which transfer funds into the same financial institution account(s), and/or any of the other accounts subject to this Order; and (iii) any other accounts tied to or used by any of the Seller IDs identified on Schedule "A" hereto;[6]

(8) upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third-Party Service Provider(s) and the Financial Institution(s), shall immediately divert to a holding account for the trust of the Court all funds in or which are hereafter transmitted into all accounts related to Defendants identified in Schedule "A" hereto, and associated payment accounts, and any other accounts for the same customer(s) as well as any other accounts which transfer funds into the same financial institution account(s) as any other accounts subject to this Order;

(9) The Third-Party Service Provider(s) and Financial Institution(s) shall further, within five (5) business days of receiving this Order, provide Plaintiffs' counsel with all data that details (i) an accounting of the total funds restrained and identifies the financial account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into financial account(s) which have been restrained. Such restraining of the funds and the disclosure of the related financial institution account

---

[6] This Order contemplates that discovery may reveal that Defendants may have other user accounts operated by other Third-Party Service Providers and Financial Institutions and that the additionally discovery Third Party Service Providers and Financial Institutions, once identified and provided with notice, shall also be subject to the discovery, restraints and injunctions set forth in this Order.

information shall be made without notice to the account holders, until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by any Third-Party Service Provider or Financial Institution for any purpose (other than pursuant to a chargeback made pursuant to that Third Party Service Provider or Financial Institution's security interest in the funds) without express authorization of this Court;

(10) Upon Plaintiffs' request, any Internet marketplace that is provided with notice of this Order, including but not limited to the Third-Party Service Provider(s) and Financial Institution(s), shall immediately cease fulfillment of and sequester Defendants' inventory assets corresponding to the Seller IDs identified on Schedule "A" hereto in its inventory, possession, custody, or control, and hold such goods in trust for the Court during pendency of this action;

(11) this Order shall apply to the Seller IDs, associated Accounts and Merchant Storefronts, and any other seller identification names, Accounts or Merchant Storefronts, Third Party Service Provider or Financial Institution accounts which are being used by Defendants for the purpose of infringing this Order shall apply to the Seller IDs, associated Accounts and Merchant Storefronts, and any other seller identification names, Accounts or Merchant Storefronts, Third Party Service Provider or Financial Institution accounts which are being used by Defendants for offering, advertising, shipping and/or selling the Infringing Products at issue in this action and/or unfairly competing with Plaintiff;

(12) Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third-

    Party Service Provider(s) and the Financial Institution(s), subject to this Order may petition the Court to modify the asset restraint set out in this Order; and

  (13) this PI Order and the Alternative Service Order shall remain in effect during the pendency of this action or until further order of the Court, and Plaintiff shall serve the Defendants with a copy of this PI Order in accordance with the Alternative Service Order.

B. IT IS HEREBY ORDERED, as sufficient cause has been shown, that upon Plaintiffs' request, any Internet marketplace that is provided with notice of this Order, including but not limited to the Third-Party Service Providers and Financial Institutions, is hereby restrained, and enjoined from engaging in any of the following acts or omissions pending the hearing and determination of Plaintiffs' Application for a preliminary injunction, or until further order of the Court:

  (1) secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to financial accounts associated with or utilized by any Defendant or any Defendant's User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) ("Defendants' Financial Accounts") until further ordered by this Court; and

  (2) within five (5) days after receiving notice of this Order, providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts, and any other listings linked to the same sellers or linked to any other alias seller identification names being used and/or controlled by Defendants.

C. IT IS FURTHER ORDERED, as sufficient cause has been shown, that, upon Plaintiffs' request, within no later than five (5) calendar days of Plaintiffs' request:

(1) Amazon is ordered to remove any seller identified by Plaintiff from the following Amazon Standard Identification Numbers (ASIN): B07GJ1FVGC.[7];

(2) Amazon is ordered to suspend any ASIN that was associated with a product already identified by prior Order of this Court in the present lawsuit to be Counterfeit, Infringing, or unfairly competing, as designated in the Schedule A third column under "**Amazon ASIN Number(s)**" (i.e., any seller is prevented from listing for sale under the identified ASIN); and

(3) Upon Plaintiffs' request, any Third Parties are ordered to suspend any listing of a product that Plaintiffs assert infringes at least one claim of the Plaintiffs' Patent and is unfairly competing with Plaintiffs' Product.

## II. Order Authorizing Expedited Discovery

A. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

(1) Plaintiffs may propound interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiffs' counsel.

(2) Plaintiffs may serve requests for the production of documents pursuant to FRCP 26 and 34, and Defendants, their respective officers, employees, agents, servants and attorneys,

---

[7] This is the current ASIN assigned to the Plaintiffs' Product by Amazon. (Declaration of Jacklyn Easlick, ¶ 11).

and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiffs' counsel.

(3) Plaintiffs may serve requests for admissions pursuant to FRCP 26 and 36, and Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall provide written responses under oath to such requests within fourteen (14) days of service to Plaintiffs' counsel.

