IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACKI EASLICK, LLC, et al., | |
| Plaintiffs, | Civil Action No. 23-cv-2000 |
| v. | |
| CJ EMERALD, *et al.*, | Judge Stickman |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

Plaintiffs submit this Memorandum in Support of its Motion for Default Judgment pursuant to Fed. R. Civ. P. 55 (b)(2) seeking entry of Judgment against the defaulting Defendants ("Defendants") on the sole Count I (patent infringement) of the Complaint.

## I.   INTRODUCTION

This memorandum is filed in support of the lawsuit (as set forth in the caption above) that the Plaintiffs brought seeking relief from the tireless efforts of the online copycats trying to destroy Plaintiffs' business.

In this case, Defendants are sellers of infringing products on at least one of the online marketplaces operated by Aliexpress.com, Amazon.com, eBay.com, Joybuy, Temu.com, Walmart.com, and wish.com. Defendants engaged in patent infringement (Count I).

The remaining Defendants in this lawsuit have all defaulted and failed to cooperate in discovery. The Defendants have been properly served pursuant to Fed. R. Civ. P. 4 and are aware of this action, but nevertheless chose not to respond.  The Clerk has entered default.  The

Plaintiffs also served discovery upon Defendants, including Requests for Admission, and no response to the discovery was received.

By their default, Defendants have conceded the truth of the allegations of the Complaint. By their failure to respond to Requests for Admission, Defendants have admitted the matters therein. There are no issues of fact remaining in this suit, and a default judgment should be entered against Defendants providing for permanent injunctive relief, an award of damages under the Patent Act in the amount of $900,000.00 against each individual Defendant as listed on Schedule A for their intentional design patent infringement, a post-judgment asset restraining order, and an order authorizing the release and transfer of Defendants' assets from the Third-Party Service Provider(s) and Financial Institution(s) to satisfy the damages, in whole or in part, awarded to Plaintiff. Courts in the Western District of Pennsylvania have previously entered a default judgment against each defendant in this amount or more using a similar method for proving and calculating damages that is used here. *See, e.g., Talsiman Designs LLC v. Ladynana US*, No. 22-994 (W.D. Pa. October 20, 2022)(Schwab, J); *Doggie Dental, Inc. v Ahui, et al.*, No. 19-cv-1627 (W.D. Pa., Sept. 27, 2021) (Hornak, CJ); *Osprey LLC v. Poolwhale, et al.*, No. 20-cv-1253 (W.D. Pa. December 3, 2020) (Hardy, J); *Doggie Dental, Inc. v. Anywill*, et al., No. 19-cv-682 (W.D. Pa. August 14, 2020 (Hornak, CJ); and *Doggie Dental, Inc. v. Anywill, et al.*, No. 19-cv-746 (W.D. Pa. August 14, 2020 (Hornak, CJ).

## II. LEGAL ANALYSIS

### A. This court has jurisdiction to enter default judgment against Defendants.

This Court has jurisdiction to grant Plaintiffs' motion and enter default judgment against Defendants because the Court has subject matter jurisdiction over this action as well as personal jurisdiction over the Defendants. This Court has subject matter

jurisdiction over this action pursuant to the Patent Act. 35 U.S.C. § 271 and The All Writs Act, 28 U.S.C. § 1651(a), 28 U.S.C. §§ 1331 and 1338.

Personal jurisdiction may be established either by specific or general jurisdiction, but specific jurisdiction is appropriate in this case because of Defendants' contact with the forum. *See* 42 P. A. Cons. Stat. § 5322. The factors to consider when establishing specific jurisdiction are: "(1) the extent to which defendant 'purposefully avail[ed]' itself of the privilege of conducting activities in the State; (2) whether the Plaintiff's claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *See IMO Industries, Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3rd Cir.1998). Defendants satisfy each of the factors to establish specific personal jurisdiction.

