IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JACKI EASLICK, LLC, et al.,

                            Plaintiffs,

v.

CJ EMERALD, *et al*.,

                            Defendants.

Civil Action No. 23-cv-2000

Judge Stickman

## MOTION FOR RECONSIDERATION

In accordance Federal Rule of Civil Procedure 54 (b), Plaintiffs respectfully submit this Motion for Reconsideration of the Court's Order Denying the Plaintiffs' Motion for a Preliminary Injunction as to Defendant AccEncy at ECF No. 75. [1] In support, Plaintiffs have submitted the Declaration of the inventor, Jacklyn Easlick, and physical evidence not yet reviewed by the Court.

## INTRODUCTION

This motion for reconsideration asks the Court to review the submitted physical evidence and to consider the inventor, Jacklyn Easlick's testimony describing the prior art and how the prior art was not taken into consideration during the infringement analysis. The Court has granted at least one such motion for reconsideration when evidence not available during the first ruling was later made available to the Court to complete the record. *See Hitch v. The Frick Pittsburgh*, 2023 WL 3743044 (W.D. Pa. May 31, 2023), at *3 ("therefore, in the interest of judicial economy and to 'prevent manifest injustice[,]' the Court will grant The Frick's motion for reconsideration")

---

[1] "…[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." F. R. Civ. P. 54 (b)(emphasis added).

(quoting *Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016).

Like the missing PHRC Complaint in *Frick*, the physical evidence along with Jacklyn's

declaration describing the history of her invention, the prior art, her opinion as an

ordinary observer, and the irreparable harm caused by the Defendants' infringement, will

provide the Court with the missing facts. Without the relief sought here, Plaintiffs will

continue to suffer irreparable harm at the hands of the Defendant. Thus, to prevent

manifest injustice, the Court should exercise its discretion and grant this motion for

reconsideration.

**<u>PROCEDURAL HISTORY</u>**

U.S. small businesses Jacki Easlick LLC and JE Corporate LLC ("Plaintiffs"),

owned and operated by Jacklyn Easlick, were attacked by China-based defendants named

in Schedule A to the Complaint. [ECF No. 2]  Jacklyn invented a handbag hanger hook

that did not exist in the marketplace until she introduced it. *Easlick Dec.*[2], ¶¶ 1 – 6. She

obtained a design patent to protect her intellectual property. *Id.* It sold well until the

defendants entered the online marketplace and then sales plummeted. The defendants

named in this case, were all selling a patent infringing version of Plaintiffs' handbag

hanger hook at the time of the pre-filing investigation. After reviewing all the evidence,

this Court entered a temporary restraining order against each of the defendants [ECF No.

22].

After a show cause hearing, the Court entered a Preliminary Injunction against all

the Defendants, but Defendant AccEncy ("AE"). (ECF Nos. 75, 76, and 78). During the

show cause hearing, the Defendant AE relied upon a late-filed opposition raising

arguments based upon figures from Plaintiffs' Patent and photographs of the Defendant's

product. Given the quick timing between the late filing by Defendant AE and the show

---

[2]        Refers to the Declaration of Jacklyn Easlick filed herewith.

cause hearing, the Plaintiffs did not have time to submit a response by way of testimony and physical evidence, and the Court did not have the benefit of this evidence before ruling. Further, the Court did not have the benefit of the inventor's testimony, as an ordinary consumer, familiar with the prior art, to explain why the accused product infringed on the design patent and why the Plaintiffs were and continue to suffer irreparable harm.  Also, the Court's ruling did not focus on the overall appearance of the Plaintiffs' design but focused on individual elements. Plaintiffs are seeking reconsideration to permit the Court to review the missing evidence and, in the process, correct the identified error of law.

### STANDARD OF REVIEW

To seek reconsideration of an interlocutory order, a party must file a motion under Rule 54 (b). See *Qazizadeh,* 214 F. Supp. 3d at 295 ("[M]otions for reconsideration of interlocutory orders—whether denials of summary judgment, grants of partial summary judgment, or any other non-final orders—are motions under Federal Rule of Civil Procedure 54(b)."). Such motions should only be granted in "extraordinary circumstances." *In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d 432, 438–39 (3d Cir. 2009).  However, district courts generally possess more discretion to reconsider interlocutory orders than to reconsider final judgments. *See Foster v. Westchester Fire. Ins. Co*., 2012 WL 2402895, at *4 n. 1. (W.D. Pa. June 26, 2012). Consequently, a District Court may grant reconsideration for good cause even where the moving party cannot show an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error of law or fact to prevent manifest injustice. *See Qazizadeh*, 214 S. Supp. 3d at 295. *See also*, *Hitch v. The Frick Pittsburgh*, 2023 WL 3743044 at *3.

