IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACKI EASLICK, LLC, et al., | |
| Plaintiffs, | Civil Action No. 23-2000 |
| v. | (Judge Stickman) |
| CJ EMERALD, *et al*., | |
| Defendants. | |

**[PROPOSED] AMENDED FINAL DEFAULT JUDGMENT
AND PERMANENT INJUNCTION[1]**

This matter comes before the Court upon Motion by Plaintiffs for entry of a default judgment and permanent injunction against the Defendants identified on Schedule "A" hereto (hereinafter referred to as "Defaulting Defendants") for Defaulting Defendants' design patent infringement, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying offering for sale and/or selling and/or sale of Infringing Products.[2]

The Court, having considered the Plaintiffs' Motion for Default Judgment and Permanent Injunction, the Declaration of Brian Samuel Malkin in support of thereof, the Certificates of Service of the Summons and Complaint, the Entries of Default by the Clerk of Courts, and upon all other pleadings and papers on file in this Action, it is hereby ORDERED as follows

---

[1] This default judgment does not dispose of all the claims against all of the Defendants. Several are still in negotiations and have not been defaulted. These Defendants are not included in the Schedule A for this motion.

[2] As alleged in Plaintiff's Complaint, Defendants are knowingly and intentionally promoting, advertising, distributing, offering for sale, and selling patent infringing versions of Plaintiffs' patented TOTE HANGER® brand handbag hanger hook which infringe U.S. Patent No. D695,526 ("Plaintiffs' Patent"), using at least one of the Amazon.com, eBay.com, Joybuy, Temu, Wish.com, Walmart.com, and Aliexpress.com online marketplaces ("Internet Marketplaces") operating under the seller identities as set forth on **Schedule "A"** hereto (the "Seller IDs")("Infringing Products').

(hereinafter, "Order"):

## I. Defaulting Defendants' Liability

Judgment is granted in favor of Plaintiff on all claims asserted against Defendants listed on the Schedule A in the Complaint.

## II. Damage Awards

IT IS FURTHER ORDERED that because, sufficient and good cause has been shown, and because it serves the compensatory and punitive purposes of the Patent Act's prohibitions on willful infringement and because Plaintiff has sufficiently set forth the basis for the disgorgement of profits in its supporting papers, the Court finds that such awards are reasonable and Plaintiff is awarded damages of $900,000.00 against each of the Defaulting Defendants, severally and individually, as listed on Schedule A.

## III. Permanent Injunction

A. IT IS HEREBY ORDERED that each Defaulting Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defaulting Defendant having notice of this Default Judgment Order shall be permanently restrained and enjoined from:

(1) (a) their unauthorized and unlicensed use of Plaintiffs' Patent in connection with the distribution, marketing, advertising, offering for sale, or sale of any Infringing Products; and (b) shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner products which infringe on Plaintiffs' Patent;

(2) secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to their User Accounts,[3] Merchant Storefronts[4] or any money, securities or other property or assets of Defendants (hereinafter collectively referred to as "Defendants' Assets");

(3) effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, and/or display for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

(4) offering for sale the Infringing Products within metatags or other markers within website source code, from use on any web page (including as the title of any product listing), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use such terms or works which is visible to a computer user or serves to direct computer searches to Internet based e-commerce stores owned, or operated by each Defendant, including the Merchant Storefronts operating under the Seller IDs;

(5) transferring ownership of the User Accounts or Merchant Storefronts associated with the

---

[3] "User Accounts" are any and all accounts with the online marketplace platforms Aliexpress.com, Amazon.com, eBay.com, Joybuy, Temu.com, Walmart.com, and wish.com, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all other persons in active concert with any of them.

[4] "Merchant Storefronts" are any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in products which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them.

Seller IDs;

(6) each Defendant shall preserve copies of all computer files relating to the use of any User Accounts and/or Merchant Storefronts under the Seller IDs and shall take steps necessary to retrieve computer files relating to the use of the User Accounts and/or Merchant Storefronts under their Seller IDs that may been deleted before the entry of this Order;

B. IT IS FURTHER ORDERED that, pursuant to 17 U.S.C. § 502, the Defaulting Defendants must deliver up for destruction to Plaintiff any and all Infringing Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of the Defaulting Defendants that infringe Plaintiffss' design patent.

