IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| JACKIE EASLICK, LLC, et al.<br><br>       Plaintiff,<br><br>v.<br><br>CJ EMERALD, et al.<br><br>       Defendants. | Case No. 23-cv-2000-WSS<br><br>Judge William S. Stickman |

**OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

Defendant AccEncyc US hereby submits this opposition to plaintiff's motion for reconsideration (Dkt. 85) of the Court's January 26, 2024, order denying plaintiff's motion for a preliminary injunction as to AccEncyc. (Dkt. 75)[1] Plaintiff's motion asks the Court to review additional evidence and reverse its determinations that the plaintiff failed to establish a reasonable likelihood of success on the merits

---

[1] Plaintiff has filed an appeal of the Court's January 24th Order (Dkt. 91), which, AccEncyc submits, deprives this Court of jurisdiction over plaintiff's current motion. "It is well established that '[t]he filing of a notice of appeal ... confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Sheet Metal Workers' Int'l Ass'n Loc. 19 v. Herre Bros.*, 198 F.3d 391, 394 (3d Cir. 1999) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). AccEncyc nevertheless files this opposition out of an abundance of caution should the Court determine it does retain jurisdiction over the motion or should it reacquire jurisdiction, subject to AccEncyc's right to amend its opposition in light of any relevant developments in the interim.

of its patent infringement claim and that plaintiff failed to establish that it would suffer irreparable harm absent the requested relief. The Court did not reach the issue raised by AccEncyc (and other defendants) as to the appropriateness of the relief sought via the injunction. Plaintiff makes no further argument on that score, but were the Court to conclude an injunction should issue, it would need to address those arguments as presented in the prior briefing.

Plaintiff's motion should be denied for three independent reasons. ***First***, it fails to meet the standard for a motion for reconsideration, which requires a change in the law, new evidence that could not have been submitted at the time of the original motion, or the identification of a "clear error of law or fact" or a "manifest injustice." Plaintiff seeks reconsideration only on the basis of ***additional*** evidence, but not any ***new*** evidence. Everything plaintiff has said and submitted in connection with its motion for reconsideration could easily have been said and submitted prior to the Court's ruling.

***Second***, even if the Court were to consider plaintiff's additional evidence, it would not suffice to change the conclusions the Court reached. In fact, as explained below, any such exercise would only lend further support to the Court's ruling.

***Third***, the request to issue a preliminary injunction is largely moot. AccEncyc is not selling the products at issue, and the only practical effect of issuing the injunction now would be to re-freeze AccEncyc's financial accounts as security

against a potential judgment. All of plaintiff's new protestations about irreparable harm from the sale of infringing products are irrelevant. As a practical matter, the only relief plaintiff's motion seeks is to freeze thousands of dollars of AccEncyc's funds from its ongoing sale of dozens of products that nothing to do with this case – all based on the sale of $550 of allegedly infringing products. There is no basis in law or logic to suppose the lack of such a restraint is currently working or will work any irreparable harm on plaintiff.

## I. Plaintiff's Motion Fails to Meet the Standards for a Motion for Reconsideration.

As plaintiff acknowledges (Dkt. 85 at 3), a motion for reconsideration will be granted only in three limited circumstances: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Howard Hess Dental Labs v. Dentsply International, Inc.*, 602 F.3d 237, 251 (3rd Cir. 2010), *quoted in Jennings by and through Jennings v. Wolf*, 2023 WL 424746 at *4 (M.D. Pa.) (applying this standard in the context of a motion to reconsider a denial of a motion for preliminary injunction)). Plaintiff cites no change in the law, nor any "clear error of law or fact." And while it uses the words "manifest injustice," it fails to make any specific

argument along those lines. The sole basis for plaintiff's motion is its supposedly "new" evidence.