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within fourteen (14) days of receiving actual notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third Party Service Provider(s) and the Financial Institution(s), shall provide to Plaintiffs' counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

(1) any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the respective Third-Party Service Provider;

(2) the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided;

(3) the Defendants' methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

(4) Defendants' unauthorized and unlicensed use of Plaintiffs' Patent in connection with the distribution, marketing, advertising, offering for sale, or sale of any Infringing Products.

### III. Security Bond

IT IS FURTHER ORDERED that the $5,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this PI Order is terminated.

**SO ORDERED.**

SIGNED this _____ day of _____, 2023, at _____ __.m.
Pittsburgh, Pennsylvania

_____
UNITED STATES DISTRICT JUDGE
WILLIAM S. STICKMAN IV

## SCHEDULE "A"
## DEFENDANTS BY STORE NAME AND STORE NUMBER

| Defendant Number | Store/Seller Name | Seller ID |
|---|---|---|
| 1 | CJ Emerald | A3ND0MZAU13880 |
| 2 | abel tang | A3MTCP3IQLZNRV |
| 3 | AccEncyc US | A1K8NIP221R7C9 |
| 4 | ATriss | A10OALJ1RBHQF0 |
| 5 | Autrow | A25AZTSBUU7TNH |
| 6 | BESTOYARD | ABULJIGL0O21W |
|  |  |  |
| 8 | Bonnie Child | A1OQ5NNQCW35O8 |
| 9 | CBtone | AYWNK3AGQEBS7 |
| 10 | Coco's house | A16K77N2PMV1YI |
| 11 | Colored Flag | A3NWH1DUS5URSC |
| 12 | DSVENROLY DIRECT | A1MKZS00BWKPO |
| 13 | Entertainment First | A2OLICMJ2QKQ00 |
| 14 | Facing the Ocean | A103CZTCYOW16D |
| 15 | Feperig | A20VQ8XEWNU4LL |
| 16 | Fitnice Official | A2U392CCK26QTI |
| 17 | Full of stars.min | AUGSIV2BX89DB |
| 18 | Gardeish | A1OQFKSB2W8HKQ |
| 19 | Gutapo | A2M36ARRPOO61M |
| 20 | hemphill hen | A352XCDI8JP28N |
| 21 | Herlloy | A3VPP7J0858G9G |
| 22 | HOME DEPUTY | AN9VX73I787LY |
| 23 | IdusHome | AS8P89EQ3R0N3 |
| 24 | Jagogh Yson | A1OAE621SUHTP8 |
| 25 | JINGWEI-US | AOFXV6S5AFDMK |
| 26 | Jonercey | AM28U4LJBMGBV |
| 27 | JRUIA | A16CIVDC3LL5Y1 |
| 28 | Karin Yang | A309RHGROK6DKQ |
| 29 | Keyboo Inc | A2XJAFKGCRBSOI |
|  |  |  |
| 31 | Limicounts | A368RSCGNM9U8G |
| 32 | LIPU Hooker | A22X4DJTQ1LUSP |
| 33 | LiteViso | A25R1GJO6WZP2S |
| 34 | Lmposing | AXGP09LN8AQBX |
| 35 | Lukinm | AB4VO041YPXDP |
| 36 | M.Meteorite | A2URDN5CO5XHU3 |
| 37 | Maybeller | A3SFYBY0BJ0FKL |
| 38 | Muyush | A9QXELJ959BX8 |
| 39 | Myfolrena Official | A3AEIIDC5M2QMJ |

| Defendant Number | Store/Seller Name | Seller ID |
|---|---|---|
| 40 | Mzekgxm | AVALXF5M6J0G4 |
| 41 | NEZA-US | AUCU6AGMO0LYX |
| 42 | Nishuna | A3FLQ4V9O6ROV3 |
| 43 | Patrick Yao | A3L41A09LHW44R |
| 44 | PBFZ | A270EHDBEPJFXT |
| 45 | pengWH shop | A16M05AMS065YX |
| 46 | Qikita | A16OOCACS0L1H5 |
| 47 | Robiteno | A2VSX5O6IUX7B1 |
| 48 | Shannon Wenha | AVMGE4APEA1IU |
| 49 | Si Peihong | A3KJ02X2DGWZJK |
| 50 | sinuoxiang | A12BYDUYOSU6VI |
| 51 | Somirow | A2JX0XCNBXIC4 |
| 52 | Surmounty | A1A2IFMUH5Y33S |
| 53 | ThinkCreators | A249NIEGQOAWEI |
| 54 | Thomas Zack Yang | A38SSFCRCBKLEZ |
| 55 | tracy Zhong | A26RSV9N9NW3ZX |
| 56 | Travelna | ASFCE8Q7QGH3O |
| 57 | UFURMATE US | A23XDYARXDLA9 |
| 58 | Ume Sports | A3COCG58X0E4FG |
| 59 | Vitong | A1V5IGNQ5W58RK |
| 60 | Waitkey Direct | AC7TDTEH0EMEW |
| 61 | WEKIWGOT-US | A36V2NQA6W6DYE |
| 62 | yanhuslsne | A16DHMH6HPZMHO |
| 63 | zara lei | A2D47Z3REZKALD |
|  |  |  |
| 65 | ZGCZZ | AR1LDLTQUIZJM |
|  |  |  |
| 67 | ZHONG ROY | A2M32LDHISYHL6 |