First, Defendants purposefully availed themselves of the privilege of conducting business in Pennsylvania and this Judicial District. Defendants purposefully targeted sales of infringing products to Pennsylvania residents, and did in fact sell infringing products into Pennsylvania. *See Complaint,* ¶ 12 [ECF No. 2]. These actions are sufficient to establish jurisdiction over Defendants. 42 Pa. Cons. Stat. § 5322 (a). Second, Plaintiff's claims arise directly from actions that occurred in this Judicial District. Plaintiff purchased infringing products to determine their authenticity and had the infringing products shipped to Pennsylvania. *See Declaration of Dee Odell* [ECF No. 18]. These unauthorized and unlicensed sales of infringing products in this Judicial district establish this Court's jurisdiction over Defendants.

Lastly, this Court's exercise of specific personal jurisdiction over Defendants is "reasonable" under the constitution. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980). The record in this case does not suggest that the burden of litigation in this District is extraordinary. Defendants offered to ship and sell their infringing products to any part of the

United States. *See Complaint,* ¶ 12 [ECF No. 2]. Pennsylvania and this Court have a valid interest in the resolution of the grievances of its citizens and businesses, particularly when they potentially involve issues of [Pennsylvania] law. *See Square D Co. v. Scott Elec. Co*., No. 06-459, 2008 WL 4462298, at *12 (W.D. Pa. Sept. 30, 2008). Plaintiffs have a valid and substantial interest in having their legal rights recognized and vindicated. *Id*. Therefore, this Court's exercise of specific personal jurisdiction over Defendants is constitutionally reasonable.

**B. Joinder of the Defendants is appropriate.**

The courts in this district have universally approved the joinder of online patent infringement defendants in one case. *See Aquapaw Brands LLC v. Tiktoks*, No. 21-cv-696 (W.D. Pa., Jul. 29, 2022) (Wiegand, J.) [ECF No. 56]; *Aquapaw Brands LLC v. Flopet*, No. 21-cv-988 (W.D. Pa., Jul. 29, 2022) (Wiegand, J.) [ECF No. 58]; *Aquapaw Brands LLC v. Yan-Peng*, No. 1784 (W.D. Pa., Jul. 29, 2022) (Wiegand, J.) [ECF No. 62]; *Aquapaw LLC v. Allnice*, No. 20-1954 (W.D. Pa., Jul. 29, 2022) (Wiegand, J.) [ECF No. 85]; *Doggie Dental, Inc. v. Cdoffice*, No. 21-cv-271 (W.D. Pa., Sept. 7, 2021) (Hornak, C.J.) [ECF No. 126].

Joinder of the defendants is proper when plaintiff seeks relief "jointly, severally, or in the alternative with respect to arising out of the same transaction, occurrence or series of transactions or occurrences;" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).  There is no difference in the analysis under either Rule 20 or 35 U.S.C. § 299 of the Patent Act.  *See* 157 Cong. Rec. S5429 (daily ed. Sept. 8, 2011) (statement of Sen. Kyl observing that Section 299 "effectively codifies current law as it has been applied everywhere outside of the Eastern District of Texas").  Joinder is consistent with the strongly encouraged policy of "entertaining the broadest possible scope of action consistent with fairness to the parties." *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715. 724 (1966).

In a decision on joinder in an online counterfeiting case, the Northern District of Illinois found joinder was appropriate, stating:

> According to the Merriam-Webster dictionary, "transaction" generally involves a "reciprocal effect" or "exchange," whereas an "occurrence" is defined as something that simply "happens" or "appears." Unlike a "transaction," an "occurrence" is not necessarily the product of joint or coordinated action. The internet frequently produces occurrences that can be described as cooperative but not transactional or intentionally coordinated. Individual actions which alone may have minimal impact on society or the economy can have a substantial impact through aggregation that is only possible through the internet. Individuals on the internet can openly reach billions of people with a single click of a mouse, while at the same time hiding their identities, frustrating law enforcement. As a result, an "occurrence" of mass harm easily can be inflicted even if there is no express "transactional" coordination among the attackers.
>
> Rule 20's inclusion of the term "occurrence" should allow plaintiffs to join in a single case the defendants who participate in such unlawful occurrences, despite the lack of a "transactional link." The kind of harmful occurrences the internet enables — including mass foreign counterfeiting — were inconceivable when Rule 20 was drafted. But the Rule's inclusion of the term "occurrence" suggests that joinder is appropriate in cases alleging harm that is not strictly "transactional." *Bose Corp. v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 19-cv-7467 (N.D. Ill. Feb. 19, 2020) (Durkin, J.) at 10-11 [DE 46].