## ANALYSIS

Plaintiffs seek reconsideration of the motion for preliminary injunction as to the Defendant AE because at the time of the show cause hearing, that Defendant submitted its opposition after the response period expired, preventing Plaintiffs from replying before the hearing. In denying the Plaintiffs' motion for preliminary injunction based upon lack of infringement, the Court focused on what it deemed a "corkscrew" shape in Plaintiffs' patented product. Plaintiffs submit that the Court erred when it focused on individual elements of the design (i.e., "corkscrew" shape, flare at ends, spherical ends) instead of viewing the overall appearance on the patented product in the context of the prior art. (See ECF No. 75 at p. 14 -15). Focusing on these individual elements, the Court concluded that these elements were not copied by the Defendant AE. Importantly, because of the late filing by the Defendant AE, the only evidence available to the Court at the time of the hearing was photographs and drawings. The physical evidence was not in the Court's hands. Also, Jacklyn's testimony concerning irreparable harm was not available to the Court.

### THE DEFENDANT AE'S PRODUCT INFRINGES ON THE PATENTED DESIGN

Once the Court is able to review the missing physical evidence, the Court will see that the 90 degree bend is a slight twist and not a "corkscrew". By mistakenly focusing on the individual elements of the flare at the ends, spherical tips, and the twist, instead of the overall appearance of the patented design, in view of the prior art, the Court erred. By eliminating structural elements from the claim, the district court improperly converted the claim scope of the design patent from one that covers the overall ornamentation to one that covers individual elements. *See Sport Dimension, Inc. v. Coleman Co*., 820 F.3d 1316, 1322 (Fed. Cir. 2016)("The district court eliminated the armbands and side torso tapering from the claim entirely, so its construction runs contrary to our law."). Design patents protect the overall ornamentation of a design, not an aggregation of separable elements. *See Richardson v. Stanley Works, Inc.,* 597

F.3d 1288, 1295 (Fed. Cir. 2010) (noting that "discounting of functional elements must not convert the overall infringement test to an element-by-element comparison.")

Further, the 90 degree bend ("slight twist between the hooks") is the aesthetic feature most consumers are drawn to, and it was clearly copied by each of the accused products, including the product offered by the Defendant AE. *See generally Easlick Dec.*, ¶¶ 1 – 30, and at ¶ 18. Jacklyn also states that though the hooks in the design each have a function, the hook shapes are not functional because there are other ways and other shapes to hang a handbag strap from a closet rod. *Id*. at ¶ 19. Jacklyn further attests that since no other views of the patented product show this slight twist, an ordinary observer familiar with the prior art would not focus on this feature to distinguish the designs as different.  The prior art did not use a 90 degree bend in any of its designs:

| The Prior Art and the Patented Design | | | | | | |
|---|---|---|---|---|---|---|
| | '924 Design | '446 Design | '278 Design | '092 Design | '438 Design | Patented Design |
| First Side |  |  |  |  |  |  |

As illustrated below, an ordinary observer familiar with the prior art would focus more on the 90 degree rotation ("slight twist") of the generally 'S' shaped hooks and consider the patented design and Defendant AE's product design to be substantially the same.

| The Design Claimed in the '526 Patent and Defendants' Infringing Product Type 3 | | |
|---|---|---|
| | Patented Design | Infringing Product Type 3 |
| Front |  |  |

*Id*. at ¶ 23.

It follows the Court erred in focusing on the individual elements of what it deemed a "corkscrew" bend, flares at the end of the hooks, and spherical ends. Once the patented design is viewed based upon its overall appearance, as a consumer with knowledge of the prior art, it is clear that designs of all the Defendants, including that of AE are infringing, and causing irreparable harm to the Plaintiffs.

**PLAINTIFFS ARE SUFFERING IRREPARABLE HARM CAUSED BY THE DEFENDANTS' INFRINGEMENT**

In her declaration, Jacklyn summarizes the irreparable harm into categories: (1) Plaintiffs are not able to obtain placement in brick and mortar retailers, (2) Plaintiffs are not getting the market share that Plaintiffs should be getting, and (3) Plaintiffs are losing control of the brand quality because consumers are confused when they buy the infringing products and they provide a disappointing performance when used to hang the handbags. *See Easlick Dec.* ¶¶ 30 – 40.