C. IT IS FURTHER ORDERED that Third Party Service Providers[5] and Financial Institutions[6] are permanently enjoined and restrained from:

secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defaulting Defendants' Assets from or to financial accounts associated with or utilized

---

[5] Third Party Service Providers are Amazon Services, LLC d/b/a Amazon.com, and Amazon Payments, Inc. d/b/a Amazon Pay (collectively "Amazon"), Joybuy Marketplace operated by Jingdong E-Commerce (Trade) Hong Kong Co. , Ltd and JD E-Commerce America (collectively, "Joybuy"), Whaleco Inc., a Delaware Corporation, which is a wholly owned subsidiary of Pinduoduo Inc. which is owned by PDD Holdings (collectively, "Temu"), eBay, Inc. d/b/a ebay.com, Walmart Inc. and Wal-Mart.com USA, LLC, wish.com, Alibaba.com US LLC d/b/a Alibaba.com and Aliexpress.com, and any other third-party providing services in connection with any Defaulting Defendant and/or any Defaulting Defendant's Merchant Storefront, including, without limitation, Internet Service Providers, back-end service providers, web designers, sponsored search engine providers, sponsored ad-words providers, sponsored shopping providers, merchant account providers, third-party processors and other payment processing services, shippers, domain name registrars and domain name registries.

[6] Financial Institutions are any banks, financial institutions, credit card companies and payment processing agencies, such as Zhejiang Ant Small and Micro Financial Services Group Co., Ltd. AliPay (China) Internet Technology Co. Ltd., and Alipay.com Co., Ltd. (collectively referred to as "AliPay")[6], Amazon Payments, Inc., Walmart Pay, PayPal, Inc. d/b/a paypal.com, and Context Logic, Inc. d/b/a wish.com ("Financial Institutions"), and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of any Defaulting Defendant.

by any Defaulting Defendant or any Defaulting Defendant's User Accounts or Merchant Storefronts (whether said account is located in the U.S. or abroad) ("Defaulting Defendants' Financial Accounts").

D. IT IS FURTHER ORDERED that the Third Party Service Providers and Financial Institutions shall be permanently restrained and enjoined from engaging in any of the following acts or omissions:

providing services to Defaulting Defendants, Defaulting Defendants' User Accounts and Defaulting Defendants' Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts which are connected in any way in the distribution, marketing, advertising, offering for sale, or sale of any products; and (b) shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner products which use Plaintiffs' Design Patent.

## IV.   Follow-Up Requests

IT IS FURTHER ORDERED, as sufficient cause has been shown, that, upon Plaintiff's request, within no later than five(5) calendar days of Plaintiff's request:

(1)     Amazon shall be restrained and enjoined, from processing payments for any products listed under the following Amazon Standard Identification Numbers (ASINs): B07GJ1FVGC.[7];, by any Seller that has not been authorized by Plaintiff; Plaintiff shall provide notice to Amazon of Plaintiff's authorized sellers;

(2)     Amazon.com, Inc., and its related companies and affiliates, including Amazon

---

[7] This is the current ASIN assigned to the Plaintiffs' Product by Amazon. (Declaration of Jacklyn Easlick, ¶ 11).

Services, LLC, and Amazon Payments, Inc., shall place the following Amazon Standard Identification Number (ASIN): B07GJ1FVGC into Amazon's gating program, so that Plaintiffs will be able to control which sellers list product under these ASINs;

(3) Upon Plaintiff's request, Amazon.com, Inc., and its related companies and affiliates, including Amazon Services, LLC, and Amazon Payments, Inc., shall remove listings and/or advertisements for any product that Plaintiff identifies as infringing on Plaintiff's registered Patent and/or unfairly competing with Plaintiff's Product (i.e., preventing a seller from listing for sale under the identified ASINs); and

(4) all online marketplaces, including but not limited to aliexpress.com, Amazon.com, eBay.com, Joybuy, Temu.com, Walmart.com, and Wish.com, shall upon receipt of this Order, suspend, block, tombstone, and/or delete any and all product listings identified by Plaintiff as infringing on the Plaintiff's design patent, whether sold by the Defendants or other persons or entities; however, the Seller controlling such listings shall not be subject to financial account restraint.