Specifically, plaintiff asks the Court to view and assess five physical exhibits (samples of the plaintiff's and various defendants' hooks), and to consider a new affidavit from the plaintiff's principal regarding the harm it alleges to be suffering without an injunction. All of this evidence could easily have been presented in plaintiff's complaint, its motion for a preliminary injunction, or at the December 19, 2023, hearing on plaintiff's motion. There is certainly nothing new about the hooks, and there is no indication or assertion that any of the statements in Ms. Easlick's affidavit could not have been made well before she executed her "new" declaration on February 13, 2024. Indeed, much of what's in the declaration *was* in the record at the time of the hearing, and, logically, everything she says about irreparable harm was *only* true until plaintiff secured a TRO (on November 20, 2023 (Dkt. 26)) and promptly used it to shut down AccEncyc's Amazon listings for the alleged infringing products. Plaintiff does not – and cannot since it is not true – allege that AccEncyc (the only defendant it is now seeking a new order against) ever resumed or is currently selling the allegedly infringing products.

Plaintiff's only purported justification for presenting this additional evidence to the Court is that it did not have time to submit this evidence in response to AccEncyc's opposition to its motion. (Dkt. 85 at 4) This is rich. Plaintiff had all the

time in the world to prepare and file its voluminous papers with the Court that it submitted on November 20, 2023, including its combined motion for a TRO and a preliminary injunction. (Dkt. 4). Plaintiff served defendants (via e-mail) on November 30, 2023, and thought it made available certain documents on a website (Dkt. 39), the case remained sealed until December 8, 2023 – three days before the Court's previously set deadline of December 11, 2023, for responses to plaintiff's motion.

Several defendants filed an opposition to plaintiff's motion on December 11, 2023. (Dkt. 38) AccEncyc filed its opposition on December 18, 2023, noting the earlier deadline set by the Court and the fact that AccEncyc has only recently been able to retain counsel. (Dkt. 48) This worked no prejudice on plaintiff. AccEncyc's brief of less than four pages of text largely adopted the arguments previously filed by the other defendants, to which plaintiff had had plenty of time to respond. AccEncyc submitted no new evidence in connection with its opposition other than to inform the Court of its sales and frozen assets (which plaintiff already knew from Amazon), and plaintiff has pointed to nothing specific that caught it off guard (other than the fact that it may have been surprised that anyone at all opposed its motion, as this is the exception rather than the rule in this type of case).

In any event, plaintiff made no complaint at the time as to the timeliness of AccEncyc's opposition (nor could it have credibly done so given the abbreviated

5

proceedings to date), nor did it proffer any additional evidence Court during the hearing on December 19, 2023, nor did it seek leave to submit anything after the argument. It was only after the Court's ruling – a month after in fact – that it first complained of not having the opportunity to make its case on the expedited schedule it sought, in secret, from the Court.

Plaintiff asked for, and got, a ***preliminary*** ruling based on a necessarily abbreviated and incomplete record. It is not AccEncyc's fault that it now wishes it had waited longer to pull the trigger and avoid a misfire.

## II.     Plaintiff's Additional Evidence Does Not Warrant Reconsideration.

On the issue of the likelihood of success on the merits, plaintiff does no more than ask the Court to revisit its reasoning and conclusions with the benefit of physical examples of the hooks at issue as opposed to drawings and photographs of them. Its primary contention is that the Court failed to appreciate the "overall" similarity of the products, and that it failed to appreciate that AccEncyc's product copies plaintiffs because it uses what Ms. Easlick claims is a "unique" 90-degree design.

These arguments are not a valid basis for reconsideration. A motion for reconsideration "may not 'ask the Court to rethink what it had already though through – rightly or wrongly.'" *Jarzyna v. Home Properties, L.P.*, 185 F. Supp. 2d 612, 622 (E.D. Pa 2016). This is all the more true in the context of a ruling on a motion for a preliminary injunction, which makes no final determination on the

merits of the case and the issuance of which is entrusted to the Court's sound discretion. *Switzer v. Franklin Investment Corp*, 2022 WL 5247422 at *1 (W.D. Pa. Sept. 7, 2022).

Moreover, this invitation to compare the physical products is inappropriate to the extent it seeks protection of any design or other intellectual property not evident from the face of plaintiff's design patent. As previously noted to the Court: "Design patents have almost no scope. The claim at bar, as in all design cases, is limited to what is shown in the application drawings." *In re Mann*, 861 F.3d 1581, 1582 (Fed. Cir. 1988). It is axiomatic that the patent protects what is described in the patent – which is not necessarily the same as whatever plaintiff claims as protected under the patent. Ms. Easlick's personal, and necessarily biased, views as to the originality of her design and the similarity of other designs, are irrelevant.