Moreover, in the present case there is something more -- the admitted allegations of the Complaint (*i.e.*, cooperating, communicating, coordinating with a common goal of creating one illegal competing marketplace). These additional activities further establish the necessary commonality to join the defendants into one action under either Rule 20 or Section 299. Thus, the well-pled factual allegations of Plaintiff's Complaint properly allege the elements for joinder and the Defendants are properly joined in this case.

Recognizing this, in the recent case of *Doggie Dental, Inc. v. CDOFFICE, et al*, No. 21-cv-271, Chief Judge Hornak ruled joinder of the Defendants was permissible because the Complaint sufficiently alleged the right to relief against the joined defendants arises **"out of the same transaction, occurrence, or series of transactions or occurrences,'** and that are "questions of

law or fact common to all the defendants." [ECF No. 126]. For at least these reasons, the Defendants are properly joined in this case. *See also Aquapaw v. Allnice,* No. 20-1954 (W.D. Pa, July 29, 2022) (Wiegand, J.) [ECF No. 85] (joinder of patent defendants appropriate when accused products or processes are the same in respects relevant to the patent).

### C. Plaintiff is entitled to a default judgment against Defendants.

#### 1. The Clerk properly entered default as to Defendants.

The Clerk of this Court enters a default "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). The Clerk entered default against Defendants because, as the docket reflects, the time for filing a responsive pleading expired.

#### 2. Factual allegations establish the defaulting Defendants' liability.

By failing to appear, contact Plaintiff, or otherwise defend against the Complaint, Defendants are deemed to have admitted every allegation therein, and the Court must only determine whether Plaintiff's Complaint properly states a claim for relief. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984); *see also Pair Networks, Inc. v. Lim Cheng Soon*, 2013 WL 452565, *1 (W.D. Pa., February 6, 2013).

Liability for patent infringement is established when a defendant "makes, uses, offers to sell, or sells any patent invention, or sells any patented invention within the United States or imports into the United States any patented invention during the term of the patent." 35 U.S.C. § 271. The well-pled factual allegations of Plaintiff's *Complaint* [ECF No. 2], including specifically those in Paragraphs 63 - 68, properly allege the elements for each of the above

claims. Furthermore, through its design patent and detailed evidence of the Defendants' infringing products, Plaintiff has proven that the Infringing Products literally infringe all elements in claim 1 of Plaintiff's Patent.

In addition to the well pled factual allegation, admitted by default, and established by the evidence, Defendants have also made certain admissions by failing to respond to the *Request for Admission* served upon them. *See Declaration of Brian Samuel Malkin in Support of Motion for Entry of Default Judgment and Permanent Injunction Judgment* ("*Malkin Dec in Support of DJ.*"), ¶ 5. These deemed admissions include the following:

> At all times relevant hereto, Defendant knew that Plaintiff owned US Design Patent No. 695,526 ("Plaintiff's Patent"), and Defendant knew that Plaintiff had the exclusive right to use and license its intellectual property and the goodwill associated therewith.
>
> Despite having the knowledge that you had no license or legal authority to do so, you engaged in the activity of promoting and otherwise advertising, selling, offering for sale, and/or distributing Infringing Products under your Seller ID or Seller IDs.
>
> At all times relevant hereto, you have been engaged in the fraudulent promotion, advertisement, distribution, offering for sale, and/or sale of goods that are infringing at least one of Plaintiff's Patent.
>
> You intentionally make, use, offer to sell, or import into the United States counterfeit and substandard copies of Plaintiff's Product with English language packaging and instructions.
>
> You willfully infringed on at least one claim of Plaintiff's Design Patent.