More specifically, Easlick was informed by Lowes that because of the proliferation of infringing products on Amazon.com, Lowes will not be stocking her product in its physical stores. *Id*. at ¶ 33. The revenue from this lost opportunity cannot be quantified. *Id*. While the infringing products remain available online, this harm will continue.

Another example of the irreparable harm is seen in the Amazon.com search engine

interaction. *Id*. at ¶ 34. Before the lawsuit, when a consumer searched for "tote hanger," the Plaintiffs' authentic product would not appear in the first page of the search results because the infringing products dominated the search results. Even when a consumer was able to find the patented product on Amazon, an infringing product would appear next to it, with a lower price. *Id*.  Lower prices and higher sales mean a higher ranking by the Amazon search engine. *Id.* The highest rank goes to the top of the search results and receives the designation of "Overall Pick" and the patented product drops further in search results. *Id.* Plaintiffs advertising dollars are worthless as they benefit and contribute to the sales of the infringing products. *Id*.

Further irreparable harm is caused to Jacklyn and the Plaintiffs because, though they are the inventors of the industry changing product, they are not seen as the market leaders for purse hangers. *Id*. at ¶ 35. As demonstrated, Defendants have argued that there is no harm because they only sell a few of their products, but the harm is caused by offering those products for sale in violation of the Patent Act. *Id.* at ¶¶ 36 -37. Also, by preventing Plaintiffs from controlling their patent, the Plaintiffs' brand is devalued because consumers purchasing the infringing products may be disappointed by the performance of the copies. *Id.* at ¶ 38. All of this discourages investors and puts barriers up to new markets. *Id*.  The U.S. Government has recognized the harm caused by such infringers in online marketplaces. *Id*. at ¶ 39. Without equitable relief, these infringers will quickly put a rights holder out of business. *See id*. at ¶ 36.

## **CONCLUSION**

The Court should grant the motion for reconsideration since the Plaintiffs have shown it was error to focus on the individual elements of the Plaintiffs' design instead of the overall appearance in view of the prior art. A review of the physical evidence demonstrates that the 90 degree bend the Court believed to be a "corkscrew" is nothing more than a slight twist between

the top hook and the bottom hook. The design elements chosen by Jacklyn were not necessary to accomplish the function of suspending a handbag from a closet rod and the defendants did not need to copy that design. Accordingly, the defendants, including AE made, offered for sale, and sold infringing products and should be restrained from continuing their infringing activities.

Finally, Jacklyn's testimony paints a bleak picture of what happens when infringers are allowed to go unchecked. The irreparable harm is real and ongoing. The only way rights holders like Plaintiffs have any chance at regaining some footing in the market is through the equitable relief that federal courts have provided over the years. Without this relief, these businesses, like Plaintiffs, are doomed to fail.  For all of these reasons, the Plaintiffs move this Honorable Court to grant their motion for reconsideration of the preliminary injunction as to the Defendant. An appropriate proposed Order is filed herewith.

Respectfully submitted,

Dated:  February 13, 2024

/s/ Stanley D. Ference III
Stanley D. Ference III
Pa. ID No. 59899
courts@ferencelaw.com

Brian Samuel Malkin
Pa. ID No. 70448
bmalkin@ferencelaw.com

FERENCE & ASSOCIATES LLC
409 Broad Street
Pittsburgh, Pennsylvania 15143
(412) 741-8400 – Telephone
(412) 741-9292 – Facsimile
Attorneys for Plaintiffs

# EXHIBIT A

# PHYSICAL EVIDENCE

# Original Jacki Easlick

# EXHIBIT B

# PHYSICAL EVIDENCE

# Type 1 LiteViso

# EXHIBIT C

# PHYSICAL EVIDENCE

# Type 2 Zhangheting

# EXHIBIT D

# PHYSICAL EVIDENCE

## Type 3
## AccEncyc US

# EXHIBIT E

# PHYSICAL EVIDENCE

# Type 4
# Ume Sports

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 13th day of February, 2024, the foregoing MOTION FOR RECONSIDERATION was filed with the Court electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system. All parties have also been served in accordance with the Court's Alternative Service Order at ECF No. 16.

<u>/s/ Stanley D. Ference III</u>