## V. Post-Judgment Asset Transfer and Asset Freeze Order

A. IT IS FURTHER ORDERED that in accordance with Rule 64 of the Federal Rules of Civil Procedure, 17 U.S.C. § 502(a), and this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiff would have enforcing this Order, Defaulting Defendants' Assets from Defaulting Defendants' Financial Accounts that were and/or are attached and frozen or restrained pursuant to the Temporary Restraining Order and/or Preliminary Injunction Order, or which are attached and frozen or restrained pursuant to any future order entered by the Court in this Action (collectively, "Defaulting Defendants' Frozen Assets" and "Defaulting Defendants' Frozen

Accounts"), are, to the extent that a given Defaulting Defendant's Frozen Assets equal the Defaulting Defendants' Individual Damages Award, hereby released and transferred to Plaintiff as full satisfaction of the Defaulting Defendants' Individual Damages Award for that Defaulting Defendant. Those Defaulting Defendant's Frozen Assets shall be transferred to Plaintiff by Financial Institution(s) through Plaintiff's counsel within twenty (20) business days following service of this Default Judgment Order. Upon receipt by Plaintiff's counsel of such Defaulting Defendant's Frozen Assets in full satisfaction of the Defaulting Defendants' Individual Damages Award, the Financial Institution(s) holding that Defaulting Defendant's Frozen Assets and Defaulting Defendants' Frozen Accounts may unfreeze that Defaulting Defendant's Frozen Assets and Defaulting Defendant's Frozen Accounts.  To the extent that a Defaulting Defendant's Frozen Assets are less than the Defaulting Defendants' Individual Damages Award, that Defaulting Defendant's Frozen Assets are hereby released and transferred to Plaintiff as partial satisfaction of the Defaulting Defendants' Individual Damages Award for that Defaulting Defendant and those Defaulting Defendant's Frozen Assets shall be transferred to Plaintiff, by the Financial Institution(s), through Plaintiff's counsel forthwith.

B. IT IS FURTHER ORDERED that in accordance with Rule 64 of the Federal Rules of Civil Procedure and this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiffs would have enforcing this Order, the Court also hereby grants Plaintiffs' request for a post-judgment restraining order continuing the attachment of each Defaulting Defendant's Frozen Assets until Plaintiffs have recovered the full payment of the Defaulting Defendants' Individual

Damages Award owed to it by that Defaulting Defendant under this Order, or until further order of this Court.

C. IT IS FURTHER ORDERED that in accordance with this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiff would have enforcing this Order:

1. until Plaintiffs have recovered the full payment of the Defaulting Defendants' Individual Damages Award owed to it by any Defaulting Defendant under this Order, in the event that Plaintiff discovers new and/or additional Defaulting Defendants' Assets (whether said assets are located in the U.S. or abroad) and/or Defaulting Defendants' Financial Accounts (whether said account is located in the U.S. or abroad) ("Defaulting Defendants' Additional Assets" and "Defaulting Defendants' Additional Financial Accounts," respectively), Plaintiffs shall have the ongoing authority to serve this Order on any Financial Institutions controlling or otherwise holding such Defaulting Defendants' Additional Assets and/or Defaulting Defendants' Additional Financial Accounts ("Financial Institutions holding Defaulting Defendants' Additional Assets and/or Financial Accounts");[8]

2. upon notice of this Order, Financial Institutions holding Defaulting Defendants' Additional Assets and/or Financial Accounts shall immediately locate Defaulting Defendants' Additional Financial Accounts, attach and restrain such Defaulting Defendants' Additional Assets in Defaulting Defendants' Additional Financial

---

[8] This Order contemplates that investigation and/or discovery during judgment collection may reveal that Defaulting Defendants may have used other user accounts, operated by other Third Party Service Providers and Financial Institutions other than those named and that any additional discovered Third Party Service Providers and Financial Institutions, once identified and provided with notice, shall be subject to the restraints, asset seizure and turn over in this Order.