Even so, examining the products at issue – Exhibit A (the Easlick hook) and Exhibit D (the AccEncyc hook) (the other exhibits, not sold or alleged to have been sold by AccEncyc, are irrelevant) – only provides further support for the Court's conclusion that plaintiff failed to show it was likely to success on the merits of its infringement claim, as any reasonable observer of the two hooks side-by-side can see their dissimilarity, whether considered "overall" or (as is both logically appropriate and necessary) based on the numerous differences between the hooks.

Specifically, the Court will note:

- Ex. D is larger than Ex. A;

- Ex. D is of a thicker gauge than Ex. A;

- Ex. D has a different finish than Ex. A;

- Ex. A has two different "hooks"; one is more open and rounded, the other a distinctly different "U" shape with straight arms; whereas Ex. D has two similar openings that are largely curved but terminate with a straight side;

- While not immediately apparent if one does not try to put these hooks on a rod, Ex. A has a definitive "top" and "bottom" – only the more open loop is meant to be used on the rod, and the more closed loop used to hang the item; Ex. D can be hung either way;

- Ex. A has a distinct angled middle section (conveniently obscured by the exhibit label on the set provided to AccEncyc – the Court may wish to remove any labels for a better view) that is very different from the connecting portion of Ex. D;

- Because of these two different middle portions, the top and bottom portions of Ex. A are not only offset at 90 degrees, but also to the mid-point of the other; the two hooks of Ex. D are offset to the sides of each other;

- Ex. A has a flange on the top hook that is entirely lacking on Ex. D;

- Ex. A has a ball-end on the bottom hook that is entirely lacking on Ex. D;

- Ex. D has two plastic caps on the ends that have no equivalent on Ex. A;

The combination of these distinctions, AccEncyc submits, render the two hooks quite distinct from both an elemental and "overall" perspective. They are, on their face, different products with different designs.

Thus, even taking these physical exhibits into account, there is still no compelling evidence in the record that a consumer would consider these hooks to be of the same design or origin. They have a similar function, no doubt, but they are distinctly different executions of the concept of a double-hook hanger. Plaintiff does not own the exclusive right to make and sell double-hook hangers. It has only the exclusive right to make and sell double-hook hangers of a particular design, namely that of Ex. A, which does not include the right to preclude the manufacture and sales of Ex. D.

### III. Plaintiff's Motion Seeks No Meaningful, Permissible Relief.

Despite the Court's decision not to enter a preliminary injunction as to AccEncyc, its products remain off the market. It has neither been listed nor sold its hooks on Amazon since having its product listings taken down by Amazon pursuant to the TRO. AccEncyc further represents to the Court that is has no intention of selling the products in the future (of which it only ever had gross sales of just over $550). It is not AccEncyc's burden to put evidence of the foregoing into the record. It is enough that plaintiff neither claims nor presents evidence of any current or continuing sales by AccEncyc, and thus no current or continuing harm therefore (or any harm since the promulgation of the TRO for that matter).

Given that there are no product sales to enjoin, the sole practical effect of granting plaintiff's request for a preliminary injunction would be to re-freeze

AccEncyc's Amazon account. This would be absurdly unfair and unwarranted even if plaintiff were *certain* to prevail on the merits of its claim. As detailed in the other defendants' opposition to plaintiff's motion for preliminary injunction (Dkt. 38 at 7-10), and as seconded by AccEncyc (Dkt. 48 at 3-5), plaintiff failed (and still fails) to tie any of its general allegations as to the need to freeze assets in patent-infringement cases involving fly-by-night internet scoundrels to any specific allegations against AccEncyc (or any defendant for that matter). There exists no legal basis for an asset restraint, and plaintiff has made no argument or showing, much less a sufficient one, to demonstrate that the equities warrant restraining the entirety of AccEncyc's financial account with Amazon based on the allegation it sold $550 of possibly infringing hooks. (*See* Dkt. 48 at 3-5)

For the reasons set forth above, AccEncyce respectfully requests that the Court deny plaintiff's motion for reconsideration.

February 28, 2024                    /s/ Timothy A. Duffy

Timothy A. Duffy
Law Office of Timothy A. Duffy, P.C.
725 W Orchard Cir
Lake Forest, IL 60045

*Counsel for Defendant AccEncyc US*