**3. The damages are established by the evidence.**

Defendants admitted to the complaint allegation that each month they sold 15,000 units of the Infringing Product; and the profit per unit of the Infringing Product was at least $10.00.

Accordingly, a Default Judgment pursuant to Rule 55 of the Federal Rules of

Civil Procedure considering the evidence on damages, as discussed below, should be entered against the Defaulting Defendants.

**4. Plaintiff is entitled to a damage award under the Patent Act.**

In the case of design patent infringement, like this case, a patentee may recover the total profits made by a defendant under 35 U.S.C. § 289. Section 289 provides that "[w]hoever during the term of a patent for a design, without license of the owner, (1) applies the patented design, or any colorable imitation thereof, to any article of manufacture for the purpose of sale, or (2) sells or exposes for sale any article of manufacture to which such design or colorable imitation has been applied shall be liable to the owner to the extent of his total profit, but not less than $250…." 35 U.S.C. § 289.

In *Banjo Buddies, Inc. v. Renofsky*, 399 F. 3d 168, 175 (3d. Cir. 2005), the Third Circuit has set forth a five-factor test to determine when disgorgement of the defendant's profits is appropriate. These factors "include, but are not limited to (1) whether the defendant had the intent to confuse or deceive, (2) whether sales have been diverted, (3) the adequacy of other remedies, (4) any unreasonable delay by the plaintiff in asserting his rights, (5) the public interest in making misconduct unprofitable, and (6) whether it is a case of palming off." Based upon the facts as well plead by the Plaintiff and admitted by the Defendants' defaults, each of these factors weigh in favor of the disgorgement of the defendants' profits.

This lawsuit is for intentional patent infringement damages. In each lawsuit, Plaintiff is seeking an award of $900,000.00 against each Defendant for their intentional patent infringement over at least a one-month period. *See Aquapaw LLC v. Allnice,* No. 20-1954 (W.D. Pa., July 29, 2022)(Wiegand, J.); *Aquapaw Brands LLC v. Flopet,* No. 21-988 (W.D. Pa., July 29, 2022)(Wiegand, J); *Aquapaw Brands LLC v. TikToks,* No. 21-696 (W.D. Pa., August 2,

2022)(Wiegand, J; *Doggie Dental, Inc. v AVANTDIGITAL,* No. 21-cv-271 (W.D. Pa., February 23, 2022)(Hornak, CJ); *Doggie Dental, Inc. v CDOFFICE,* No. 21-cv-565 (W.D. Pa., February 23, 2022)(Hornak, CJ); *Doggie Dental, Inc. v Ahui, et al.*, No. 19-cv-1627 (W.D. Pa., Sept. 27, 2021 (Hornak, CJ).

Using the same methodology for calculating damages, Chief Judge Hornak awarded individual judgments of $2,128,500.00 against patent infringing defendants. *See Doggie Dental, Inc. v AVANTDIGITAL,* No. 21-cv-271 (W.D. Pa., February 23, 2022) (Hornak, CJ); *Doggie Dental, Inc. v CDOFFICE,* No. 21-cv-565 (W.D. Pa., February 23, 2022) (Hornak, CJ); *Doggie Dental v. Ahui*, No. 19-cv-1627 (W.D. Pa., September 27, 2021) (Hornak, CJ). Indeed, this Court has followed this methodology and awarded individual patent judgments of $1,800,000.00. *Broadway Pine Brands LLC v. Cococity*, No. 22-cv-510 (November 30, 2022)(Ranjan, J); *Broadway Pine Brands LLC v. Mustb Toy Store*, No. 21-cv-1665 (November 30, 2022)(Ranjan, J.); and *Broadway Pine Brands LLC v. Amtoy*, No. 22-cv-358 (November 30, 2022)(Ranjan,J).