    Accounts from being secreted, concealed, transferred or disposed of or withdrawn; and

3. no later than after twenty (20) business days following the service of this Order on Financial Institutions holding Defaulting Defendants' Additional Assets and/or Financial Accounts, Financial Institutions holding Defaulting Defendants' Additional Assets and/or Financial Accounts shall transfer all Defaulting Defendants' Additional Assets to Plaintiff as partial or full satisfaction of the Defaulting Defendants' Individual Damages Award, unless Defaulting Defendant has filed with this Court and served upon Plaintiff's counsel a request that such Defaulting Defendants' Additional Assets be exempted from this Order; at the time the funds are transferred, Financial Institutions holding Defaulting Defendants' Additional Assets and/or Financial Accounts shall provide to Plaintiffs a breakdown reflecting: the (i) total funds restrained in this matter per Defaulting Defendant; (ii) the total chargebacks, refunds, and/or transaction reversals deducted from each Defaulting Defendant's funds, restrained prior to release; and (iii) the total funds transferred per Defaulting Defendant to the Plaintiff.

### VI.   Miscellaneous Relief

A. Upon Plaintiffs' request, the Third Party Service Provider(s) or Financial Institution(s) shall disable and/or cease facilitating access to the Seller IDs, including tombstoning, deleting, and/or suspending identified ASINs, and any other alias seller identification names being used to offer for sale and/or sell Infringing Products;

B. The Plaintiffs may serve this injunction on any e-mail service provider, including, Google LLC and Microsoft, Inc., with a request that the service provider permanently suspend the e-

mail addresses which are used by the Defaulting Defendants in connection with the Defaulting Defendants' promotion, offering for sale, and/or sale of Infringing Products;

C. Upon the Plaintiffs' request, any Internet marketplace website operator and/or administrator who is in possession, custody, or control of the Defendants' Infringing Products, including but not limited to Amazon.com, Inc. and its affiliates, Alibaba.com Hong Kong Limited, which operates the AliExpress.com platform, Context Logic, Inc. d/b/a Wish.com, Walmart.com, eBay Inc., Joybuy, Temu.com, and Etsy, Inc., shall permanently cease fulfillment of and sequester those goods, and surrender the same to the Plaintiffs;

D. Any failure by Defendants to comply with the terms of this Default Judgment Order shall be deemed contempt of Court, subjecting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

E. Interest from the date of this action was filed shall accrue at the legal rate pursuant to 28 U.S.C § 1961;

F. The bond posted by Plaintiff in the amount of $5,000.00 shall remain in place until further order of this Court;

G. Plaintiffs shall serve the Defaulting Defendants with a copy of this Order in accordance with the Alternative Service Order; and

H. This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Judgment and permanent injunction.

**SO ORDERED.**

SIGNED this _____ day of _____, 2024
Pittsburgh, Pennsylvania

                                                                       William S. Stickman IV
                                                                       United States District Judge

cc: Stanley D. Ference III, Esq.
    courts@ferencelaw.com
    Brian Samuel Malkin, Esq.
    bmalkin@ferencelaw.com

Schedule "A"
Defendants with Store Name and Seller ID

| Defendant Number | Store/Seller Name | Seller ID |
|---|---|---|
| 1 | CJ Emerald | A3ND0MZAU13880 |
| 33 | LiteViso | A25R1GJO6WZP2S |
| 40 | Mzekgxm | AVALXF5M6J0G4 |
| 41 | NEZA-US | AUCU6AGMO0LYX |
| 45 | pengWH shop | A16M05AMS065YX |
| 58 | Ume Sports | A3COCG58X0E4FG |
| 61 | WEKIWGOT-US | A36V2NQA6W6DYE |
| 65 | ZGCZZ | AR1LDLTQUIZJM |