Returning to the current case, the Plaintiff's evidence by way of the screenshots of the Amazon storefronts provided in Composite Exhibit 1 to the Dee Odell Declaration filed in support of the Motion for the Temporary Restraining Order proves that each Defendant offered the Infringing Product for at least one month over the time that Plaintiff purchased the product, filed the lawsuit, and the Third-Party Service Providers confirmed that the listings were suspended and no longer offering Infringing Products.

Thus, as a matter of law, the Defendants intentionally infringed on Plaintiffs' Patent for at least two (2) months. Defendants admitted, by their failure to answer requests for admissions that they sold 15,000 infringing units each month at least $10.00 profit of infringing unit sales. That

is admitted profits of $300,000.00 over two months. When that amount is trebled against each Defendant for their admitted intentional infringement, it comes to $900,000.00.

Proving lost profits damages first requires evidence that the infringer's activities directly led to the lost profits. "To recover lost profits damages, the patentee must show a reasonable probability that, 'but for' the infringement, it would have made the sales that were made by the infringer." *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1542 (Fed. Cir. 1995). One way to show the reasonable probability occurred is by applying the "Panduit test: (1) demand for the patented product; (2) absence of acceptable non-infringing substitutes; (3) manufacturing and marketing capability to exploit the demand; and (4) the amount of the profit it would have made." *Rite-Hite Corp. v. Kelley Co.*, 56 F. 3d 1538, 1545 (Fed. Cir. 1995). Here, Plaintiff has offered its testimony by way of declaration plus the admissions of the Defendants in order to meet each of these elements.

In this case, Plaintiffs have handily proven each of the elements required to recover lost profits through their patent, claims chart, testimony and the admissions of the Defendants. Defendants have not contested or put forth any evidence to contradict the Plaintiff's damages case as to the infringement of their patent.

Our Courts in this district and this Court have relied, in part, on admissions made though failure to answer in awarding damages against similar counterfeiting and infringing defendants in prior cases. *See Broadway Pine Brands LLC v. Cococity*, No. 22-cv-510 (November 30, 2022)(Ranjan, J); *Broadway Pine Brands LLC v. Mustb Toy Store*, No. 21-cv-1665 (November 30, 2022)(Ranjan, J.); and *Broadway Pine Brands LLC v. Amtoy*, No. 22-cv-358 (November 30, 2022)(Ranjan,J); *Aquapaw LLC v. Allnice*, No. 20-1954 (W.D. Pa., July 29, 2022)(Wiegand, J.); *Aquapaw Brands LLC v. Flopet*, No. 21-988 (W.D. Pa., July 29, 2022)(Wiegand, J); *Aquapaw*

*Brands LLC v. TikToks, No. 21-696 (W.D. Pa., August 2, 2022)(Wiegand, J); Doggie Dental, Inc. v AVANTDIGITAL,* No. 21-cv-271 (W.D. Pa., February 23, 2022)(Hornak, CJ); *Doggie Dental, Inc. v CDOFFICE,* No. 21-cv-565 (W.D. Pa., February 23, 2022)(Hornak, CJ); *Doggie Dental, Inc. v Ahui, et al.*, No. 19-cv-1627 (W.D. Pa., Sept. 27, 2021 (Hornak, CJ); *Doggie Dental v. Anywill*, No. 19-cv-682 (W.D. Pa., August 14, 2020)(Hornak, CJ); *Doggie Dental v. Max_Buy*, 19-746 (W.D. Pa., August 14, 2020) (Hornak, CJ); *Doggie Dental v. Go Well*, 19-1282(W.D. Pa., August 14, 2020) (Hornak, CJ); and *Doggie Dental v. Worthbuye*r, 19-1283 (W.D. Pa., August 14, 2020) (Hornak, CJ).  It is submitted that the award sought in this case would achieve the purposes of punishment, deterrence, and parity with similar damage awards. This Court has recognized the importance of all of these points in its prior damage awards. *See id.*

As an example, a deemed admission of over two million dollars ($2,000,000) or more in profit to be disgorged is not objectively unreasonable.  In similar cases in this District the Court has awarded two million dollars ($2,000,000) in damages or more against each defendant.  Such an award serves the public interest in making the misconduct unprofitable, deterring future willful violations, and achieving parity in damage awards in this District. *See Broadway Pine Brands LLC v. Cococity*, No. 22-cv-510 (November 30, 2022)(Ranjan, J); *Broadway Pine Brands LLC v. Mustb Toy Store*, No. 21-cv-1665 (November 30, 2022)(Ranjan, J.); and *Broadway Pine Brands LLC v. Amtoy*, No. 22-cv-358 (November 30, 2022)(Ranjan,J); *Aquapaw LLC v. Allnice,* No. 20-1954 (W.D. Pa., July 29, 2022)(Wiegand, J.); *Aquapaw Brands LLC v. Flopet*, No. 21-988 (W.D. Pa., July 29, 2022)(Wiegand, J); *Aquapaw Brands LLC v. TikToks*, No. 21-696 (W.D. Pa., August 2, 2022)(Wiegand, J); *Doggie Dental, Inc. v AVANTDIGITAL*, No. 21-cv-271 (W.D. Pa., February 23, 2022)(Hornak, CJ); *Doggie Dental, Inc. v CDOFFICE*,

No. 21-cv-565 (W.D. Pa., February 23, 2022)(Hornak, CJ); *Doggie Dental, Inc. v Ahui, et al.*, No. 19-cv-1627 (W.D. Pa., Sept. 27, 2021 (Hornak, CJ); *See Doggie Dental v. Anywill*, No. 19-cv-682 (W.D. Pa., August 14, 2020) (Hornak, CJ); *Doggie Dental v. Max_Buy*, 19-746 (W.D. Pa., August 14, 2020) (Hornak, CJ); *Doggie Dental v. Go Well*, 19-1282 (W.D. Pa., August 14, 2020) (Hornak, CJ); and *Doggie Dental v. Worthbuye*r, 19-1283 (W.D. Pa., August 14, 2020) (Hornak, CJ).  *See Airigan Solutions, LLC v. Belvia,* No. 20-cv-284 (W.D. Pa., April 21, 2020) (Schwab, J.) ($2 million in damages against each defendant) [ECF No.  34]; *Airigan Solutions, LLC v. Abagail,* No. 19-cv-503 (W.D. Pa., Aug 13, 2019) (Fischer, J.) (same) [ECF No.  52], *Rapid Slicer LLC v. Art-House*, No. 19-411 (W.D. Pa., Jan. 9, 2020) (Horan, J.) (same) [ECF No. 44].

In short, since Plaintiff has proven at least two months of admitted damages, the total amounts having been supported by the fact and the law, the total damages awarded against each Defendant should be $900,000.00.

### D. Plaintiff is Entitled to Permanent Injunctive Relief

In addition to the foregoing relief, Plaintiff seeks entry of a permanent injunction enjoining Defendants from infringing or otherwise violating Plaintiff's intellectual property rights, including at least all injunctive relief previously awarded to by this Court to Plaintiff.  *See Evony, LLC v. Holland*, No. 2:11-CV-00064, 2011 WL 1230405, at *7 (W.D. Pa. Mar. 31, 2011) ("In this case, Plaintiffs have achieved "actual success on the merits" through the admission of liability arising from Defendant's default. Furthermore, the Verified Complaint establishes that Defendant unlawfully sells and distributes copyrighted and trademarked material of the Plaintiffs. Nothing in the facts before the Court indicates that Defendant has ceased this infringing activity; thus, a permanent injunction is warranted in this case on all claims of the

Verified Complaint."). Plaintiff is also entitled to injunctive relief so it can can prompt action against any new online marketplace acounts or websites that are identified, found to be linking to Defendants, and selling Infringing Product. A plaintiff is entitled to a permanent injunction under the Patent Act, 35 U.S.C. § 283; and *B&B Microscopes v. Armogida*, 532 F. Supp. 2d 744, 760 (W.D. Pa. 2007) (*citing Brody's, Inc. v. Brody Bros., Inc.*, 454 A.2d 605, 607 (Pa. Super. Ct.1982)).

A permanent injunction, like the requested damages under the Patent Act, would help deter other individuals or corporations from infringing Plaintiff's valuable patent rights. Additionally, entry of a permanent injunction against Defendants in this case will help expedite any future litigations between the defaulting Defendants and Plaintiff, if a case between the parties arises in the future. This equitable result would be in the interest of justice and provide Plaintiff with more flexibility to protect its intellectual property rights. As such, permanent injunctions are routinely entered by other Courts in similar online counterfeiting cases. *See Nifty Home Products, Inc. v. Kafa Company, et al.*, No. 22-cv-1694 (W.D. Pa., September 12, 2023)(Colville , J.)[ECF No. 77]; *Talisman Designs, LLC v. Ahappyday*, No. 20-cv-1915 (W.D. Pa, February 24, 2022)(Colville, J) [ECF No. No. 79]; *Talisman Designs v. Angelworld*, No. 21-cv-1292 (W.D. Pa., February 24, 2022)(Colville, J); *Doggie Dental v. Ahui*, 19-1627 (September 27, 2021)(Hornak, CJ); *Airigan Solutions, LLC v. Belvia*, No. 20-cv-284 (W.D. Pa., April 21, 2020) (Schwab, J.); *Rapid Slicer LLC v. Art-House*, No. 19-411 (W.D. Pa., Jan. 9, 2020) (Horan, J.); and *Airigan Solutions, LLC v. Abagail*, No. 19-cv-503 (W.D. Pa., Aug 13, 2019) (Fischer, J.); *Doggie Dental v. Anywill*, No. 19-cv-682 (W.D. Pa., August 14, 2020)(Hornak, CJ); *Doggie Dental v. Max_Buy*, 19-746 (W.D. Pa., August 14, 2020) (Hornak, CJ); *Doggie Dental v. Go Well*, 19-1282(W.D. Pa., August 14, 2020) (Hornak, CJ); and *Doggie Dental v. Worthbuyer*, 19-

1283 (W.D. Pa., August 14, 2020) (Hornak, CJ); *Airigian v. Bufugiujan, et al.*, 18-cv-1330-NBF and *Airigan v. Artifacts-Selling, et al*, 18-cv-1462-NBF, and *Airigan v. Babymove, et al.*, 19-cv-166-NBF.

### E. Plaintiff Requests That This Court Order the Transfer to It of Remaining Assets in Defaulting Defendants' Accounts

Plaintiffs requested a temporary restraining order and preliminary injunction, *inter alia*, to prevent Defendants from transfering the funds held in their Third Party Service Provider(s)[1] and Financial Institution(s)[2] accounts beyond this Court's jurisdiction.[ECF No. 4] This Court granted the temporary restraining order preventing Defendants from accessing the funds in their Third Party Service Provider(s) and Financial Institution(s) accounts. [ECF No 22] This Court found that Plaintiff had established a likelihood of success on the merits and irreparable harm in the absence of a temporary restraining order and preliminary injunction. *See Id.*

Plaintiff now requests that this Court order the Third Party Service Provider(s) and Financial Institution(s) to transfer to Plaintiff the assets currently held in the defaulting Defendants' Third Party Service Provider(s) and Financial Institution(s) accounts in partial payment of any award of damages. In the absence of such an Order, it is likely that Plaintiff will be left without any effective means by which to collect from

---

[1] Refers to Amazon Services, LLC d/b/a Amazon.com, and Amazon Payments, Inc. d/b/a Amazon Pay (collectively "Amazon"), Joybuy Marketplace operated by Jingdong E-Commerce (Trade) Hong Kong Co. , Ltd and JD E-Commerce America (collectively, "Joybuy"), Whaleco Inc., a Delaware Corporation, which is a wholly owned subsidiary of Pinduoduo Inc. which is owned by PDD Holdings (collectively, "Temu"), eBay, Inc. d/b/a ebay.com, Walmart Inc. and Wal-Mart.com USA, LLC, wish.com, Alibaba.com US LLC d/b/a Alibaba.com and Aliexpress.com.

[2] Refers to financial institutions, including but not limited to, Zhejiang Ant Small and Micro Financial Services Group Co., Ltd. AliPay (China) Internet Technology Co. Ltd., and Alipay.com Co., Ltd. (collectively referred to as "AliPay")[2], Amazon Payments, Inc., Walmart Pay, PayPal, Inc. d/b/a paypal.com, and Context Logic, Inc. d/b/a wish.com ("Financial Institutions").

Defendants any monetary judgment entered by this Court.  As explained, previously, Defendants and any assets they won, other than those held in their respective Third Party Service Provider(s) and Financial Institution(s) accounts, are presumably located in China.  There is no bilateral treaty or mulitlateral convention in force between the United States and any other country on reciprocal recognition and enforcement of judgments.  Moreover, as explained in some detail previously, Defendants are involved in illegal counterfeiting operations and go to great lengths to conceal their identities and whereabouts.  As a result, even in the unlikely event that Plaintiff could enforce a U.S. judgment in the Chinese courts, it will be virtually impossible to locate Defendnats or any assets they may hold in order to satisfy any monetary damages awarded in this case.

Such orders are routinely entered by our Courts to satisfy monetary judgment awards in similar counterfeiting cases. See *Nifty Home Products, Inc. v. Kafa Company, et al.*, No. 22-cv-1694 (W.D. Pa., September 12, 2023)(Colville , J.)[ECF No. 77}; *Talisman Designs, LLC v. Ahappyday*, No. 20-cv-1915 (W.D. Pa, February 24, 2022)(Colville, J) [ECF No. No. 79]; *Talisman Designs v. Angelworld*, No. 21-cv-1292 (W.D. Pa., February 24, 2022)(Colville, J); *Doggie Dental v. Ahui*, 19-1627 (September 27, 2021)(Hornak, CJ); *Airigan Solutions, LLC v. Belvia*, No. 20-cv-284 (W.D. Pa., April 21, 2020) (Schwab, J.); *Rapid Slicer LLC v. Art-House*, No. 19-411 (W.D. Pa., Jan. 9, 2020) (Horan, J.); and *Airigan Solutions, LLC v. Abagail*, No. 19-cv-503 (W.D. Pa., Aug 13, 2019) (Fischer, J.);  *Doggie Dental v. Anywill*, No. 19-cv-682 (W.D. Pa., August 14, 2020)(Hornak, CJ); *Doggie Dental v. Max_Buy*, 19-746 (W.D. Pa., August 14, 2020) (Hornak, CJ); *Doggie Dental v. Go Well*, 19-1282(W.D. Pa., August 14, 2020) (Hornak, CJ); and *Doggie Dental v. Worthbuyer*, 19-1283 (W.D. Pa., August 14, 2020) (Hornak, CJ).

### III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion for Default Judgment; enter judgment against Defendants for (Count I) patent infringement; permanently enjoin Defendants; award disgorgement of profits consistent with 35 U.S.C. § 289; award Plaintiffs pre-judgment interest and post-judgment interest on the above damages awards; and grant such further relief as this Court deems appropriate.  Plaintiffs additionally requests that this Court order the Third Party Service Provider(s) and Financial Institution(s) to transfer Defendants' assets held by the Third Party Service Provider(s) and Financial Institution(s) to Plaintiffs in partial payment of any default judgment entered against Defendants.

Respectfully submitted,

Dated:  January 25, 2024

/s/ Stanley D. Ference III
Stanley D. Ference III
Pa. ID No. 59899
courts@ferencelaw.com

Brian Samuel Malkin
Pa. ID No. 70448
bmalkin@ferencelaw.com

FERENCE & ASSOCIATES LLC
409 Broad Street
Pittsburgh, Pennsylvania 15143
(412) 741-8400 - Telephone
(412) 741-9292 – Facsimile

Attorneys for Plaintiffs